UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**RAGINGBULL.COM, LLC**, et al.,<br><br>Defendants. | Case No. 1:20-cv-3538 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER TEMPORARY SEAL**

Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Rule 105(11) of the Local Rules of the District of Maryland, hereby moves this Court to temporarily seal the unredacted documents listed in **Table 1** below, which contain information that may be deemed or designated confidential. The FTC requests the Court hold these documents under seal in order to give Defendants and non-party Stripe, Inc. ("Stripe") an opportunity to be heard. The FTC is filing redacted versions of these documents for the public docket and requests the unredacted versions be held under temporary seal pending a ruling on this motion.

The FTC's Complaint alleges that Defendants, a group of six corporate defendants and three individual defendants, defrauded consumers of more than $137 million by misrepresenting how much money consumers are likely to make using Defendants' online services related to stock and options trading. The FTC seeks a Temporary Restraining Order ("TRO") against Defendants for their deceptive and unlawful conduct in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Restore Online Shoppers Confidence Act

("ROSCA"), 15 U.S.C. § 8404.  The FTC seeks to file unredacted versions of four documents under seal for the reasons explained below.

**TABLE 1: DOCUMENTS FILED UNDER SEAL**

| Document | Document Description | Parties or Non-party with Interest |
|---|---|---|
| PX 27, att. LLLL | Attachment LLLL to Reeve Tyndall Declaration (Documents from Stripe, Inc.) | Stripe (non-party) |
| PX 26 | Expert report of Dr. Russ Wermers | Defendants |
| PX 27, att. IIII | Attachment IIII to Reeve Tyndall Declaration (Documents from Esquire Bank) | Defendants |
| | Memorandum in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, Other Relief, and Order to Show Cause why a Preliminary Injunction Should Not Issue ("TRO Memo") | Defendants |

I. **Reasons For Filing Documents Under Seal**

   A. **Documents for which Non-Party Stripe, Inc. May Assert Confidentiality Interests**

Certain exhibits attached to the FTC's motion for a TRO were obtained pursuant to civil investigate demands issued by the FTC.  On November 24, 2020, the FTC sent letters to the entities that provided this information and notified them, pursuant to 16 C.F.R. § 4.10(g),[1] that the FTC intended to file these documents in federal court.  One recipient of such a letter, Stripe, objected to the disclosure of certain information it had provided to the FTC, asserting that the information is confidential.  The FTC provided a copy of the unredacted version of Plaintiff's Exhibit 27, att. LLLL to Stripe's counsel. In response, Stripe's counsel asserted that certain

---

[1] Section 4.10(g) of Title 16 of the Code of Federal Regulations provides, with respect to certain materials obtained by the FTC through a civil investigative demand, that "[p]rior to disclosure of such material in a proceeding, the submitter will be afforded an opportunity to seek an appropriate protective or *in camera* order."

information in the exhibit was confidential and provided proposed redactions.[2] By filing an unredacted version of this exhibit with the Court under temporary seal, the FTC gives Stripe an opportunity to move to seal the documents and provide an explanation and support regarding Stripe's assertion that the information it has redacted should remain under seal. The FTC is providing counsel for Stripe with notice of today's filing so that if the Court grants this motion, Stripe can timely file papers in support of any arguments that the unredacted version of Plaintiff's Exhibit 27, att. LLLL should remain under seal.

### B. Documents for which Defendants May Assert Confidentiality Interests

Two exhibits attached to the FTC's TRO Motion and referenced therein contain financial information that Defendants may seek to protect from disclosure on the public record. The Expert Report of Dr. Russ Wermers (PX 26), contains information derived from 1099-B forms, which are provided by Defendants' brokerages to summarize their gains and losses for tax purposes. Plaintiff's Exhibit 27, att. IIII is an excerpt from Raging Bull's 2018 corporate tax return, which shows itemized expenses for deduction.

Defendants provided the 1099-B forms to another law enforcement agency, which in turn provided the documents to the FTC. The 1099-B forms are of particular relevance to this case, as they show losses in Raging Bull, Bishop and Bond's stock and options trading accounts. The FTC will contend that these records directly refute Defendants' advertised claims that they are successful traders. The information redacted from the Expert Report of Dr. Russ Wermers (PX 26) and the TRO Memo is the amount of losses reported in these 1099-B forms.

---

[2] Counsel for Stripe has argued that Stripe's redactions seek to protect from public view Stripe's internal risk logs and its correspondence with a merchant bank's risk personnel, and that the redactions address confidential information concerning the factors Stripe or the merchant banks consider in evaluating risk, how risks are evaluated, how risk decisions are made, and who makes these decisions. Counsel for Stripe asserted that if this information is discovered by Stripe's competitors or merchants with ill-intent, it could harm Stripe.

Turning to Plaintiff's Exhibit 27, att. IIII, the information from the 2018 corporate tax return was provided by Defendants to a third-party merchant bank, Esquire Bank, in or around October 2019.  Esquire Bank produced the records to the FTC in August 2020 in response to a civil investigative demand.[3]  Defendants may wish to argue that detailed information regarding the itemized deductions on their corporate tax return should be considered confidential and withheld from the public record.  By initially filing the unredacted versions of the exhibit under seal, the FTC intends to provide them with an opportunity to do so.

The FTC is filing redacted versions of these documents to the public record and seeks leave of the Court to file the unredacted versions of these documents under seal.   The FTC believes the release of this information would ultimately be in the public interest.  Yet, if this tax-related information is filed under seal in the first instance, Defendants will have an opportunity to present grounds for maintaining the seal and preventing disclosure of these records to the public.  The FTC is providing Defendants notice of today's filing and an unredacted copy of the documents so they can timely file papers and move to seal the documents if necessary.

## II.        Alternatives Would Not Be Sufficient

The FTC has considered alternatives to this request that the Court temporarily seal these exhibits and has determined they would not be sufficient.  Each of the documents in question contains information that is relevant and probative in this matter, and that the FTC could not provide to the Court effectively without the full context afforded by the unredacted exhibits.  Despite the agency's interest in ultimately disclosing the redacted material on the public record, this motion was the most expedient and direct way to provide important information to the court

---

[3] Esquire Bank has not asserted confidentiality interests over these records to date.

while permitting interested parties an opportunity to make their own arguments regarding any information that they believe should remain under seal.

### III.  Request for Relief

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests that this Court:

A.  Temporarily seal the above-listed documents.

B.  Order that Stripe and the Defendants file any motions requesting that the Court retain the unredacted documents under seal no later than December 21, 2020.

C.  Order that the documents remain under seal until any such motion is resolved, or until December 22, 2020 if Defendants and Stripe do not file motions to seal.

A proposed order is attached.

Respectfully submitted,

Alden F. Abbott
General Counsel

Dated: December 7, 2020

Colleen Robbins (D. Md. Temp Bar No. 92567)
Sung W. Kim (D. Md. Temp Bar No. 814609)
Gordon Sommers (D. Md. Temp. Bar No. 814431)
Thomas Biesty (D. Md. Temp. Bar No. 814459)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2211; skim6@ftc.gov
(202) 326-2504; gsommers@ftc.gov
(202) 326-3043; tbiesty@ftc.gov
(202) 326-3395 (Facsimile)

*Attorneys for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 7, 2020, I electronically filed the foregoing Motion for Leave to File Documents Under Temporary Seal and attached Proposed Order with the Clerk of the Court using CM/ECF and provided notice and copies of the foregoing to Defendants and to counsel for Stripe Inc. via email.  I further certify that on December 7, 2020, a copy of the foregoing was provided to a process server for hand delivery to Defendants.

*/s/ Colleen Robbins*
Colleen Robbins