## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>        Plaintiff,<br><br>v.<br><br>**RAGINGBULL.COM, LLC**, et al.,<br><br>        Defendants. | Case No. 1:20-cv-03538-GLR |

### JOINT STATUS REPORT OF PARTIES

Pursuant to the Court's order (ECF No. 23) directing the parties to submit a joint status report informing the Court about the status of the case and any requested modifications to the current briefing schedule or to the hearing set for Friday, December 18, 2020, Plaintiff, the Federal Trade Commission ("FTC" or "Commission") and Defendants RagingBull.com, LLC, Sherwood Ventures LLC, Jason Bond LLC, Winston Research Inc., Winston Corp., Jeffrey M. Bishop, Jason Bond f/k/a Jason P. Kowalik, and Kyle W. Dennis ("Defendants"), through their undersigned counsel, submit the following:[1]

### Plaintiff's Status Report to the Court

The FTC notified Defendants of this action by sending the complaint and TRO papers by email to Defendants on December 7 at 7:05 am EDT.  A process server for the FTC has now delivered copies of the summons, complaint, and TRO papers, as well as the signed temporary restraining order ("TRO"), to each of the named Defendants, except Defendant Kyle Dennis.

---

[1] The undersigned counsel for Defendants submitting this joint report do not represent Defendant MFA Holdings Corp.  The FTC has not been contacted by MFA Holdings Corp.'s current counsel, if any.

The process server made several attempts to locate and serve Mr. Dennis at two locations believed to be his personal residences, but has not succeeded.  On December 10, Defendants' counsel agreed to accept service on behalf of Kyle Dennis and his companies, Winston Research Inc. and Winston Corp.

The FTC has taken steps to implement the TRO.  In the course of so doing, the FTC has learned that Defendants wired $2 million from Raging Bull's bank account to beneficiary "Greenberg Traurig IOTA Retainer," on December 7, 2020 at approximately 2:55 pm EDT.  The FTC promptly notified Defendants' counsel of the firm's duties as a third party asset holder (Section VI) and noted that these funds are subject to the asset freeze provision of the TRO (Section V).  Defendants' counsel replied that her firm is "following the provisions of the TRO," although it is not clear how much of the $2 million is being preserved at this time.  The FTC has requested Defendants' counsel to provide a sworn statement setting forth an accounting of Defendants' assets in the firm's possession, as required under Section VI.C of the TRO.

On the afternoon of December 10, Defendants (except MFA Holdings Corp.) filed a motion to stay enforcement or to modify the Court's TRO.  ECF No. 28.  The FTC filed a notice of intent to respond to this motion and advised that it would do so by the end of the day on December 11.  ECF No. 29.[2]  The parties then conferred over a telephone call that evening to discuss the status of this case and the preliminary injunction schedule.  During the call, FTC counsel asked whether Defendants wished to request a modification to the current preliminary injunction briefing or hearing schedule.  Defendants' counsel advised the FTC that their clients did not wish to request a change to the current schedule unless the FTC would agree to negotiate

---

[2] Subsequent to our filing and after our conference call with Defendants, Defendants filed a Notice requesting the FTC file its response by noon on Friday December 11, 2020.  ECF No. 30.  Defendants did not raise this with us on our call, and we respectfully request that we file by the end of the day today.  ECF No. 30.

and modify the terms of the existing TRO.  The FTC advised Defendants' counsel that it would oppose the requested stay and/or modification and therefore planned to proceed under the current preliminary injunction schedule as set by the Court.

Defendants' counsel also inquired whether the FTC would consider accepting a bond in lieu of an asset freeze, but has not specified what the amount of the bond would be nor have Defendants or their counsel provided an accounting at this time of the total assets of the receivership entities (including assets held by third parties such as Greenberg Traurig).  Although the FTC is not theoretically opposed to considering a bond later in the case (e.g., up to the full amount of the Corporate Defendants' assets, but not diminished by any current or potential liabilities owed to third party creditors), the FTC believes that such a provision would be premature at this juncture, since Plaintiff and the Receiver are continuing to locate Defendants' assets and because further discovery is needed to determine the full extent of consumer harm (*i.e.*, the FTC's estimate of consumer harm in just the past three years is over $137 million).[3] Moreover, Defendants have not identified any source of funds that would be used to put up the bond that is not already subject to the TRO asset freeze and asset preservation requirements.  For the same reasons, and because the Receiver's due diligence of the receivership entities' business and finances just started this week, the FTC believes it is premature to modify the TRO.

During the call, Defendants' counsel inquired whether the FTC would agree to voluntarily produce its investigative file before the PI hearing.  FTC counsel noted that the request falls outside the scope of the limited expedited discovery ordered by the Court for purposes of the PI hearing (Section XXV), but that defendants can serve written discovery requests for relevant information during the normal course of discovery in this case.

---

[3] This morning, Defendants' counsel requested a 5 day extension (until Wednesday, December 16) to submit the financial disclosures for each Defendant.  FTC has agreed to the extension.

In light of the foregoing, the FTC does not intend to seek a modification to the current briefing and hearing schedule for the preliminary injunction.

## DEFENDANTS REPORT

Defendants RagingBull.com, LLC ("Raging Bull"), Jeffrey M. Bishop, Jason Bond, Sherwood Ventures, LLC, Jason Bond, LLC, Winston Research Inc., and Winston Corp. and Kyle Dennis (collectively, "Defendants"), by and through undersigned counsel, file their portion of the joint status report ("JSR") and state as follows:

The Parties conferred the evening of December 10, 2020. Those matters discussed relevant to report to the Court included the following.

## Discussion of Defendants 'Motion

During the conference, Plaintiff acknowledged receipt of Defendants 'Motion to Stay Enforcement or Modify Temporary Restraining Order ("Defendants 'Motion"). Plaintiff indicated that it would oppose the motion and had already filed a Notice of Intent to Respond by close of business December 11, 2020[4]. Following the Parties 'conference together, because time is of the essence to attempt to preserve Defendants 'business from irreparable harm, and because Plaintiff has already submitted thousands of pages of materials to the Court in support of its Motion for TRO, Defendants duly filed a response to Plaintiff's Notice respectfully requesting that Plaintiff file its opposition to the relief Defendants request concurrently with this JSR deadline. Defendant inquired whether Plaintiff had given any consideration to stipulated modifications to the entered TRO of the type raised by the Court during the December 9th Status Conference, and Plaintiff said

---

[4] Defendants have since filed a response respectfully requesting that the FTC respond by noon today instead of the close of business. (DKT 30).

that although it might consider a stipulated preliminary injunction it saw no basis for modifying the entered TRO through a stipulation.

### Understanding of Subject Matter Within Scope of the Joint Status Report and Status of Briefing Schedule and Preliminary Hearing Date

Plaintiff inquired as to whether Defendants intend to request an extension of the December 18, 2020 preliminary injunction ("PI") hearing.  Defendants indicated that  this is dependent on whether the Defendants 'Motion is granted, in full or in part, by the Court, or whether Plaintiff would be willing to agree to any delay or change with respect to the TRO in exchange for Defendants 'partial stipulations to significant, broad portions of the TRO.  Defendants indicated that they would like to come to some understanding, if possible, on the TRO with Plaintiff in light of the extreme financial injury being felt by Defendants, but Plaintiff indicated that it did not believe any aspect of the TRO was up for discussion as part of this JSR.  Defendants disagreed and stated their view that the Court welcomed discussion on the TRO, particularly in light of Defendants 'having not been afforded an opportunity to be heard prior to the entry of the TRO. Plaintiff indicated that because the TRO and asset freeze is already in place, there was no reason for the FTC to discuss whether to stipulate to anything different. Thus, out of an abundance of caution, Defendants would keep the current Preliminary Hearing briefing and hearing schedule unless the Court's ruling on Defendants' pending motion warrants postponing that schedule.[5]

### Transmission of Funds to the Undersigned Counsel

Plaintiff stated that it had learned that Raging Bull had transmitted Greenberg Traurig, LLP ("GT") a sum of $2 million prior to the entry into force of the TRO, and asked if the undersigned were complying with the TRO, including holding the funds solely in escrow and not using it to

---

[5] Though not discussed in the meet and confer, it is Defendants' position that the burden of proof at the Preliminary Hearing is still on the FTC.

pay legal fees.[6]  Ms. Bahcall replied for the undersigned counsel that GT is complying with the TRO. Defendants' counsel advised that some of the payment had been applied to old invoices but the remainder is being held in escrow and would not be drawn upon without approval of the Receiver or the Court given the TRO.

### On-Site Inspections by Receiver

The Parties acknowledged the Receiver's appearance at Raging Bull's office in Baltimore, MD on December 10, 2020.  The Parties further discussed the fact that the Receiver intends to enter the premises on December 11, 2020  to copy and mirror image  documents and  hard drives and take other actions to collect documentation.  Defendants inquired as to protocols for ensuring attorney-client privileged information would not be viewed by Plaintiff, and Plaintiff replied that this could be handled in large part by standard FTC procedures including the use of an FTC "taint team" as well as Defendants providing a list of law firm/counsel names and other search terms for reviewing such materials. Defendants reserved their right to object to the FTC's use of a taint team and indicated that perhaps a Court appointed Master should be used, but Defendants did not yet make such a demand.

### Collecting RB Records and Sharing of Evidence for Use in Criminal Matters

In light of the FTC's intent to collect records ahead of the scheduled hearing, Defendants asked the Plaintiff whether it intended to share such information with any law enforcement agencies (if any). Plaintiffs declined to comment. Defendants respectfully submit that if such sharing is to be done without the benefit of any subpoena or search warrant or prior notice, Defendants should be afforded the opportunity to be heard.

---

[6] The FTC advised on December 9, 2020 at 2:36 P.M. of its position with regard to the prior payment to GT.

### Providing Defendants Some Discovery Ahead of the Scheduled Preliminary Injunction Hearing

In light of the pending hearing schedule and the FTC's efforts to immediately collect evidence, Defendants raised the question of whether the FTC would agree to provide some discovery ahead of (and for potential use at) the Preliminary Hearing. Defendants' understanding of the FTC position is that the FTC contends that the TRO does not provide for any early discovery for the Defendants, only the FTC, so the FTC declines to provide any early discovery. Specifically, Defendants asked for a copy of the non-privileged material in the investigative file. The FTC declined.

### Financial Disclosures

Because Defendants 'Motion requests in good faith requests a stay of the TRO,  and given the logistical constraints of the COVID-19 pandemic and the highly time-consuming nature of Defendants 'having to prepare with counsel for the hyper-escalated proceedings schedule, Defendants this morning have asked the FTC for an agreed five- day extension to provide the required financial disclosures.

### Bonding Issue

Plaintiff indicated that they would not consider Defendant's offer in its Motion to post a bond to cover the Corporate Defendant's assets in return for lifting the asset freeze on the Corporate Defendants assets only, where the asset freeze would remain in effect as to the Individual Defendants' assets. Defendants' understanding of the FTC's position is that the TRO is in place and the FTC is unwilling to discuss any modifications.

Respectfully submitted,


Dated:  December 11, 2020


__/s/ Sung W. Kim_____
Colleen Robbins
(D. Md. Temp. Bar No. 92567)
Sung W. Kim
(D. Md. Temp Bar No. 814609)
Gordon Sommers
(D. Md. Temp. Bar No. 814431)
Thomas Biesty
(D. Md. Temp. Bar No. 814459)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2211; skim6@ftc.gov
(202) 326-2504; gsommers@ftc.gov
(202) 326-3043; tbiesty@ftc.gov
(202) 326-3395 (Facsimile)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

RagingBull.com, LLC, Jeffrey M. Bishop,
Jason Bond, Sherwood Ventures, LLC, Jason
Bond, LLC, Winston Research Inc., and
Winston Corp.

By: /s/ David G. Barger____
David G. Barger (DCB# 469095)
Greenberg Traurig LLP
1750 Tysons Blvd.
Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Email: bargerd@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Greenberg Traurig LLP
Suite 1000
Washington DC 20037
Tel: (202) 331- 3100
Email: berga@gtlaw.com
*Pro Hac Vice Pending*

Miriam G. Bahcall
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 476-5135
Email: bahcallm@gtlaw.com
*Pro Hac Vice Pending*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2020, I electronically filed the foregoing with the Clerk of the Court and served counsel of record via CM/ECF, and further notified Defendant MFA Holdings Corp. (c/o Allan Marshall) by email.

/s/  Sung W. Kim
Sung W. Kim
