Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-03538 - GLR |
| | ) | |
| RAGINGBULL.COM, LLC f/k/a | ) | |
| LIGHTHOUSE MEDIA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF SUSAN K. TRAHAN</u>

1.  My name is Susan K. Trahan, I am over the age of 18, competent to execute this Declaration, and have personal knowledge regarding the matters contained herein.

2.  I am General Counsel and Chief Compliance Officer of RagingBull.com, LLC ("Raging Bull") and have been acting in that capacity since approximately September 2019.

3.  On December 7, 2020, Raging Bull learned that the FTC had filed a lawsuit against Raging Bull, Jeffrey Bishop and Jason Bond, among other defendants.

4.  Also on December 7, 2020, Raging Bull learned that the New Hampshire Bureau of Securities Regulation had submitted to the New Hampshire Department of State an Order to Cease and Desist, also naming Raging Bull, Jeffrey Bishop and Jason Bond, among others, as respondents.

5.  I understand that the U.S. District Court for the District of Maryland (the "Court") entered Temporary Restraining Order ("TRO") December 8, 2020, appointing Peter Keith as temporary receiver (the "Temporary Receiver") for Raging Bull.

6.      Since this appointment, Raging Bull has fully cooperated with the Temporary Receiver, providing access to Raging Bull's data and systems, providing its computers for copying, and making its employees available to assist the Temporary Receiver throughout the process.

7.      Within hours of learning of the Court's entry of the TRO on December 8, 2020, Raging Bull began preparing a list of business-critical systems and expenses, including company payroll, that would allow operations to continue pending the preliminary injunction hearing.

8.      On December 14, 2020, Raging Bull spoke with the Temporary Receiver and his counsel. On this call, Raging Bull and the Temporary Receiver discussed Raging Bull's critical systems and the importance of maintaining payroll.

9.      The Temporary Receiver asked Raging Bull to compile a list of core employees needed to keep the company running and to provide information to the Temporary Receiver and the company pending the preliminary injunction hearing. Raging Bull promptly complied with the Temporary Receiver's request.

10.     On December 15, 2020, Raging Bull had to furlough its non-core employees who would not be needed to keep the company running or assist the Temporary Receiver.

11.     On December 16, 2020, Raging Bull spoke with the Temporary Receiver and his counsel. On this call, Raging Bull presented its list of 33 critical employees who were necessary to: (1) the continued, scaled-back operation of the business; (2) provide customer service to current subscribers calling in to the company; (3) assist the Temporary Receiver; and (4) support the company's defense by collecting of information and documents needed in the litigation that are contained in Raging Bull's electronic records and mostly accessible only by those employees.

12.     Also during this December 16th discussion, the Temporary Receiver informed Raging Bull that the FTC wants the entire business of Raging Bull shut down.

13.     The Temporary Receiver, however, indicated that he was considering allowing operations to continue, but that he could not release company funds to pay any employees without the FTC's approval.

14.     As a result, Raging Bull was left with no choice but to pause its operations for 30 days, starting on December 21, 2020.

15.     Upon being told that 33 critical employees is too many, on December 22, 2020, Raging Bull emailed the Temporary Receiver a reduced list of 17 employees (excluding Jeffrey Bishop and Jason Bond) listed as critical personnel needed to provide limited operations support, cooperate with the Temporary Receiver, maintain Raging Bull's current systems and company requirements, and support the company's defense. A true and correct copy of the 12/22/20 Email fr. S. Trahan to P. Keith and M. Saudek is attached hereto as Ex. A.

16.     In a December 23, 2020 email, counsel for the Temporary Receiver requested the removal of 4 employees from Raging Bull's list of 17 employees provided the day before, stating that the "sole purposes of continuing any employees' employment are (i) to ensure the preservation of information and systems; (ii) to provide access by the temporary receiver to information and materials; and (iii) to ensure that the business can remain operational (with no outward-facing operations)" until the preliminary injunction hearing. Counsel for the Temporary Receiver noted that the 13 remaining employees listed as critical "appear to fit into one or more of these three categories." Raging Bull complied with this request to reduce the number to 13 critical employees on the list of employees to be paid. A true and correct copy of the 12/23/20 Email fr. M. Saudek to S. Trahan, and S. Trahan's response, is attached hereto as Ex. B.

17.     On December 24, 2020, the Temporary Receiver's counsel sent an email to Raging Bull with a draft consent motion for leave to pay expenses, which included paying the 13

employees. In the December 24 email, counsel for the Temporary Receiver noted that the Temporary Receiver viewed the draft consent motion as "a reasonable request of the Court" and that the FTC had indicated its "tentative consent" to the list. The Temporary Receiver's draft consent motion included payment of expenses and compensation to the 13 employees to accomplish two distinct purposes: (1) to assist the Temporary Receiver in his investigation of the company; and (2) to provide the minimum support necessary for Raging Bull to continue its existence as a potentially viable ongoing business. The Temporary Receiver's draft consent motion further acknowledged that Section XIV.D of the TRO "directs the Temporary Receiver to prevent the loss of all assets of the Receivership Entities, and the continued corporate existence of RagingBull.com, LLC is itself an asset that may warrant preservation." The Temporary Receiver's draft consent motion further stated: "In Mr. Keith's view, making the requested payments to ensure the continued existence of the company is necessary to effectuate the terms of the Temporary Restraining Order." A true and correct copy of the 12/24/20 Email fr. M. Saudek to S. Trahan, and the attached draft Consent Motion, is attached hereto as Ex. C.

18.    On December 28, 2020, counsel for the Temporary Receiver informed Raging Bull that the FTC would not consent to the motion. Specifically, the Temporary Receiver's counsel sent an email to outside counsel for Raging Bull that the "FTC presently is not in a position to consent to the full amount of the requested expenses," and that "[t]he FTC expressed concerns that the proposed expenses are not necessary for preserving information or providing the temporary receiver access to information." The Temporary Receiver's counsel further stated that "[a]s to employees, the FTC notes that every employee has an obligation to cooperate fully with the temporary receiver, regardless of employment status." With respect to defense costs, the Temporary Receiver's counsel informed Raging Bull that "[t]he owners of Raging Bull may, of

course, seek relief from the preservation of assets provision of the temporary restraining order, if they believe the proposed expenses are helpful to their legal defense." A true and correct copy of the 12/28/20 Email fr. M. Saudek to M. Bahcall is attached hereto as Ex. D.

19.     On December 30, the Temporary Receiver's counsel sent an email to Raging Bull that included a revised list of critical expenses and employees, now listing only six employees who would receive some compensation from the company's assets. The Temporary Receiver's counsel explained the roles of these six employees as being limited "adequately support[ing] the Temporary Receiver, so he can satisfy his obligations to the Court, including completing his analysis and report." The Temporary Receiver's counsel further noted that based on his "[r]eview of defendants' financial disclosures and the company's finances … [t]he individual defendants may, of course, move the Court for leave to apply those assets for legal defense or employment of any individuals." A true and correct copy of the 12/30/20 Email fr. M. Saudek to S. Trahan et al. is attached hereto as Ex. E.

20.     Raging Bull has identified the following employees, with their respective positions and salaries, who are not included in the list of six employees to which the parties consented to pay (as stated in Paragraph 18 above) and who are critical in identifying, collect and providing to the legal defense team company information from its data repositories that is required to respond to the allegations in the FTC and New Hampshire Actions:

| Name | Department | Wage Dec 1 – Feb 5th | 9% Estimated Taxes | Total |
|---|---|---|---|---|
| XXXXXX | Accounting | $11,800.60 | $1,062.05 | $12,862.66 |
| XXXXXX | Analytics | $13,333.34 | $1,200.00 | $14,533.34 |
| XXXXXX | Legal & Compliance | $16,666.66 | $1,500.00 | $18,166.66 |
| XXXXXX | Marketing Evidence Support | $25,000.00 | $2,250.00 | $27,250.00 |
| XXXXXX | Marketing Evidence Support | $25,000.00 | $2,250.00 | $27,250.00 |
| XXXXXX | Marketing Evidence Support | $33,600.00 | $3,024.00 | $36,624.00 |
|  | Total | $125,400.60 | $11,286.05 | $136,686.66 |

21.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Executed on January 5, 2021

Susan K. Trahan
General Counsel

Exhibit A

 **RagingBull**

Susan Trahan <susan@ragingbull.com>

## Updated Crucial Personnel List

1 message

**Susan Trahan** <susan@ragingbull.com>                                     Tue, Dec 22, 2020 at 10:48 AM
To: Peter Keith <pkeith@gejlaw.com>, "Mark S. Saudek" <msaudek@gejlaw.com>
Cc: Martin Saunders <martin.saunders@ragingbull.com>, Mimi Bahcall <bahcallm@gtlaw.com>, "Charlotte D. Hoffman" <choffman@gejlaw.com>

Peter and Mark,
Attached please find an updated list of crucial personnel that we would like in place to maintain current systems/company requirements and support litigation/discovery.
Per our conversation on Friday, we removed the customer service representatives that would have handled subscriber inquiries.

We look forward to hearing your thoughts.

Best Regards,
Susan


--
Susan K Trahan
RagingBull.com, LLC
General Counsel & Chief Compliance Officer

---

📎 **Critical Systems Payroll 12.22.2020.pdf**
    1460K

December 22, 2020

Source:
TriNet Census
Rpt

RagingBull Employees Wages Dec 1 - Jan 15th

| Department/Name | 1 Mo Wage | Dec 1 - Jan 15th | Critical? | Wage | 9% estimated Tax<br>Taxes Estimated | RagingBull Obligation<br>Taxes Estimated | Benefits | Total |
|---|---|---|---|---|---|---|---|---|
| Accounting | $5,416.67 | $8,125.01 | Yes | $8,125.01 | 9% | $731.25 | 300 | $9,156.26 |
| Accounting | $6,933.33 | $10,400.00 | Yes | $10,400.00 | 9% | $936.00 | 300 | $11,635.99 |
| Baltimore Engineers | $5,333.33 | $8,000.00 | yes | $8,000.00 | 9% | $900.00 | 300 | $9,200.00 |
| Analytics - Evidence Support R8 | $6,666.67 | $10,000.01 | Yes | $10,000.01 | 9% | $900.00 | 300 | $11,200.01 |
| Baltimore Engineers | $7,490.00 | $11,235.00 | yes | $11,235.00 | 9% | $900.00 | 300 | $12,435.00 |
| Legal and Compliance | $8,333.33 | $12,500.00 | Yes | $12,500.00 | 9% | $1,125.00 | 300 | $13,924.99 |
| Customer Support - Systems & Support | $6,250.00 | $9,375.00 | Yes | $9,375.00 | 9% | $843.75 | 300 | $10,518.75 |
| Executive Management - COO - Coordinate Ops | $2,964.00 | $4,446.00 | Yes | $4,446.00 | 9% | $400.14 | 300 | $5,146.14 |
| Executive Management - CTO - support all systems | $20,000.00 | $30,000.00 | Yes | $30,000.00 | 9% | $2,700.00 | 300 | $33,000.00 |
| Executive Management - Systems Data/CS System Suppo | $6,250.00 | $9,375.00 | Yes | $9,375.00 | 9% | $843.75 | 300 | $10,518.75 |
| Finance & HR | $20,833.33 | $31,250.00 | Yes | $31,250.00 | 9% | $2,812.50 | 300 | $34,362.49 |
| Human Resources | $4,000.00 | $6,000.00 | Yes | $6,000.00 | 9% | $540.00 | 300 | $6,840.00 |
| Legal and Compliance | $14,166.67 | $21,250.01 | Yes | $21,250.01 | 9% | $1,912.50 | 300 | $23,462.51 |
| Marketing - Evidence Support Kyle | $12,500.00 | $18,750.00 | Yes | $18,750.00 | 9% | $1,687.50 | 300 | $20,737.50 |
| Marketing - Evidence Support Jeff | $12,500.00 | $18,750.00 | Yes | $18,750.00 | 9% | $1,687.50 | 300 | $20,737.50 |
| Marketing - Evidence Support Jason | $16,800.00 | $25,200.00 | Yes | $25,200.00 | 9% | $2,268.00 | 300 | $27,768.00 |
| Marketing - Evidence Support R8 | $15,000.00 | $22,500.00 | Yes | $22,500.00 | 9% | $2,025.00 | 300 | $24,825.00 |
| Owner | $0.00 | $0.00 | Yes | $0.00 | 9% | $0.00 | 300 | |
| Owner | $0.00 | $0.00 | Yes | $0.00 | 9% | $0.00 | 300 | |
| Owner | $0.00 | $0.00 | Yes | $0.00 | 9% | $0.00 | 300 | |
| **Grand Total** | | | | **$348,493.98** | | **$31,433.51** | **$8,700.00** | **$388,627.29** |

1

Exhibit B

 **RagingBull**                                            Susan Trahan <susan@ragingbull.com>

---

## Re: [EXTERNAL] Fwd: Updated Crucial Personnel List
1 message

**Susan Trahan** <susan@ragingbull.com>                                    Wed, Dec 23, 2020 at 9:27 PM
To: "Mark S. Saudek" <msaudek@gejlaw.com>
Cc: Mimi Bahcall <bahcallm@gtlaw.com>, Peter Keith <pkeith@gejlaw.com>

Thank you Mark and Peter,
Mimi and I have discussed and I understand the decision and appreciate the outcome for the 13 individuals.

Best Regards,
Susan


On Wed, Dec 23, 2020 at 9:21 PM Mark S. Saudek <msaudek@gejlaw.com> wrote:

Susan,


Thank you for forwarding this.  As we have discussed, Peter will not approve releasing receivership funds to employ the four Marketing-Evidence Support personnel.  The sole purposes of continuing any employees' employment are (i) to ensure the preservation of key information and systems; (ii) to provide access by the temporary receiver to information and materials; and (iii) to ensure that the business can remain operational (with no outward-facing operations) until January 13, 2021.  The four marketing staff are not, in Peter's view, needed for these purposes.  We discussed this, and I believe Peter was clear.  If you would like to talk this evening, please call my cell: 443/765-4733.  Peter believes, based on representations by the company, that the remaining thirteen employees appear to fit into one or more of these three categories.


Of course, this (including Peter's determination) is not final until all parties have signed off on a consent motion.  We appreciate your cooperation.


Thank you.


-- Mark


**From:** Susan Trahan <susan@ragingbull.com>
**Sent:** Wednesday, December 23, 2020 8:35 PM
**To:** Peter Keith <pkeith@gejlaw.com>; Mark S. Saudek <msaudek@gejlaw.com>
**Cc:** Mimi Bahcall <bahcallm@gtlaw.com>
**Subject:** [EXTERNAL] Fwd: Updated Crucial Personnel List


All,

Per Mimi's request, I am recirculating the email from yesterday regarding the revised payroll list.


Best Regards,

Susan


**Mark S. Saudek**

TEL: 410 347 1365 / CELL: 443 765 4733 / FAX: 410 468 2786

218 N Charles Street, Suite 400, Baltimore, MD 21201

msaudek@gejlaw.com



# GALLAGHER
GALLAGHER EVELIUS JONES

This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.

---------- Forwarded message ---------
From: **Susan Trahan** <susan@ragingbull.com>
Date: Tue, Dec 22, 2020 at 10:48 AM
Subject: Updated Crucial Personnel List
To: Peter Keith <pkeith@gejlaw.com>, Mark S. Saudek <msaudek@gejlaw.com>
Cc: Martin Saunders <martin.saunders@ragingbull.com>, Mimi Bahcall <bahcallm@gtlaw.com>, Charlotte D. Hoffman <choffman@gejlaw.com>

Peter and Mark,

Attached please find an updated list of crucial personnel that we would like in place to maintain current systems/company requirements and support litigation/discovery.

Per our conversation on Friday, we removed the customer service representatives that would have handled subscriber inquiries.

We look forward to hearing your thoughts.

Best Regards,

Susan

--

Susan K Trahan

RagingBull.com, LLC

General Counsel & Chief Compliance Officer

--

Susan K Trahan

RagingBull.com, LLC

General Counsel & Chief Compliance Officer

--
Susan K Trahan
RagingBull.com, LLC
General Counsel & Chief Compliance Officer

Exhibit C

 **RagingBull**

**Susan Trahan <susan@ragingbull.com>**

## FTC v. RagingBull.com - DRAFT Consent Motion for Leave to Pay Expenses
1 message

**Mark S. Saudek** <msaudek@gejlaw.com>
To: Mimi Bahcall <bahcallm@gtlaw.com>, Susan Trahan <susan@ragingbull.com>
Cc: Peter Keith <pkeith@gejlaw.com>, "Meghan K. Casey" <mcasey@gejlaw.com>

Thu, Dec 24, 2020 at 1:31 PM

Mimi and Susan,


Attached for your review and consideration is a draft motion for leave to pay expenses, as we discussed. The exhibit is the two pages of the attached Excel spreadsheet. Implicit in this request, but explicit between Peter and your clients, is that all people whose salary will be paid will be expected to be responsive to requests for information and assistance by the Temporary Receiver. While the Temporary Receiver does not intend to direct any employee's full time work, he will require each employee's cooperation at various times. Please confirm that this is your understanding, as well, and that you will inform the employees of this requirement.


As you know, nothing is final until it is final. The Temporary Receiver presently is of the view that this is a reasonable request of the Court. But it is not the only potentially reasonable request of the Court. Further discussions before filing could alter the Temporary Receiver's view. The FTC has indicated its tentative consent, but it has not been presented with the draft motion or a detail of the full expenses yet. The FTC could object to some, or even all expenses.


While nothing is final, we consider this a positive step. We look forward to your comments. Once we have your clients' consent, we will send these materials to all counsel to seek the consent of the other parties. We very much would like to file this no later than Monday morning.


I have copied on this email my partner Meghan Casey, who is working with me in representing the temporary receiver. Thank you for your cooperation.


-- Mark


**Mark S. Saudek**

TEL: 410 347 1365 / CELL: 443 765 4733 / FAX: 410 468 2786

218 N Charles Street, Suite 400, Baltimore, MD 21201

msaudek@gejlaw.com

 GALLAGHER
GALLAGHER EVELIUS & JONES

This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.


  2 attachments

  📄 **DOCS-#726111-v2-Consent_Motion_for_Leave_to_Pay_Expenses.DOCX**
     21K

  📄 **DOCS-#726120-v1-Critical_Systems_&_Payroll_Spreadsheet_for_Exhibit_to_Consent_Motion.XLSX**
     31K

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | |
| Plaintiff, | * | |
| v. | * | Case No. GLR-20-3538 |
| RAGINGBULL.COM, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT MOTION FOR LEAVE
TO PAY SPECIFIED EXPENSES**

Temporary Receiver Peter E. Keith, with the consent of all the parties, respectfully seeks leave of the Court to pay the expenses of RagingBull.com, LLC which are enumerated in the schedule attached as Exhibit 1.  The schedule includes payments of wages and benefits to thirteen employees, as well as payments to vendors that support the company's information systems.  The expenses total $331,158.13 and are reasonable and necessary to preserve information and materials of defendants for purposes of litigation and potential business continuity; to provide the Temporary Receiver efficient access to Defendants' information and materials; and to ensure the continued potential viability of the corporate Defendants, in the absence of any outward-facing operations through January 15, 2021.  All parties consent to the relief requested in this Motion.

Section XIV.G. of the Court's December 8, 2020 Temporary Restraining Order [ECF 21] authorizes the Temporary Receiver to make payments from the receivership estate that are "necessary or advisable" for carrying out the Temporary Receiver's

obligations under the Order.  Mr. Keith believes that payment of the expenses listed in Exhibit 1 is necessary and advisable and therefore appropriate under the Temporary Restraining Order.

First, payment of the employee and vendor expenses listed in Exhibit 1 is critical to the Temporary Receiver's investigation of the business operations of RagingBull.com and the other Receivership Entities.  Mr. Keith must investigate and report to the Court on whether, in his judgment, the Receivership Entities can be operated legally and profitably.  That investigation requires preservation of and timely access to key Raging Bull systems, as well as assistance from key Raging Bull personnel.  Mr. Keith has determined that payments to the vendors and employees listed in Exhibit 1 will serve to ensure the preservation of key systems and information and facilitate the Temporary Receiver's access to that information.   The defendants have represented that Raging Bull has ceased all consumer-facing operations, including all marketing, sales, and customer service activities, and none of the employees listed in Exhibit 1 will perform any of those functions.  Many of the listed employees already have been responding to information requests from the Temporary Receiver.  Mr. Keith believes that the retention of their services until at least such time as the Court hears the Federal Trade Commission's request for a preliminary injunction is a necessary and advisable use of receivership funds.

Second, Raging Bull has represented that payment of the invoices and payroll expenses listed in Exhibit 1 is necessary to Raging Bull's continued existence. Defendants have represented that the enumerated expenses provide the minimum

726111

support necessary for Raging Bull to continue its existence as a potentially viable ongoing enterprise, without consumer-facing operations, through January 13, 2021. Section XIV.D. of the Temporary Restraining Order [ECF 21] directs the Temporary Receiver to prevent the loss of all assets of the Receivership Entities, and the continued corporate existence of RagingBull.com, LLC is itself an asset that may warrant preservation.  The payments listed in Exhibit 1 will preserve the potential viability of Raging Bull, at least until the request for a preliminary injunction is heard by the Court.  In Mr. Keith's view, making the requested payments to ensure the continued existence of the company is necessary to effectuate the terms of the Temporary Restraining Order.

The Federal Trade Commission and all defendants have consented to the relief requested by this Motion, and the Temporary Receiver respectfully requests that the Court grant the Temporary Receiver leave to make disbursements from the receivership estate to pay the $331,158.13 in expenses listed in Exhibit 1.

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

        */s/ Mark S. Saudek*
Mark S. Saudek (Fed. Bar # 23963)
Meghan K. Casey (Fed. Bar # 28958)
218 North Charles Street, Suite 400
Baltimore, MD 21201
(410) 727-7702
msaudek@gejlaw.com
mcasey@gejlaw.com

*Attorneys for Temporary Receiver*
Date: December 26, 2020                 *Peter E. Keith*

726111

| Department/Position | First | Last | RagingBull Employee Wages, through January 15, 2021 — Dec 1 - Jan 15th Wages | Taxes Estimated | Taxes Estimated | Benefits | Total |
|---|---|---|---|---|---|---|---|
| Accounting | | | $8,125.01 | 9% | $731.25 | $300.00 | $9,156.26 |
| Accounting | | | $10,400.00 | 9% | $936.00 | $300.00 | $11,635.99 |
| Analytics | | | $10,000.01 | 9% | $900.00 | $300.00 | $11,200.01 |
| IT - Engineer | | | $8,000.00 | 9% | $720.00 | $300.00 | $9,019.99 |
| IT - Engineer | | | $11,235.00 | 9% | $1,011.15 | $300.00 | $12,546.15 |
| Systems & Support | | | $9,375.00 | 9% | $843.75 | $300.00 | $10,518.75 |
| Chief Operating Officer | | | $4,446.00 | 9% | $400.14 | $300.00 | $5,146.14 |
| Chief Technology Officer | | | $30,000.00 | 9% | $2,700.00 | $300.00 | $33,000.00 |
| Systems Data/CS System Support | | | $9,375.00 | 9% | $843.75 | $300.00 | $10,518.75 |
| Finance & HR | | | $31,250.00 | 9% | $2,812.50 | $300.00 | $34,362.49 |
| Human Resources | | | $6,000.00 | 9% | $540.00 | $300.00 | $6,840.00 |
| Legal and Compliance | | | $12,500.00 | 9% | $1,125.00 | $300.00 | $13,924.99 |
| Legal and Compliance | | | $21,250.01 | 9% | $1,912.50 | $300.00 | $23,462.51 |
| Owner | | | $0.00 | 9% | $0.00 | $300.00 | $300.00 |
| Owner | | | $0.00 | 9% | $0.00 | $300.00 | $300.00 |
| **Total** | | | **$171,956.00** | | **$15,476.04** | **$4,500.00** | **$191,932.03** |

# RagingBull Vendor Expenses, through January 15, 2021

**All are estimates based upon available information

| Vendor | Invoice Period | Amt. Due | Billing Cycle | Est. - for use to Jan 13th | Total | Description |
|---|---|---|---|---|---|---|
| | Outstanding/Coming Due | | Budget Estimate | | | |
| Rackspace amazon servers Dash | 12/01/2020-12/31/2020 | $12,000.00 | 01/01/2021 - 01/31/2021 | $12,000.00 | $24,000.00 | Data Retention & Content Delivery - (Monthly payment required) |
| Infusionsoft CRM | 12/01/2020-12/31/2020 | $8,098.50 | 01/01/2021 - 01/31/2021 | $4,049.25 | $12,147.75 | Data Retention & Content Delivery (per user charge varies, est for month) |
| Sendgrid paid email | | | 01/02/2021 - 02/01/2021 | $4,300.00 | $4,300.00 | Data Retention & Content Delivery for communication with subscribers (Monthly Recurring - Varying Costs) |
| PhoenxNap webinar and bullpen | | | 12/18/2020 - 01/18/2021 | $1,743.10 | $1,743.10 | Data Retention (Invoiced Monthly) |
| G Suite group email and files | | | 1/30/2021 Est. | | $0.00 | Bal $8K prepaid, $4K run rate, Customer Service - Data Retention - Claims - Accounting Information |
| Nobel Biz (Telephone) | 12/01/2020-12/31/2020 | $800.00 | 01/01/2021 - 01/31/2021 | $800.00 | $1,600.00 | Customer Service lines (Varying Costs) |
| Zendesk | 12/01/2020-12/31/2020 | $1,770.00 | 01/01/2021 - 01/31/2021 | $1,770.00 | $3,540.00 | Customer Service Platform (Monthly Recurring) |
| Slack | 12/10/2020-01/10/2021* | $1,980.75 | 01/10/2021 - 02/10/2021 | $1,981.00 | $3,961.75 | Maintain Data & Internal Communication (Varying Costs / Monthly Recurring) - Charge to CC rejected 12/17 |
| Godaddy domains | 12/01/2020-12/31/2020 | $1,200.00 | 01/01/2021 - 01/31/2021 | $1,200.00 | $2,400.00 | Domain names, website redirect (Varying Charges - Est. Monthly Cost) |
| Quickbooks Online | | | 01/03/2021 - 02/03/2021 | $150.00 | $150.00 | Historical records of accounting information (Monthly Recurring) |
| Atlassian - Jira | 12/17/2020-01/16/2021 | $1,770.00 | 01/17/2021 - 02/16/2021 | $1,770.00 | $3,540.00 | Data retention and information of records (Varying Costs) |
| MD - Mccormick Lease | 12/01/2020-12/31/2020 | $510.00 | 01/01/2021 - 01/31/2021 | $9,801.25 | $9,801.25 | Lease office space, Hunt Valley, MD (Monthly Recurring) |
| MD - Verizon bill | 12/01/2020-12/31/2020 | $510.00 | 01/01/2021 - 01/31/2021 | $510.00 | $1,020.00 | Office Utilities (Internet - Pell - Reyna - MD Office) Monthly Recurring |
| CSC Legal Renewals | 12/8/2020-12/11/2020* | $3,437.79 | | $0.00 | $3,437.79 | Legal registrations currently past due |
| Zoho.com | 12/10/2020-01/10/2020* | $519.00 | | $0.00 | $519.00 | Customer Service determination of refunds, for data retention and analys (Monthly Recurring) |
| | | | | Total | $72,160.64 | |
| Trinet Invoice | 12/01/2020-12/30/2020 | $54,745.46 | | $320.00 | $55,065.46 | Employee Benefits Coverage for Dec 2020 |
| Graham Solutions | 12/01/20-12/15/20 | $46,924.03 | 12/16/20-01/15/21 | $12,000.00 | $12,000.00 | IT, Critical Web Maintence, and Content Delivery, Est at $75/hour. |
| | | | | Total | $139,226.10 | |

Exhibit D

**From:** Mark S. Saudek <msaudek@gejlaw.com>
**Sent:** Monday, December 28, 2020 12:01 PM
**To:** Bahcall, Miriam G. (Shld-Chi-LT) <bahcallm@gtlaw.com>
**Subject:** RE: FTC v. Raging Bull, et al - Financial Disclosures

Mimi,

The FTC presently is not in a position to consent to the full amount of the requested expenses.  The FTC expressed concerns that the proposed expenses are not necessary for preserving information or providing the temporary receiver access to information.  I am going to speak with the FTC's IT staff this afternoon to address what proposed vendor expenses and employment expenses the FTC believes are not necessary for the preservation of and access to information.

As to employees, the FTC notes that every employee has an obligation to cooperate fully with the temporary receiver, regardless of employment status.  The additional benefit of each employment position over the next several weeks will require justification, in terms of preserving information, providing the temporary receiver access to information, and assisting the temporary receiver in identifying receivership assets.

The owners of Raging Bull may, of course, seek relief from the preservation of assets provision of the temporary restraining order, if they believe the proposed expenses are helpful to their legal defense.

We will continue to work with all parties to determine whether a level of expenses, including compensation to individuals, can be agreed upon.  We believe consent to the expenses will benefit all parties.  My meeting with the FTC's IT staff should be helpful in this regard.

Should you seek to discuss this matter directly with the FTC, the temporary receiver will be glad to join that call, if it would be helpful.

-- Mark


**Mark S. Saudek**
TEL: 410 347 1365 / CELL: 443 765 4733 / FAX: 410 468 2786
218 N Charles Street, Suite 400, Baltimore, MD 21201
msaudek@gejlaw.com



This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.

---

**From:** bahcallm@gtlaw.com <bahcallm@gtlaw.com>
**Sent:** Monday, December 28, 2020 11:45 AM
**To:** Mark S. Saudek <msaudek@gejlaw.com>
**Cc:** bargerd@gtlaw.com; berga@gtlaw.com; repkingd@gtlaw.com
**Subject:** [EXTERNAL] RE: FTC v. Raging Bull, et al - Financial Disclosures

Mark, I hope you had a nice holiday weekend.

We produced by secure transfer the financial disclosures for our clients  to the FTC last week.  I am copying my associate D. Repking who handled this and can work with your office as well.

Also, can you give me the status of the motion to pay critical employees that you circulated last week?  I know you were hoping to file it today.

Thanks,

Mimi


**Miriam G. Bahcall**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.476.5135  |  F +1 312.899.0437
bahcallm@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

**From:** Mark S. Saudek <msaudek@gejlaw.com>
**Sent:** Monday, December 28, 2020 9:49 AM
**To:** Rothman, Ari N. <ANRothman@venable.com>; jshaw@bsfllp.com; smariella@bsfllp.com; jzach@bsfllp.com; brian@levinlawpa.com; Doran, Brett M. (Shld-Chi-LT) <doranb@gtlaw.com>; mlschwartz@bsfllp.com; Berg, Andrew (Shld-DC-LT) <berga@gtlaw.com>; Barger, David G. (Shld-NVA-LT) <bargerd@gtlaw.com>; Bahcall, Miriam G. (Shld-Chi-LT) <bahcallm@gtlaw.com>; Abernethy, Darren (OfCnl-SFO-IP-Tech) <abernethyd@gtlaw.com>

**Cc:** phsue@ftc.gov; Meghan K. Casey <mcasey@gejlaw.com>; skim6@ftc.gov; CROBBINS@ftc.gov; tbiesty@ftc.gov; gsommers@ftc.gov; ctodaro@ftc.gov; Peter Keith <pkeith@gejlaw.com>
**Subject:** FTC v. Raging Bull, et al - Financial Disclosures

**\*EXTERNAL TO GT\***

Counsel,

To date, the Temporary Receiver has not received financial disclosures from any defendant.  We understand that the FTC may have consented to extensions for delivery.  As required by Section VII of the December 8, 2020 temporary restraining order [ECF 21], we ask that defendants deliver to the temporary receiver a copy of all financial disclosures that have been prepared.  We also ask that all future disclosures be delivered to the temporary receiver when delivered to the FTC.

Thank you.

-- Mark


**Mark S. Saudek**
TEL: 410 347 1365 / CELL: 443 765 4733 / FAX: 410 468 2786
218 N Charles Street, Suite 400, Baltimore, MD 21201
msaudek@gejlaw.com



This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

Exhibit E

**From:** Mark S. Saudek <msaudek@gejlaw.com>
**Sent:** Wednesday, December 30, 2020 12:53 PM
**To:** Bahcall, Miriam G. (Shld-Chi-LT) <bahcallm@gtlaw.com>; Barger, David G. (Shld-NVA-LT) <bargerd@gtlaw.com>; Susan Trahan <susan@ragingbull.com>
**Subject:** FTC v. Raging Bull - Critical Systems & Payroll Spreadsheet

**\*EXTERNAL TO GT\***

Counsel,

After discussions with representatives of Raging Bull, review of defendants' financial disclosures, further investigation, and discussions with parties to the suit, we have revised the critical systems and payroll spreadsheet.  We believe these expenses approximate those that would adequately support the Temporary Receiver, so he can satisfy his obligations to the Court, including completing his analysis and report.

I understand that some of the vendor expenses are subject to change and may well be lower than initially predicted.  The payroll expenses are narrower than initially proposed.  Each of the proposed employees on the current list is expected to provide important support to the Temporary Receiver over the next several weeks.

We understand, of course, the hardship that loss of employment imposes.  We hope that some certainty on payment of salaries may assist present and former employees with planning.  Review of defendants' financial disclosures and the company's finances demonstrate that substantial assets have been transferred to the individual defendants and Raging Bull staff members.  The individual defendants may, of course, move the Court for leave to apply those assets for legal defense or employment of any individuals.

In the interest of time, I am forwarding this spreadsheet to the FTC at the same time I am sending it to you.  The FTC has not reviewed or consented to the attached proposed expenses.

Please let me know your thoughts.

Thank you.

-- Mark

**Mark S. Saudek**
TEL: 410 347 1365 / CELL: 443 765 4733 / FAX: 410 468 2786
218 N Charles Street, Suite 400, Baltimore, MD 21201
msaudek@gejlaw.com



This email transmission may contain CONFIDENTIAL and PRIVILEGED information. If you are not the intended recipient, please notify the sender by email, do not disseminate and delete immediately.

**RagingBull Vendor Expenses, through January 15, 2021**

** All are estimates based upon available information

| Vendor | Outstanding/Coming Due | | Budget Estimate | | | Description |
|---|---|---|---|---|---|---|
| | Invoice Period | Amt. Due | Billing Cycle | Est. - for use to Jan 15th | Total | |
| Rackspace amazon servers Dash | 12/01/2020-12/31/2020 | $12,000.00 | 01/01/2021 - 01/31/2021 | $12,000.00 | $24,000.00 | Data Retention & Content Delivery - (Monthly payment required) |
| Infusionsoft_CRM | 12/01/2020-12/31/2020 | $8,098.50 | 01/01/2021- 01/31/2021 | $4,049.25 | $5,000.00 | Data Retention & Content Delivery [per user charge varies, est for month] |
| Sendgrid paid email | | | 01/02/2021 - 02/01/2021 | $4,300.00 | $1,000.00 | Data Retention & Content Delivery for communication with subscribers (Monthly Recurring - Varying Costs) |
| Phoenixnap webinar and bullpen | | | 12/18/2020 - 01/18/2021 | $1,743.10 | $1,743.10 | Data Retention (Invoiced Monthly) |
| Zendesk | 12/01/2020-12/31/2020 | $1,710.00 | 01/01/2021- 01/31/2021 | $1,710.00 | $0.00 | Customer Service Platform (Monthly Recurring) |
| Slack | 12/10/20-01/10/2021* | $1,980.75 | 01/10/2021 - 02/10/2021 | $1,981.00 | $0.00 | Maintain Data & Internal Communication (Varying Costs / Monthly Recurring) - Charge to CC rejected 12/17 |
| Godaddy domains | 12/01/2020-12/31/2020 | $1,200.00 | 01/01/2021 - 01/31/2021 | $1,200.00 | $0.00 | Domain names, website redirect (Varying Charges - Est. Monthly Cost) |
| Quickbooks Online | | | 01/03/2021 - 02/03/2021 | $150.00 | $150.00 | Historical records of accounting information (Monthly Recurring) |
| MD - Mccormick Lease | | | 01/01/2021 - 01/31/2021 | $9,801.25 | $9,801.25 | Lease office space, Hunt Valley, MD (Monthly Recurring) |
| MD - Verizon bill | 12/01/2020-12/31/2020 | $510.00 | 01/01/2021 - 01/31/2021 | $510.00 | $1,020.00 | Office Utilities (Internet - Peli - Reyna - MD Office) Monthly Recurring |
| CSC Legal Renewals | 12/8/2020-12/11/2020* | $3,437.79 | | $0.00 | $3,437.79 | Legal documents currently past due |
| Zoho.com | 12/10/2020-01/10/2020* | $519.00 | | $0.00 | $519.00 | Customer Service determination of refunds for data retention and analysis (Monthly Recurring) |
| | | | | Total | $46,671.14 | |
| Trinet Invoice | 12/01/2020-12/30/2020 | $54,745.46 | 12/16/20-01/15/21 | $320.00 | $44,000.00 | Employee Benefits Coverage for Dec 2020 |
| Graphen Solutions | 12/01/20-12/15/20 | $46,924.03 | | $2,000.00 | $1,000.00 | IT, Critical Web Maintence, and Content Delivery, Est at $75/hour. |
| | | | | Total | $91,671.14 | |