# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-03538 - GLR |
| | ) | |
| RAGINGBULL.COM, LLC f/k/a | ) | EMERGENCY MOTION |
| LIGHTHOUSE MEDIA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS JEFFREY M. BISHOP AND JASON BOND'S EMERGENCY MOTION FOR INCREASED USE OF INDIVIDUAL ASSETS FOR LIVING EXPENSES

Individual Defendants Jeffrey M. Bishop and Jason Bond ("Defendants"), by and through undersigned counsel, submit this Emergency Motion for Increased Use of Individual Assets for Living Expense (the "Motion"), and in support state as follows:

### I.    Relief Requested

Pursuant to Section IV of the TRO,[1] Defendants respectfully request that the Court approve an increase in the amount of funds available from each Defendants' individual assets to be used to pay for reasonable living expenses up through February 5, 2021, the date of the preliminary injunction hearing.

Section IV of the TRO provides that "each Individual Defendant shall not, directly or indirectly, disburse, gift, spend, transfer, liquidate, or assign more than a cumulative amount of $25,000 (per Individual Defendant) of his assets without prior approval of the Court." As such, the Court may approve an increase to the individual assets each Individual Defendant can use while

---

[1] The Modified Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue entered on December 17, 2020 shall be referred to herein as the "TRO."

the TRO is in effect, which is through February 5, 20201, the date of the preliminary injunction hearing.

When the original TRO was entered on December 8, 2020, a date for the preliminary injunction hearing was set for ten days later, on December 18, 2020. The *per diem*, therefore, of the $25,000 allotted in Section IV of the TRO was $2,500 per day. Since that TRO was entered, the date of the preliminary injunction hearing has been moved back 49 days, to February 5, 2021. However, there has been no concomitant increase in the amount of individual assets each Individual Defendant may use for living expenses.

Based on a *per diem* of $2,500 per day, Individual Defendants could ask for an increase of an additional $122,500 each in individual funds to which they can access.[2] However, at this time they seek substantially lower increases to cover necessary and reasonable living costs up through the February 5 preliminary injunction hearing. As stated in the attached declarations of Jeffrey Bishop and Jason Bond, Mr. Bishop seeks an increase of $25,000 and Mr. Bond seeks an increase of $55,000 in funds available from their individual assets to put toward living expenses, including for housing, food, insurance, credit card payments (for Mr. Bishop), automotive, utilities, connectivity technology, outstanding bills and (for Mr. Bond) the payment of a $30,000 to pay contractual obligations that are due but which arose before the TRO was entered.

This request is appropriate and within the Court's authority under Section IV of the TRO, which the Court reiterated in its Order denying Defendants' motion to stay or modify the TRO.

---

[2] As stated in Defendants' Emergency Motion for Clarification of the Temporary Restraining Order, or in the Alternative to Increase Funds Available to Individual Defendants to Pay Defense Costs, filed yesterday (Dkt. 107), if the Court does not clarify the TRO to direct the Temporary Receiver to pay certain defense costs from the company's assets, then Defendants have requested, in the alternative, that the Court approve an increase in the use of the Individual Defendants' individual assets to pay for defense costs. The present Motion seeks separate relief to allow for an increase in the use of individual assets for the specific purpose of paying necessary living expenses.

*See* 12/15/20 Order (Dkt. 56) at 10. ("Defendants may also make a specific application to the Court if there is a compelling need to draw additional funds from their personal accounts."); *see also SEC v. Dowdell*, 175 F. Supp. 2d 850 (W.D. Va. 2001) (holding that courts have authority in enforcement actions "to release frozen personal assets, or lower the amount frozen" to permit the defendant funds for personal living expenses and for the payment of attorney's fees).

## II.    Conclusion

WHEREFORE, Defendants Jeffrey M. Bishop and Jason Bond respectfully request the following relief, as stated in the attached Proposed Order:

1.    For Mr. Bishop, Court approval to increase the cumulative amount of funds available under Section IV of the TRO from Mr. Bishop's individual assets by an amount of $25,000, an amount to be used for living expenses; and

2.    For Mr. Bond, Court approval to increase the cumulative amount of funds available under Section IV of the TRO from Mr. Bond's individual assets by an amount of $55,000, an amount to be used for living expenses and contractual obligations; and

3.    All further relief that the Court deems just and equitable.

Dated: January 6, 2021                    Respectfully submitted,


                                          Jeffrey M. Bishop and Jason Bond

                                          By: */s/ David G. Barger*
                                          David G. Barger (DCB# 469095)
                                          Greenberg Traurig LLP
                                          1750 Tysons Blvd.
                                          Suite 1200
                                          McLean, VA 22102
                                          Tel: (703) 749-1300
                                          Email: bargerd@gtlaw.com

                                          Andrew G. Berg (*admitted pro hac vice*)

2101 L Street, N.W.
Suite 1000
Washington DC 20037
Tel: (202) 331- 3100
Email: berga@gtlaw.com

Miriam G. Bahcall (*admitted pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 476-5135
Email: bahcallm@gtlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of January 2021 a true and accurate copy foregoing Defendants Jeffrey M. Bishop and Jason Bond's Emergency Motion for Increased Use of Individual Assets for Living Expenses, was properly served on all parties through the ECF system.

/s/ *David Barger*
David G. Barger (DCB# 469095)
Greenberg Traurig LLP
1750 Tysons Blvd.
Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Email: bargerd@gtlaw.com