IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | |
| Plaintiff, | * | |
| v. | * | Case No. GLR-20-3538 |
| RAGINGBULL.COM, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF RAYMOND J. PEROUTKA, JR.

I, Raymond J. Peroutka, Jr., am over eighteen years of age and am competent to testify. This Declaration is based on my personal knowledge.

1. I presently serve as the Managing Director of Verity, LLC. Verity, LLC provides services including forensic accounting, financial analysis, valuation, fraud and related business investigations, and associated accounting, economic, financial and regulatory consulting services. Verity, LLC regularly provides services related to restructuring and insolvency matters, as well as litigation support.

2. Prior to founding Verity, LLC, I served as managing partner of the Baltimore offices of the financial services firms of ParenteBeard, LLC. Prior to its merger with Baker Tilly Virchow Krause, LLP, ParenteBeard LLC was an accounting, economic, financial consulting and intellectual property management firm that specialized in receiverships, complex financial fraud investigations and providing financial analyses related to complex financial transactions.

727814

3. Both prior to and while with Verity, LLC, I have served as receiver and accountant to receivers on numerous occasions in cases pending before the United States District Court for the District of Maryland, as well as numerous other state and federal courts.

4. Exhibit 1 is a copy of my current curriculum vitae, which describes my work experience, academic degrees and publications. Exhibit 1 also lists the matters in which I have testified as an expert witness in deposition during the last four years.

5. My business address is 9690 Deereco Road, Suite 500, Timonium, MD 21093.

6. Verity, LLC has been retained by Peter E. Keith, Esq., temporary receiver, to provide certain consulting services in support of his reporting obligations in the case styled, *Federal Trade Commission v. RagingBull.com, LLC, et al.*, Case No. GLR-20-3538, pending in the United States District Court for the District of Maryland. A copy of the engagement letter for this engagement is attached to this Declaration as Exhibit 2.

7. Verity, LLC's duties with respect to this engagement include providing consulting services to support Mr. Keith's reporting obligations with respect to (i) the value of all assets and sum of all liabilities of the Receivership Entities; and (ii) whether the business of the Receivership Entities can be operated legally and profitably. More specifically, the services of Verity have included and are expected to continue to include, but not be limited to, the following:

- Review and evaluation of Defendants' accounting and tax records;

- Meetings and telephone conferences with representatives of Defendants, as well as professionals retained by Defendants, including representatives of Defendants' accountants and tax preparers;

- Inspection of agreements, business records, accounting records, and banking records of Defendants;

- Consultation with the Temporary Receiver and, as appropriate, his colleagues and counsel concerning Verity's findings;

- Expert testimony, if requested, concerning our work and analysis; and

- Other procedures, upon the request of the Temporary Receiver.

8. In fulfillment of Verity, LLC's duties to date, I have undertaken the following services:

- Reviewed and evaluated Defendants' accounting and tax records;

- Corresponded and conducted telephone conferences with representatives of Defendants, including executives who serve Defendants and perform tasks relating to accounting, billing, and tax functions;

- Corresponded and conducted telephone conferences with outside tax and accounting professionals of CliftonLarsonAllen LLP (formerly Blum, Shapiro & Co. PC) and Meredith CPAs, each of which provided professional tax and accounting services to Defendants;

- Inspected agreements, business records, accounting records, and banking records of Defendants; and

- Consulted with Mr. Keith and, as appropriate, his colleagues and counsel.

9. The records of Defendants I have reviewed establish that Defendant Jeffrey M. Bishop received from RagingBull.com, LLC through distributions to

Sherwood Ventures, LLC, of which he and his wife Melissa Bishop are the sole owners, the following amounts:

| Year | Distributions to Sherwood Ventures, LLC |
|---|---|
| 2014 | $906,659 |
| 2015 | $1,258,001 |
| 2016 | $1,813,058 |
| 2017 | $5,364,232 |
| 2018 | $5,759,375 |
| 2019 | $10,094,136 |
| 2020 | $13,414,751 |
| Total | **$38,610,212** |

10.   The records of Defendants I have reviewed establish that Defendant Jason Bond received from RagingBull.com, LLC through distributions to Jason Bond, LLC, of which he is the sole owner, the following amounts:

| Year | Distributions to Jason Bond, LLC |
|---|---|
| 2014 | $360,762 |
| 2015 | $748,665 |
| 2016 | $939,521 |
| 2017 | $2,395,766 |
| 2018 | $0 |
| 2019 | $4,322,655 |

| Year | Distributions to Jason Bond, LLC |
|---|---|
| 2020 | $5,315,795 |
| Total | $14,073,164 |

11.     The records of Defendants I have reviewed establish that Defendant Kyle Dennis received from RagingBull.com, LLC compensation in the following amounts (gross compensation reflects total W-2 wages, and payments to two of Mr. Dennis' corporate entities: Winston Corp and Winston Research Inc.:

| Year | Gross Compensation to Kyle Dennis |
|---|---|
| 2016 | $339,139 |
| 2017 | $1,707,692 |
| 2018 | $2,896,109 |
| 2019 | $2,736,516 |
| 2020 | $5,935,758 |
| Total | $13,615,214.00 |

12.     Part of my analysis has involved determining the net equity value of RagingBull.com, LLC.  Net equity value represents the total fair market value of a business's assets less the total of its liabilities.  Net equity thus represents the funds that would be left and available to shareholders if all liabilities and debts of the entity were paid off.  Net equity value is used to determine an entity's net worth.  An entity that has a positive net equity value has total assets greater than

its total liabilities.  Conversely, an entity that has a negative net equity has total assets less than its total liabilities.

13.   RagingBull.com, LLC's business model involves primarily prepayment by subscribers for future services to be provided by RagingBull.com, LLC and, possibly, related entities.  Accounting principles provide that these prepayments by customers are "unearned income," sometimes referred to as "unearned revenue" or "deferred revenue."  Unearned income, for accounting purposes, is not earned at the time of receipt from the customer because the services for which the income is paid have not yet been provided.  Because subscriber's payments reflect cash received as payment for goods or services not yet provided, the business may not recognize the income as earned when received.  Unearned income remains a liability until delivery of the good or service is made.  Each time delivery of the good or service is made, a corresponding amount of unearned income is converted into revenue.  For instance, a subscriber may pay $3,600 for RagingBull.com, LLC to provide services at an even rate over a period of 36 months.  In this example, $100 of services are provided each month, so $100 of the unearned income may be recognized as revenue each month.  Unearned income would start at $3,600 and decrease by $100 for each month in which services are provided.

14.   The cash associated with unearned income is offset by a liability until the associated service is delivered.  Therefore, it does not result in an increase in equity available to the owners of the company.

15.     An understanding of RagingBull.com, LLC's financial condition necessarily involves determination of its unearned income.  For the year end December 31, 2019 management of RagingBull.com, LLC, in consultation with the company's accountants Blum Shapiro, acknowledged that the liability associated with unearned income should be included in the company's balance sheet.  Accordingly, they recorded this liability for service contract obligations the company entered into beginning in 2018.  It is my opinion, based on the business and accounting records I have reviewed in this case, that since its inception RagingBull.com received payments from its customers in advance of its delivery of services consistent with the recognition of unearned income.  Based on accounting records I have reviewed, I have extrapolated RagingBull.com, LLC's unearned income for years 2016 and 2017, based on the calculations performed by Raging Bull for the years 2018 and following.  Given the state of RagingBull.com, LLC's records, I have been unable to adjust its financials for years 2014 and 2015 to reflect unearned income, although I continue to evaluate records for these years.

16.     When unearned income is considered, as it should be to reach a complete and accurate understanding of RagingBull.com, LLC's financial standing, RagingBull.com, LLC had negative net equity at the close of each year from 2016 through 2020.  Based on the records I have reviewed, I have a high degree of confidence that RagingBull.com, LLC also had negative net equity at the close of years 2014 and 2015, as well.  This negative net equity has increased over time.  RagingBull.com, LLC's total present net equity is negative $49,527,471.

17. During the years 2014 through 2020, RagingBull.com, LLC made substantial distributions of unearned income to Mr. Bishop and Mr. Bond through their corporate entities Sherwood Ventures, LLC and Jason Bond, LLC. In addition, RagingBull.com, LLC distributed $6,504,387 to its principal MFA Holdings, LLC. RagingBull.com, LLC's distributions to its principals and its corresponding net equity may be reflected as follows, for the years 2014 through 2020:

| Year | Distributions to Principals | RagingBull.com, LLC Net Equity |
|---|---|---|
| 2014 | $1,642,397 | $521,650 |
| 2015 | $2,557,673 | $256,845 |
| 2016 | $3,224,382 | ($5,579,685) |
| 2017 | $8,507,939 | ($15,694,377) |
| 2018 | $6,532,293 | ($14,611,500) |
| 2019 | $16,024,736 | ($36,968,549) |
| 2020 | $20,698,342 | ($49,527,471) |
| Total | $59,187,762 | |

18. As the above table demonstrates, RagingBull.com, LLC's distributions to its principals of more than $59 million, much of which reflected unearned income, have saddled the company with more than $49 million of present negative net equity.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Raymond J. Peroutka, Jr.

Date: January 11, 2021

**EXHIBIT 1**

# VERITY, LLC

Raymond J. Peroutka, CPA
Member

(410) 307-6430 (o) / (410) 274-7266 (c)
rperoutka@verity-llc.com

Raymond is a founding member of Verity, LLC and has more than 30 years of consulting and management experience in the public accounting, banking, and professional services industries. He has focused on delivering quantitative and analytical support services to the legal community in the areas of commercial damages, litigation support, valuation, receivership, bankruptcy, construction, and surety claims.

He has provided analytical support and damage assessment for various types of claims including breach of contract and tort-based claims arising from real estate transactions, development activities, shareholder disputes, and the negligence of directors, officers, and professionals. These all involve identification and analysis of key facts, application of the facts to appropriate damage models, and support for conclusions through reports, deposition, and trial testimony.

Raymond has acted as receiver for and consultant to numerous insolvent entities, including securities brokerage firms, insurance and surety companies, private foundations, and real estate development ventures. In each of these situations, Raymond has controlled the assets of the insolvent entity, managed physical and human assets, investigated prior business and investment practices, evaluated and pursued potential recoveries against responsible entities, managed the distribution of assets to victims, and provided expert witness testimony.

In addition, Raymond has provided forensic accounting and anti-fraud expert witness testimony services to the Department of Justice and state and local governmental agencies, including the Maryland Attorney General's Office. He has also served as accountant to Chapter 11 bankruptcy creditor committees and United States Bankruptcy Trustees and acted as consultant to debtors in possession and others in need of debt restructuring.

## Specific experience

- Damages expert in disputes involving ownership interests, calculation, and distribution of profits arising from real estate development and construction activities
- Damages expert in legal and accounting malpractice claims
- Damages expert in the evaluation of dispute arising from the sale of healthcare provider
- Primary damages expert for the State of Maryland in its dispute with tobacco manufacturers relating to compliance with industry-wide settlement of claims

Resume, continued

- Receiver for state licensed provider of services to developmentally challenged individuals. Rehabilitated the entity and resolved all claims
- Primary witness for U.S. Department of Justice in its prosecution of the chief executive of mortgage banking company convicted of $3 billion fraud
- Damages expert in minority shareholder oppression action
- Consultant to real estate developers, construction contractors, and sureties in the development and completion of commercial and residential projects
- Licensed CPA in Maryland
- Licensed lawyer in Maryland
- Accredited in Business Valuation
- Certified in Financial Forensics
- Certified Insolvency and Restructuring Advisor

## Industry involvement

- American Institute of Certified Public Accountants (AICPA)
- AICPA Business Valuation Forensic and Litigation Services Section
- Maryland Association of Certified Public Accountants
- Bankruptcy Bar Association of Maryland
- Association of Certified Fraud Examiners
- Association of Insolvency and Restructuring Advisors
- Turnaround Management Association

## Education

Johns Hopkins University
Bachelor of Arts in Economics

Loyola University
Master of Business Administration in Finance

University of Baltimore School of Law
Juris Doctor

Resume, continued

## Community involvement

- Calvert Hall College High School, Board of Advisors
- Baltimore City Yacht Association, Board of Directors and Treasurer

## Relevant continuing education

- Maryland Bar Association, Construction Section, Annual Meeting 2014 –panel discussion on construction damages
- Judicial Institute of Maryland 2014, Instructor, Business and Technology Program: Focus on Business Damages
- Maryland Bankruptcy Bar Association, Annual Meeting 2013 –panel discussion on receivership law and operation

# Raymond J. Peroutka, Jr., Esq., CPA/ABV/CFF, MBA, CIRA
# List of Testimony in The Last 4 Years

- RLI Insurance Company v. Nexus Services, Inc.
  U.S. District Court for the Western District of Virginia
  Harrisonburg Division – Case No. 5:18-cv-00066-MFU
  Trial Testimony, September 22, 2020

- Raymond J. Peroutka, Jr., Receiver v. Kevin Sniffen, et al.
  Circuit Court for Baltimore County – Case No. 03-C-12012552
  (Commercial Damages – fraud, fraudulent conveyance, tracing of funds)
  Trial testimony (Summary Judgment - PSM Properties), September 2020

- Alan Brian Fabian v. Commissioner of Internal Revenue
  United States Tax Court – Docket No. 25589-14
  (Tax Fraud)
  Trial Testimony, October 2019

- Raymond J. Peroutka, Jr., Receiver v. Kevin Sniffen, et al.
  Circuit Court for Baltimore County – Case No. 03-C-12012552
  (Commercial Damages – fraud, fraudulent conveyance, tracing of funds)
  Deposition, March 2019

- In Re: Steven Brice Wibracht and Erin Michelle Wibracht debtors
  U.S. Bankruptcy Court for the Western District of Texas
  San Antonio Division – Case No. 17-52300-RBK
  Adversary Proceeding No. 18-05203-RBK
  Trial Testimony, February 2019

- RLI Insurance Company v. Nexus Services, Inc.
  U.S. District Court for the Western District of Virginia
  Harrisonburg Division – Case No. 5:18-cv-00066-MFU
  Trial Testimony, November 29, 2018

- RLI Insurance Company v. Nexus Services, Inc.
  U.S. District Court for the Western District of Virginia
  Harrisonburg Division – Case No. 5:18-cv-00066-MFU
  Deposition, November 15, 2018

**Peroutka - Comprehensive List of Testimony, continued**

- State of Montana ex rel. Tim Fox v. Phillip Morris, Inc., et al.
  Montana First Judicial District Court
  Lewis and Clark County – Case No. CDV-1997-306
  (Commercial Damages – Enforcement of Montana tobacco escrow statute and Master Settlement Agreement among tobacco manufacturers and the States)
  Deposition March 2018

- Raymond J. Peroutka, Jr., Receiver v. Kevin Sniffen, et al.
  Circuit Court for Baltimore County – Case No. 03-C-12012552
  (Commercial Damages – fraud, fraudulent conveyance, tracing of funds)
  Trial testimony, October 2017

- Braxton-Grant Technologies, Inc. v. ACL Computers and Software, Inc.
  Circuit Court for Howard County – Case No. 13-C-16-108554
  (Commercial damages – breach of employment agreement)
  Deposition May 2017

- Raymond J. Peroutka, Jr., Receiver v. Kevin Sniffen, et al.
  Circuit Court for Baltimore County – Case No. 03-C-12012552
  (Commercial Damages – fraud, fraudulent conveyance, tracing of funds)
  Deposition, January 2017

Note:  No publications during the last 10 years.

**EXHIBIT 2**

VERITY, LLC

RAYMOND J. PEROUTKA, CPA

(410) 274-7266
rperoutka@verity-llc.com

December 10, 2021

VIA US MAIL and email pkeith@gejlaw.com

Peter E. Keith, Esq.
Gallagher Evelius & Jones
218 N. Charles Street, Suite 400
Baltimore, MD 21201

Re:   Federal Trade Commission v. RagingBull.com, LLC, et al.
      Case No. 1:20-cv-03538-GLR
      Peter E. Keith, Esq., Temporary Receiver

Dear Mr. Keith,

Thank you for this opportunity to provide our services to you and Gallagher Evelius & Jones ("GE&J") on behalf of your Receivership for the entities in the above matter. ("Client").  This letter summarizes our understanding of the matter and identifies the services Verity, LLC ("Verity") will provide.

**Background**

It is our understanding that, on or about December 8, 2020 the United States District Court for the District of Maryland entered a Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("the TRO") pursuant to which you were appointed as Temporary Receiver and assigned certain duties.  Among those duties are an obligation to report to the Court regarding:  (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of the Receivership Entities; (3) the steps the Receiver intends to take in the future to protect receivership assets, recover receivership assets from third parties, and adjust receivership liabilities; (4) whether the business of the Receivership Entities can be operated legally and profitably; and (5) any other matters which the Receiver believes should be brought to the Court's attention.

**Scope of Services**

You and GE&J desire to retain Verity to provide certain consulting services including our assistance with these reporting obligations and specifically items (2) and (4) above.
More specifically, our services are expected to include, but not be limited to, the following:

Peter E. Keith, Esq.
Gallagher Evelius & JOnes
December 10, 2020
Page:  2

- Review and evaluation of the Defendants' accounting and tax records
- Meetings and telephone conferences with appropriate parties;
- Inspection of agreements, business records, accounting and banking records of the Defendants;
- Consultation with you and, as appropriate, others at GE&J concerning our findings
- Expert testimony, if requested, concerning our work and analysis; and
- Other procedures, upon your request.

**Staffing**

Raymond Peroutka, Jr., who has experience in forensic, economic and financial analysis of commercial business records, will have overall responsibility for this assignment. Mr. Peroutka will be assisted by other Verity professionals, including personnel from KatzAbosch a related entity, in support roles, as needed.

**Professional Fees and Expenses**

Although we are being retained by and will be directed by you and GE&J, payment of invoices rendered by Verity is subject to approval of the Receivership Court from Receivership funds.  Our fees are based upon the hours expended by each assigned staff member extended by the standard hourly billing rate for the individual, plus out-of-pocket costs.  Our fees are not contingent on any outcome achieved as a result of our services and we do not warrant or predict results or final developments in this matter.  We will communicate regularly with you regarding the progress of our ongoing work and associated fees and expenses.

Our services will be provided based on our current hourly rates which range from $215 to $415, depending upon the experience of the personnel involved.  Periodically, our rates are adjusted to reflect the increased experience of our staff and changing market conditions.  Reimbursable expenses including outside copy/printing costs, overnight mail, travel, mileage, professional fees for investigative and information services firms, research administrative/computer charges, etc. are billed at actual cost.

Our invoices for fees and expenses will be presented periodically as work progresses and are due upon presentation.  Invoices for which payment is not received within thirty (30) days of invoice date shall accrue a 1.0 percent per month compounded late charge. We reserve the right to halt further services until payment is received on past invoices.  If you request that we issue a report or testify, we must be paid in full prior to the issuance or testimony for all work performed to date.

Peter E. Keith, Esq.
Gallagher Evelius & JOnes
December 10, 2020
Page:  3

We very much appreciate this opportunity to work with you. If this letter accurately reflects your understanding of the nature and extent of this engagement, please sign, have the Client sign and return one copy of this letter as formal authorization to proceed with our analyses.  We look forward to assisting you on this important matter.  If you have any questions or comments, please feel free to contact me.

Sincerely,

Raymond Peroutka, Jr.
Member


**Accepted by**
**Peter E. Keith, Esq.**
**Temporary Receiver**


By:  ─────────────────

Date: ─────────────────