## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-03538 - GLR |
| | ) |
| RAGINGBULL.COM, LLC f/k/a | ) |
| LIGHTHOUSE MEDIA LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DECLARATION OF MIRIAM G. BAHCALL

I, MIRIAM G. BAHCALL, declare as follows:

1. I am more than twenty-one years of age, of sound mind, and otherwise competent to make this declaration. I have personal knowledge of the facts stated in this declaration, and all statements contained herein are true and correct.

2. I am a shareholder of the law firm of Greenberg Traurig, LLP ("Greenberg Traurig" or "Counsel"), attorneys for RagingBull.com, LLC, Jeffrey Bishop and Jason Bond ("Raging Bull Defendants") in this matter.

3. I am an attorney licensed to practice law in the State of Illinois and have held that license since 1985. I graduated from the University of Chicago Law School in 1985. I have practiced law continuously for the last 35 years.

4. The Raging Bull Defendants have been clients of Greenberg Traurig since 2017. In 2019, the Raging Bull Defendants engaged Greenberg Traurig to represent them in connection with an investigation by the New Hampshire Bureau of Securities Regulation ("New Hampshire

Bureau"), which investigation led to the filing of the Bureau's Order to Cease and Desist filed on December 7, 2020.  At or around the same time, Greenberg Traurig was hired to represent the company and give advice in connection with various other matters including the defense of a TCPA class action complaint, tax matters, and compliance issues.  As soon as they were served with the complaints by the FTC and the New Hampshire Bureau on December 7, 2020, the Raging Bull Defendants retained Greenberg Traurig to represent them in connection with the FTC and New Hampshire actions.  As of December 7, 2020, monies were due and owing to Greenberg Traurig by Raging Bull for work performed in October and November 2020 in the approximate amount of $175,000.

5. I have personal knowledge of the Greenberg Traurig, LLP fee statements and the work performed on behalf of the Raging Bull Defendants in this matter.  I also have personal knowledge of the work performed by experts retained in this matter and their billings to date.

6. From the date the Complaint was served on December 7, 2020, through January 15, 2021, Greenberg Traurig, LLP attorneys performed significant work on behalf of the Raging Bull Defendants which was in response to and necessitated by the extreme actions filed and taken by the FTC.  Because the FTC sought and obtained effectively an *ex parte* TRO, the work needed to be performed on an expedited time schedule.  The work performed is generally described below:

a. **Response to the FTC's initial filing and application for a TRO.**  Counsel for the Raging Bull Defendants analyzed the merits and viability of Plaintiff's initial claims and allegations; conducted an investigation and review of the underlying facts relevant to the FTC's claims; and prepared for a hearing to oppose the TRO after informing the FTC to no avail of its intent to do so.

b. **Attempted stay and modifications to the TRO.** Following the *ex parte* entry of the TRO, Counsel for the Raging Bull Defendants reviewed, researched and prepared for an oral hearing to dissolve or modify the TRO and drafted a motion and supporting brief to stay or modify the TRO, analyzing the response thereto and researching and drafting a reply to same.

c. **Implementation of and compliance with the TRO.** Counsel for the Raging Bull Defendants analyzed the requirements of the TRO, and worked and advised on the implementation of same, which involved preparation of financial disclosures for the three individual defendants and various declarations and affidavits required by the TRO, among other necessary tasks.

d. **Cooperation with Temporary Receiver.** Counsel for the Raging Bull Defendants has responded to numerous requests by the Receiver including the facilitation of the collection and imaging of Raging Bull computers, email and systems, as well as Raging Bull's owners, employees and former employees; negotiated protocols to protect privileged communications; and responded to requests for information relating to the Raging Bull Defendants including performance and financial information. Through December 31, 2020, counsel for the Raging Bull Defendants spent substantial time engaging with the Temporary Receiver on issues related to fulfillment of subscriptions to current subscribers, subscriber communications, and employment and critical systems issues, among other matters and requests.

e. **Settlement.** Counsel for the Raging Bull Defendants engaged in written and oral communications with FTC staff in an attempt to reach a stipulated preliminary injunction with FTC staff and an overall settlement of the case.

f. **Preparation of Submission Objecting to the Issuance of the Preliminary Injunction.** Counsel for the Raging Bull Defendants closely analyzed the FTC's application and

"the over 3,000 pages of submission submitted in support of the FTC's application," (Opp'n at 3), conducted extensive factual and legal research, and ultimately drafted an over 50-page submission (and 100 pages jointly with the other defendants with whom counsel coordinated per the Court's order) (Dkt. 123) demonstrating that the foundations of the FTC's allegations were wrong insofar as subscribers received value and there was no widespread deception entitling the FTC to the relief it seeks.

  g.  **Preparation of Experts' Reports.**  Counsel for the Raging Bull Defendants spent significant time collaborating with experts to produce two very detailed expert reports that demonstrated fundamental errors in the FTC's case.

  h.  **Other Items.**  Counsel for the Raging Bull Defendants have also provided legal advice to the company in connection with certain other matters including but not limited to: (i) various employment law issues including those relating to the furlough of all of its employees; (ii) the TCPA class action; (iii) the New Hampshire Bureau's Order to Cease and Desist including review and analysis of same, research of response requirements and filing of a notice of hearing waiving their right to have a hearing within 15 days and follow-up on same.

  7.  As of January 15, 2020, the billings well exceeded the $300,000 the Raging Bull Defendants are requesting to be released from the asset freeze for the payment of Defense Costs. It would be reasonably expected that the sum of $300,000 or more would be expended given the complex factual and legal issues involved, the expedited nature of matters since the moment of the FTC's initial filing, the appointment of a Temporary Receiver, the emergency and exigent bases of the litigation, the enormous damages sought from the company and the individuals personally, and the FTC's stated desire to shut the company down permanently.  The foregoing

necessitated the involvement of the equivalent of four attorneys from Greenberg Traurig working essentially or near full-time on this matter since December 7, 2020.

8.      By way of example, the appointment and facilitation of the Temporary Receiver alone required over 120 hours of work from December 8 to December 31, 2020.  During this time, there was virtually daily work and coordination with the Temporary Receiver (or his counsel) dealing with document collection and imaging, provision of requested information, attempting to negotiate the payment of expenses and payroll necessary to run the business and defend the company, fulfilling obligations to current subscribers, the furloughing of employees and, ultimately, the suspension of operations.  Much of these interactions ended with the filing of the Temporary Receiver's Motion for Leave to Pay Specified Expenses to pay six employees and certain other expenses (Dkt. 105) and the Raging Bull Defendants' filing of their Emergency Motion to Pay Defense Costs. (Dkt. 107)

9.      In order to evaluate and respond to the FTC's allegations in its application for injunctive relief, including its voluminous and far-ranging expert report, the Raging Bull Defendants were required to hire their own experts.  The Raging Bull Defendants engaged two qualified experts, Greg Kyle from the Bates Group and Dr. Yoram Wind, a Professor of Marketing at the Wharton School of the University of Pennsylvania.  Bates was retained to analyze the economic aspects of the FTC's expert report.  Dr. Wind was retained to respond to the allegations regarding purported false advertising by the Raging Bull Defendants.  Their extensive qualifications are set forth in Defendants' Response to the Motion to Show Cause.  To date, the experts' billings collectively approach $150,000, although Defendants seek access to only $125,000 to pay these amounts currently.  As evidenced by the experts' respective reports, they have done extensive and important work.

Pursuant to 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed: January 18, 2021

Miriam G. Bahcall