IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. GLR-20-3538 |
| RAGINGBULL.COM, LLC, et al., | : | |
| Defendants. | : | |

## **ORDER**

THIS MATTER is before the Court on Defendants Ragingbull.Com, LLC ("Raging Bull"), Jeffrey M. Bishop, and Jason Bond's (collectively, "Raging Bull Defendants") Emergency Motion for Clarification of the Temporary Restraining Order, or in the Alternative to Increase Funds Available to Individual Defendants to Pay Defense Costs (ECF No. 107); Defendants Jeffrey M. Bishop and Jason Bond's Emergency Motion for Increased Use of Individual Assets for Living Expenses (ECF No. 110); and Defendants Kyle W. Dennis, Winston Corp., and Winston Research Inc.'s (collectively, "Dennis Defendants") Notice of Joinder in Part V of the Raging Bull Defendants' Emergency Motion for Clarification of the Temporary Restraining Order, or in the Alternative to Increase Funds Available to Individual Defendants to Pay Defense Costs (ECF No. 112).[1] These Motions are ripe for review, and no hearing is necessary. See Local Rule 105.6

---

[1] Also pending before the Court are Plaintiff Federal Trade Commission's Motion for Leave to File Documents Under a Temporary Seal (ECF No. 118) and the Temporary Receiver's Motion to File Under Temporary Seal (ECF No. 121). These Motions will be granted, and ECF Nos. 116, 119, 119-1, 119-2, and 119-3 will remain under seal until February 1, 2021, unless otherwise ordered.

(D.Md. 2018). Upon review of these Motions and any opposition thereto, the Court finds the following:

1.  Raging Bull Defendants first urge the Court to hold that the Temporary Restraining Order ("TRO") authorizes and obligates the Temporary Receiver to use receivership assets to pay for costs associated with defending against the present litigation. At this time, the Court finds that release of receivership funds for the payment of defense costs is not required by the terms of the TRO. Accordingly, this request will be denied.

2.  In the alternative, Defendants Bishop and Bond seek release of their individual assets to pay for defense costs. Specifically, Bishop and Bond request $300,000 to pay attorneys' fees accrued in this case between December 7, 2020 and February 5, 2021; up to $125,000 to retain two expert witnesses; and $136,686.66 to pay salaries, for the period of December 1, 2020 through February 5, 2021, for six Raging Bull employees who are critical to preparation of a defense in this case.[2]

The Court finds that the requested attorneys' fees and associated litigation costs are reasonable, and fairness requires the release of such funds for Raging Bull Defendants' preparation for the upcoming preliminary injunction hearing. See S.E.C. v. Dowdell, 175 F.Supp.2d 850, 856 (W.D.Va. 2001) (holding defendants were entitled to a release of frozen assets to pay for reasonable attorneys' fees in anticipation of a preliminary

---

[2] Raging Bull Defendants also initially requested up to $100,000 for the payment of attorneys' fees incurred in defending against the action pending before the New Hampshire Bureau of Securities Regulation. Raging Bull Defendants withdrew this request on January 19, 2021. (See Not. Suppl. Raging Bull Defs.' Combined Reply Supp. Emergency Mots. (Dkt. 107 and 110) ¶ 2, ECF No. 135).

injunction hearing because the court could not "achieve a fair result at the preliminary injunction hearing were it to deny defendants the ability to retain counsel"); F.T.C. v. IAB Mktg. Assocs., LP, No. 12-61830-CIV, 2013 WL 2433214, at *3 (S.D.Fla. June 4, 2013) (releasing a portion of defendants' frozen funds to pay for reasonable attorneys' fees because "the preliminary-injunction hearing and the legal work leading up to it is a chance for a defendant to show that the FTC is not likely to prevail on the merits"). Accordingly, this request will be granted.

      3.      Defendants Kyle W. Dennis, Winston Corp., and Winston Research Inc. ("Dennis Defendants") join Raging Bull Defendants' request for increased individual funds for the payment of litigation costs. (See ECF No. 112). Dennis Defendants do not, however, specify the amount sought. Accordingly, this request will be denied without prejudice.

      4.      Finally, Defendants Bishop and Bond each request release of $25,000 from their individual accounts to be used for living expenses.[3] The Court has discretion to release funds from a temporary asset freeze. See Dowdell, 175 F.Supp.2d at 854 ("If the court has the authority to freeze personal assets temporarily, it logically has the 'corollary authority to release frozen personal assets, or lower the amount frozen.'" (quoting SEC v. Duclaud Gonzalez de Castilla, 170 F.Supp.2d 427, 429 (S.D.N.Y. 2001)). Given the amount of time between the entry of the TRO and the preliminary injunction hearing, the Court finds that Bishop's and Bond's requested amounts are reasonable. Accordingly, the Court will grant

---

[3] In addition to the request for $25,000, Bond also initially requested $30,000 to make payment on certain contracts he executed before the entry of the TRO. Bond subsequently withdrew this request on January 18, 2021. (See Raging Bull Defs.' Combined Reply Supp. Emergency Mots. (Dkt. 107 and 110) at 16 n.8, ECF No. 132).

this request.

For the foregoing reasons, it is this 25th day of January, 2021, hereby:

ORDERED that Raging Bull Defendants' Emergency Motion for Clarification of the Temporary Restraining Order, or in the Alternative to Increase Funds Available to Individual Defendants to Pay Defense Costs (ECF No. 107) is GRANTED IN PART and DENIED IN PART. The Motion is DENIED to the extent it asks the Court to direct the Temporary Receiver to pay defense costs using receivership assets. The Motion is GRANTED to the extent it seeks release of individual assets for payment of defense costs. A total of $561,686.66 of Bishop's and Bond's individual assets are RELEASED for the payment of the aforementioned defense costs;

IT IS FURTHER ORDERED that Defendants Bishop and Bond's Emergency Motion for Increased Use of Individual Assets for Living Expenses (ECF No. 110), as modified by ECF No. 132, is GRANTED. An amount of $25,000 each is RELEASED from Bishop's and Bond's individual accounts for the payment of living expenses;

IT IS FURTHER ORDERED that Dennis Defendants' Notice of Joinder in Part V of the Raging Bull Defendants' Emergency Motion for Clarification of the Temporary Restraining Order, or in the Alternative to Increase Funds Available to Individual Defendants to Pay Defense Costs (ECF No. 112) is DENIED WITHOUT PREJUDICE; and

IT IS FURTHER ORDERED that Plaintiff Federal Trade Commission's Motion for Leave to File Documents Under a Temporary Seal (ECF No. 118) and the Temporary Receiver's Motion to File Under Temporary Seal (ECF No. 121) are GRANTED.

Defendants may file motions to maintain the documents (ECF Nos. 116, 119, 119-1, 119-2, 119-3) under seal, setting forth the grounds for their continued seal, no later than January 29, 2021. The unredacted documents shall be held under seal until any such motions filed by Defendants are resolved, or until February 1, 2021, if no such motions are filed. If no motions are filed, the FTC and Temporary Receiver shall move to unseal the documents.

                                               _____/s/_____
                                               George L. Russell, III
                                               United States District Judge