UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **RAGINGBULL.COM, LLC**, et al., <br><br> Defendants. | Case No. 1:20-cv-3538 |

**DEFENDANT KYLE W. DENNIS'S EMERGENCY MOTION
FOR A PROTECTIVE ORDER**

Defendant Kyle W. Dennis respectfully submits this emergency motion for a protective order to halt the FTC's improper attempt to conduct a deposition of Mr. Dennis in violation of the Court's temporary restraining order (the "TRO").

On February 3, 2021, the Court adjourned the preliminary injunction hearing (the "PI hearing") from February 5 to March 19 to permit Raging Bull, the FTC, and the Temporary Receiver the opportunity to explore a business plan for Raging Bull to continue as a going concern. The Court recognized that the adjournment placed a significant burden on Mr. Dennis, who is subject to the ongoing asset freeze throughout the duration of the adjournment, but who has no role in the business plan efforts of the other parties because he is only an employee of Raging Bull (and not an owner or a manager).

Prior to that adjournment (which occurred two days before the then-scheduled PI hearing), the FTC did not seek to depose Mr. Dennis or any of his fellow "gurus." Declaration of Sabina Mariella ("Mariella Decl.") ¶ 5. Indeed, the FTC did not even seek the depositions of Messrs. Bond or Bishop, who are the actual owners and managers of Raging Bull. Presumably that was

because the limited expedited discovery permitted by the TRO was narrowly circumscribed to "(1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with [the TRO]." [ECF No. 64 at XXV, p.30.] Those topics had already been addressed through multiple avenues. For example, Mr. Dennis supplied the FTC with a detailed financial disclosure that outlined his personal assets. That submission was supported by over 2,500 pages of documentation (and the other Defendants made similar submissions). Then, on February 1, the Temporary Receiver requested that Mr. Dennis sit for an interview on these same topics. Mariella Decl. ¶ 3. Prior to that, the Temporary Receiver had interviewed Messrs. Bond and Bishop, as well as other Raging Bull "gurus." Mr. Dennis agreed to sit for such an interview with the Temporary Receiver on February 4, the day before the PI hearing, but the Temporary Receiver agreed to reschedule the interview in light of the adjournment of the PI hearing. *Id.* The results of those interviews were—and will be—shared with the Court via the Temporary Receiver's reports.

It was only after the Court adjourned the hearing that the FTC decided that it would be to its tactical advantage to take Mr. Dennis's deposition. *Id.* ¶ 5. Given the prior procedural history set forth above, the FTC's ploy is apparent simply from its timing. But the Court need not infer the FTC's motives as it has clearly stated its reasons to depose Mr. Dennis in an e-mail to Mr. Dennis's counsel as follows:

> In your motion for live testimony, you also stated that Mr. Dennis intends to "further expand upon what is set forth in his prior declarations and address the new evidence attached to the FTC's reply brief," which you contend is a "combination of cherry picked, out-of-context, and non-representative communications." We intend to question the witness on these matters . . .

Mariella Decl. Ex. A at 1. This is plainly improper. The FTC's litigation tactics have no bearing whatsoever on the purpose of the TRO and appear to be an effort by the FTC to place undue burden

and expense on Mr. Dennis to dissuade him from presenting live testimony to the Court. The FTC is improperly seeking to pre-litigate the PI hearing, while no defendant is permitted to conduct *any* similar discovery prior to the hearing. Indeed, this is not only an early "merits" deposition – but, as made clear by the FTC's own admission, a tactical maneuver aimed at fishing for cross-examination material for the PI hearing. That not only violates the TRO, but it is also patently unnecessary and unfair to Mr. Dennis. Unlike Mr. Dennis, the FTC has access to *all of Raging Bull's records*, including emails and documents pertaining to Mr. Dennis. They also have the benefit of Mr. Dennis's declarations, the Temporary Receiver's initial report, and whatever information they have gathered as part of their lengthy investigation *and they will have the ability to cross-examine him at the hearing next month*. Mr. Dennis should not be made to sit for a deposition that exceeds the bounds of this Court's TRO and whose only apparent purpose is to shore up the FTC's PI litigation strategy. Accordingly, Mr. Dennis respectfully requests a protective order either (a) quashing the FTC's notice of deposition and ordering that any expedited deposition may cover only topics permitted by the expedited discovery provision of the TRO and cannot cover topics solely relevant to the merits of the FTC's claims or Mr. Dennis's defenses, such as Mr. Dennis's past role and responsibilities at Raging Bull or (b) ordering that Mr. Dennis's expedited deposition is subject to the limitations and conditions set forth in Rule 30(a)(2) of the Federal Rules of Civil Procedure, meaning that Mr. Dennis cannot be deposed twice and that the deposition will count towards the FTC's ten-deposition limit, and permitting all parties to conduct reciprocal discovery in preparation for the PI hearing.

## **RELEVANT BACKGROUND**

On December 7, 2020, the FTC filed a Complaint and emergency motion for a TRO against Mr. Dennis, his employer RagingBull.com, LLC, and others. [ECF Nos. 1, 2.] The FTC sought a

TRO to "stop Defendants' deceptive business practices and preserve assets for potential redress to consumers." [ECF No. 2-1 at 2.] Accordingly, the FTC's proposed TRO contained provisions prohibiting allegedly unlawful business practices, appointing a Temporary Receiver of the entity Defendants, freezing each Defendant's assets, requiring each Defendant to submit detailed financial disclosures to the FTC, and granting the FTC and Temporary Receiver leave to conduct expedited discovery and to access Defendants' business premises. [ECF No. 2-2.] The FTC contended in its supporting brief that expedited discovery was "necessary and proper" "[t]o facilitate the FTC's and the receiver's efforts to locate and secure relevant documents and assets wrongfully obtained from Defendants' unlawful activities," citing a "substantial risk of asset dissipation and document destruction." [ECF No. 2-1 at 54–55.] The FTC did not request or indicate an intent to conduct expedited discovery on the merits of its claims to prepare for a preliminary injunction hearing. Nor did the FTC request expedited discovery on Mr. Dennis's (or any other individual Defendant's) role or responsibilities at Raging Bull.

The Court granted the FTC's proposed TRO the next day before the Defendants were afforded an opportunity to respond and scheduled a preliminary injunction hearing for January 13, 2021, which was later adjourned to February 5, 2021. [ECF Nos. 21, 64, 104.] The TRO's expedited discovery provision allows the FTC and Receiver

> to conduct *limited* expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order.

[ECF No. 64 at XXV, p.30 (emphasis added).] Thus, by its plain terms, and in accordance with the FTC's representations about what types of expedited discovery are "necessary and proper," the expedited discovery provision allows for only discovery to assist in locating and securing relevant documents and assets and does not contemplate unrestrained, early discovery on the merits of the

4

FTC's claims or the Defendants' defenses.  Further, the expedited discovery provision provides that the Federal Rules of Civil Procedure's limitations regarding subsequent depositions of individuals shall not apply to depositions taken pursuant to the expedited discovery provision and that any such depositions shall not be counted towards the ten-deposition limit set forth in the Rules.  [*Id.* at XXV(A), p.31.]  Finally, the expedited discovery provision does not allow any of the Defendants to engage in any reciprocal discovery, regardless of the topic—only the FTC and Temporary Receiver may engage in expedited discovery.

On January 29, 2021, the Court granted Mr. Dennis's motion requesting leave to present live testimony at the preliminary injunction hearing.  [ECF No. 154.]  As Mr. Dennis's motion explained, he intends to testify about his role at Raging Bull and his lack of involvement in the allegedly deceptive practices outlined in the FTC's Complaint.  [ECF No. 151.]  On February 4, 2021, however, the Court vacated the preliminary injunction hearing to allow Raging Bull to submit a proposed business plan that would allow it to operate lawfully and profitably.  [ECF No. 165.]  Mr. Dennis, a mere employee of Raging Bull, is in no way involved in discussions about Raging Bull's business plan.  The very next day, the FTC noticed a seven-hour deposition of Mr. Dennis, despite never having previously indicated any intent to depose Mr. Dennis prior to the preliminary injunction hearing.  Mariella Decl. ¶ 5.

When asked how the FTC intends to question Mr. Dennis for seven hours about the limited categories of discovery provided for in the TRO's expedited discovery provision, the FTC stated that it intended to question Mr. Dennis about his role and responsibilities at Raging Bull—a topic that is not relevant to implementing the TRO, but that rather goes to Mr. Dennis's purported individual liability for the allegedly deceptive practices at issue.  Mariella Decl. Ex. A at 5.  Mr. Dennis also expressly stated that he intended to testify about that topic at the preliminary injunction

5

hearing. Mr. Dennis's counsel informed the FTC that Mr. Dennis has not been involved in Raging Bull's business since shortly after the TRO was issued, and therefore would have no meaningful information about the nature of its business transactions and operations that would be relevant to implementing the TRO. *Id*. at 4. The FTC refused to agree to limit the scope of the deposition to questions relevant to implementing the TRO. *Id*. at 1, 3. The FTC also explicitly stated that it seeks to depose Mr. Dennis because Mr. Dennis "is requiring the parties and the Court to conduct an evidentiary hearing" and that it seeks to depose Mr. Dennis about the same topics that will form the basis of his testimony at the preliminary injunction hearing. *Id.* Essentially, the FTC stated that Mr. Dennis's expedited deposition will not only go well beyond the bounds of the expedited discovery provision, but will be entirely boundless.[1]

## ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Here, such a protective order is warranted to limit the scope of any expedited deposition of Mr. Dennis to the categories of discovery explicitly listed in the expedited discovery provision of the TRO and to prohibit the FTC from obtaining free, early discovery relevant only to the merits of their claims against Mr. Dennis.

### I. The TRO's Expedited Discovery Provision Does Not Permit Early Merits Discovery.

The FTC's proposed deposition of Mr. Dennis on the merits of its claims against him falls outside of the scope of the expedited discovery provision in the TRO. Rule 26(d)(1) provides that

---

[1] While the FTC stated that "it is not our contention that the scope of permitted expedited discovery is coextensive with normal pre-trial discovery," Mariella Decl. Ex. A at 1, that contention is meaningless because the FTC has otherwise refused to explain the permissible scope of expedited discovery or to place any limitations on the scope of the deposition.

"[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Requests for expedited discovery prior to a Rule 26(f) conference are evaluated under a "standard based upon reasonableness or good cause, taking into account the totality of the circumstances." *Nat'l Urban League, et al. v. Louis DeJoy, et al*., No. CV GLR-20-2391, 2020 WL 8413573, at *1 (D. Md. Sept. 3, 2020) (Russell, J.) (denying overbroad request for expedited discovery).

Here, the FTC justified the need for expedited discovery by citing a "substantial risk of asset dissipation and document destruction," by representing that the discovery would be used "to locate and secure relevant documents and assets," and by stating that expedited discovery was "in the interest of justice . . . to maintain the status quo and preserve this Court's ability to award full and effective final relief." [ECF No. 2-1 at 54; *see also* ECF No. 2 at 2 (emergency motion for TRO stating that the TRO "is necessary to stop the Defendants' unlawful conduct and prevent the dissipation of assets and destruction of records, thereby preserving the Court's ability to provide effective relief to consumers . . . .").] Accordingly, the Court granted the FTC's proposed order allowing for *limited* expedited discovery on four, specific topics relevant to locating and securing documents and assets. [ECF No. 64 at XXV, p.30.]

The FTC's demand of a boundless deposition of Mr. Dennis on the merits of its claims and in preparation for the preliminary injunction hearing both falls outside of the scope of the expedited discovery provision and directly contravenes the FTC's representations to this Court when it requested expedited discovery. The FTC seeks to depose Mr. Dennis about not only the location of assets and documents, but also about his past role and responsibilities at Raging Bull. Mariella Decl. Ex. A at 5. Mr. Dennis's past role and responsibilities at Raging Bull have no bearing on the implementation of the TRO because they are not related to halting the allegedly unlawful

7

practices, securing assets, or securing documents. He has not performed work for Raging Bull since the TRO was entered and he already provided the FTC with detailed financial disclosures with thousands of pages of backup documentation to assist the FTC in securing his personal assets. The FTC's proposed deposition of Mr. Dennis thus appears to be aimed solely at assisting the FTC in preparing for the preliminary injunction hearing and, specifically, meeting its burden of demonstrating that it is likely to succeed in proving that Mr. Dennis is individually liable for the deceptive practices alleged in the Complaint. *See FTC v. Ross*, 743 F.3d 886, 892 (4th Cir. 2014) (explaining that individuals may be found liable under Section 5 of the FTC Act only if the FTC proves that the defendant: "(1) participated directly in the deceptive practices or had authority to control those practices, and (2) had or should have had knowledge of the deceptive practices").

The FTC has contended that the topics permitted under the expedited discovery provisions of the TRO, including the "nature, location and extent of Defendants' business transactions and operations" and "documents reflecting Defendants' business transactions and operations," somehow encompass questions about Mr. Dennis's past role and responsibilities at Raging Bull. Mariella Decl. Ex. A at 5. But under such a broad interpretation, expedited discovery would be limitless and the FTC could essentially ask Mr. Dennis any question remotely relevant to Raging Bull at the expedited deposition. If the expedited discovery provision had been intended to be so broad, it would have not been qualified with the word "limited" or confined to four specified categories of discovery. And if the expedited discovery provision had been intended to broadly encompass preparation for the preliminary injunction hearing, it would have granted all parties leave to conduct such discovery, not just the FTC and the Temporary Receiver. The expedited deposition that the FTC seeks would constitute free merits discovery in addition to the merits discovery that the FTC will be entitled to conduct at a later stage in this case.

Further, if the FTC thought broad expedited discovery on Mr. Dennis's past role and responsibilities at Raging Bull in preparation for the preliminary injunction hearing was necessary and proper, it could have requested such discovery and explained good cause for such discovery to this Court when it filed the TRO motion. In other cases, the FTC has, in fact, requested such expedited discovery relating to an individual defendant's relationship with a corporate defendant. For example, in *FTC v. Zurixx, LLC*, the court granted expedited discovery on the same four topics listed in the expedited discovery provision in the TRO in this case, plus two *additional* topics: (1) "control of the Corporate Defendants" and (2) "information related to Individual Defendants' role in Corporate Defendants' business transactions and operations." No. 2:19-CV-00713, 2019 WL 7790890, at *12 (D. Utah Oct. 1, 2019); *see also*, *e.g.*, *FTC v. Cardiff*, No. EDCV182104DMGPLAX, 2020 WL 3867294, at *1 (C.D. Cal. July 2, 2020) (granting expedited discovery "regarding [individual defendant's] involvement with and relationship to [entity]" in addition to discovery regarding "the nature and disposition of [entity's] assets, and compliance with the TRO"). The FTC could have requested and attempted to justify broader expedited discovery here, but it did not. Instead, it requested expedited discovery only "to locate and secure relevant documents and assets." [ECF No. 2-1 at 54.] And, accordingly, the Court granted such limited expedited discovery only "for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with [the TRO]." [ECF No. 64 at XXV, p.30.]

In any event, the FTC would have been unable to demonstrate—and cannot demonstrate now—good cause for such early merits discovery. First, the FTC has had access to an extraordinary amount of information even prior to filing the Complaint in this case, as

demonstrated by the 3,061 pages of evidence attached to its TRO motion. Second, Mr. Dennis himself requested leave to testify at the hearing on the very topics on which the FTC seeks to depose him. The FTC will thus have a robust record on those topics after the hearing. Third, the FTC currently has access to every document in Raging Bull's possession, presumably including hundreds of thousands of emails and Slack messages between Raging Bull employees, including Mr. Dennis, that reflect their roles and responsibilities at Raging Bull, as demonstrated by the approximately 1,500 additional pages of evidence that the FTC was able to attach to its reply brief. And finally, the FTC cannot point to any reason why expedited discovery on the merits of its claims should be one-sided or why no defendant should be entitled to conduct discovery in preparation for the preliminary injunction hearing. The FTC cannot point to any good cause for seeking to depose Mr. Dennis on the merits of the claims against him at this early stage in the litigation, while exempting that deposition from the Federal Rules of Civil Procedure's limitations and precluding Mr. Dennis from conducting any early discovery of his own.

## II.     An Expedited Deposition of Mr. Dennis Would Be Unduly Burdensome and Prejudicial.

Denying Mr. Dennis's requested protective order and permitting the FTC to conduct early discovery on the merits of its claims against Mr. Dennis would be unjust, unduly burdensome, and would prejudice Mr. Dennis. First, the FTC seeks to use the expedited discovery it has been granted for far broader purposes than it represented were necessary when it obtained the TRO and to gain an unfair advantage by deposing Mr. Dennis on the merits of the claims against him prior to the preliminary injunction hearing. The Court should not sanction such conduct—if the FTC contends it is entitled to extraordinary relief that is exempt from the Federal Rules of Civil Procedure, it must request and justify that relief with the Court. *See* Fed. R. Civ. P. (d)(1) ("A

party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order.")  Here, it did not do so.

Second, an expedited deposition on the merits of the claims against Mr. Dennis would essentially be a one-sided opportunity for the FTC to prepare for the preliminary injunction hearing, while Mr. Dennis and the other Defendants are not permitted to conduct *any* discovery prior to the hearing, including depositions of the FTC's expert witness or the more than twenty consumer declarations on which the FTC has relied.  This one-sided opportunity would be in addition to the other material advantages that the FTC has had at its disposal, including its extensive and secret investigation into this case before filing the Complaint and its current unfettered access to all of Raging Bull's records.  The FTC cannot point to any reason that it should be the only party permitted to use discovery to build its case prior to the preliminary injunction hearing.

Third, if the deposition is permitted under the expedited discovery provision, the FTC would be permitted to depose Mr. Dennis again later in this case, and their expedited deposition would not count towards their ten-deposition limit under the Federal Rules.  Permitting the FTC to depose Mr. Dennis twice on the merits of the claims against him would afford the FTC yet another advantage in this case to which no other party is entitled.

Finally, preparing and sitting for two full, seven-hour depositions of Mr. Dennis in this matter would cost Mr. Dennis tens of thousands of dollars in attorneys' fees.  Such fees would be unduly costly and burdensome for Mr. Dennis, whose assets are frozen under the TRO.

## CONCLUSION

For the foregoing reasons, the Court should enter a protective order (a) quashing the FTC's notice of deposition and ordering that any expedited deposition can cover only topics permitted by

the expedited discovery provision of the TRO and cannot cover topics solely relevant to the merits of the FTC's claims or Mr. Dennis's defenses, such as Mr. Dennis's past role and responsibilities at Raging Bull or (b) ordering that Mr. Dennis's expedited deposition is subject to the limitations and conditions set forth in Rule 30(a)(2) of the Federal Rules of Civil Procedure, meaning that the FTC cannot depose Mr. Dennis twice and that the deposition will count towards the FTC's ten-deposition limit, and permitting all parties to conduct reciprocal discovery in preparation for the PI hearing.

Dated: February 17, 2021

Respectfully submitted,

/s/ Matthew L. Schwartz
Matthew L. Schwartz
John T. Zach
Sabina Mariella
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York
Tel.: (212) 446-2300
E-mail: mlschwartz@bsfllp.com
jzach@bsfllp.com
smariella@bsfllp.com

Jonathan Shaw (Bar No. 11328)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel: 202 274 1123
E-mail: jshaw@bsfllp.com

Brian Levin
LEVIN LAW, P.A.
2665 South Bayshore Drive Penthouse 2B
Miami, Florida 33133
Tel: (305) 539-0593
E-mail: brian@levinlawpa.com

*Counsel for Defendants Kyle W. Dennis, Winston Corp., and Winston Research Inc.*

Case 1:20-cv-03538-GLR   Document 171   Filed 02/17/21   Page 13 of 14

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2021 a true and accurate copy foregoing was properly served on all parties through the ECF system.

/s/ Matthew L. Schwartz
Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York
Tel.: (212) 446-2300
E-mail: mlschwartz@bsfllp.com
