IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-03538 - GLR |
| | ) |
| RAGINGBULL.COM, LLC f/k/a | ) |
| LIGHTHOUSE MEDIA LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OF DEFENDANTS SHERWOOD VENTURES, LLC AND JASON BOND, LLC**

Defendants Sherwood Ventures, LLC ("Sherwood") and Jason Bond, LLC ("Bond, LLC") respectfully submit this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") filed by the Federal Trade Commission ("FTC"), and in support state as follows.

## INTRODUCTION

With no basis, the FTC has improperly named Sherwood and Bond, LLC as defendants in the matter. As alleged, Sherwood and Bond, LLC are nothing more than the companies that hold ownership interests in Raging Bull for Defendants Bishop and Bond[1] and which receive the distributions paid to them. There is no plausible allegation that Sherwood and Bond, LLC conduct or transact business, hold or commingle Raging Bull funds, conduct any advertising, or cannot be distinguished from Raging Bull. The FTC's allegations that Sherwood and Bond, LLC acted as part of a "common enterprise" with Raging Bull fail as a matter of law.

---

[1] Defendants Bishop and Bond are not seeking dismissal as the FTC has alleged that they are personally liable for the acts of Raging Bull based on their participation in and authority to control Raging Bull's actions. *See F.T.C. v. Ross*, 743 F.3d 886, 892-93 (4th Cir. 2014) (citing *F.T.C. v. Amy Travel Service, Inc.*, 875 F.2d 564, 573-74 (7th Cir. 1989)).

## BACKGROUND

The FTC filed its original complaint in this action on December 7, 2020 alleging that five corporate defendants, including Sherwood and Bond, LLC, and three individual defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403, in connection with the sale and marketing of Raging Bull's goods and services. On February 4, 2021, the FTC filed its Amended Complaint, which was identical in substance to its original pleading, but removed MFA Holdings, Corp. ("MFA") as a defendant in this action. (ECF No. 164-1.) Like with these Defendants, the seminal allegations against MFA were that it held shares in and received distributions from Raging Bull.[2]

In its Amended Complaint, the FTC's sole alleged basis for holding Sherwood and Bond, LLC liable for violations of the FTCA and ROSCA is a single, conclusory allegation that Sherwood and Bond, LLC have operated as part of a common enterprise with Defendants Raging Bull, Winston Corp., and Winston Research, Inc. (Am. Compl. at ¶ 19.) Conceding that it cannot possibly allege that Sherwood and Bond, LLC should be held directly liable under the FTCA and ROSCA for their own conduct, the FTC improperly attempts to sweep Sherwood and Bond, LLC into this action as part of an alleged "common enterprise." The FTC's attempt must be rejected because it has not plausibly alleged that Sherwood and Bond, LLC engaged in conduct as part of a common enterprise. Indeed, the FTC barely alleges anything at all against Sherwood and Bond, LLC in the Amended Complaint.

Against Sherwood, the FTC alleges that it is a "Texas corporation" which owns 65% of Raging Bull, is owned by Jeffrey Bishop ("Bishop") with a "principal place of business" at Raging

---

[2] Prior to the FTC dropping MFA from this lawsuit, MFA argued that the FTC's allegation that MFA engaged in a "common enterprise" failed as a matter of law. (*See* ECF Nos. 45; 123.)

Bull's address, and used to hold the registration for the domain ragingbull.com. (*Id.* at ¶¶ 12, 15.) Bishop sometimes receives money from Raging Bull through Sherwood. (*Id.* at ¶ 12.) The FTC also claims that Sherwood "transacts or has transacted business in this district and throughout the United States" and that Bishop signs Raging Bull business documents "on behalf of Sherwood" but offers no fact allegations to support these conclusory assertions. (*Id.* at ¶ 15.)

Against Bond, LLC, the FTC alleges that it is a "Delaware corporation" owned by Jason Bond ("Bond") with a "principal place of business" at Bond's home, and has been listed as a 25% owner in Raging Bull. (*Id.* at ¶¶ 13, 16.) Bond sometimes receives money from Raging Bull through Bond, LLC. (*Id.* at ¶ 13.) The FTC also claims that Bond, LLC "transacts or has transacted business in this district and throughout the United States" and that Bond signs Raging Bull business documents "on behalf of Jason Bond, LLC" but offers no fact allegations to support these conclusory assertions. (*Id.* at ¶¶ 13, 16.)

The FTC does not allege that either Sherwood or Bond, LLC actually do anything or take any actions of any kind. As alleged, they merely hold Bishop's and Bond's ownership interests in Raging Bull and are the entities into which Bond and Bishop are sometimes paid by Raging Bull. There are simply no alleged facts to support a claim that Sherwood and Bond, LLC engaged in a common enterprise with Raging Bull.

## ARGUMENT

**I.     The FTC Fails to Allege that Sherwood or Bond, LLC are Directly Liable Under the FTCA or ROSCA.**

The FTC makes no attempt, nor can it, to allege that Sherwood or Bond, LLC acted in a way that either entity could be held liable under the FTCA or ROSCA. "To establish that a corporation … is liable for deception under Section 5 of the FTC Act, the FTC must prove: (1) there was a representation; (2) 'that was likely to mislead consumers acting reasonably under the

3

circumstances'; and (3) 'the representation was material.'" *In re Sanctuary Belize Litig.*, 409 F. Supp. 3d 380, 415 (D. Md. 2019) (quoting *FTC v. Loma Int'l Bus. Grp. Inc.*, No. 11-cv-1483, 2013 WL 2455986, at *3-4 (D. Md. June 5, 2013)).

The FTC's claims against Sherwood and Bond, LLC fail on this first element. To plausibly allege a Section 5 claim, "[t]he FTC **must** [allege] that a defendant made **some** representation … ." *Loma Int'l*, 2013 WL 2455986, at *4 (emphasis added) (citing *FTC v. Patriot Alcohol Testers, Inc.*, 798 F. Supp. 851, 855 (D. Mass. 1992)). The Amended Complaint is devoid of even one instance where either Sherwood or Bond, LLC made any representation, much less a deceptive representation to consumers. (*See generally* Am. Compl.)

The FTC also fails to state a claim against Sherwood or Bond, LLC for a ROSCA violation. Under ROSCA, it is unlawful to "charg[e] consumers for goods or services in Internet transactions through a negative option feature, unless the seller 'provides text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information.'" *See Fed. Trade Comm'n v. DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2018 WL 3911196, at *22 (N.D. Cal. Aug. 16, 2018) (quoting 15 U.S.C. § 8403(1)). ROSCA also "requires sellers to obtain a 'consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction.'" *Id.*

The FTC's ROSCA claim fails as to Sherwood and Bond, LLC because there is not a single allegation that either entity charged **any** consumer for **any** goods or services in Internet transactions, much less that they did so using a negative option feature in a way that ROSCA prohibits. (*See generally* Am. Compl.)

**II. The FTC has Failed to Allege that Sherwood and Bond, LLC are Part of a "Common Enterprise."**

Understanding that it cannot allege in good faith that either Sherwood or Bond, LLC directly violated the FTCA or ROSCA, the FTC appears to rely solely on the argument that Sherwood and Bond, LLC should be held liable because they allegedly operate as a common enterprise with Raging Bull. The FTC relies on this theory because "'where corporate entities operate together as a common enterprise, each may be held liable for the deceptive acts and practices of the others.'" *In re Sanctuary Belize Litig.*, 409 F. Supp. 3d 380, 397 (D. Md. 2019) (quoting *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014)). The FTC, however, has not satisfied any factor that would allow this court to determine that either Sherwood or Bond, LLC can or should be held liable for the acts of Raging Bull and others. Because the FTC has failed to adequately allege that Sherwood or Bond, LLC are part of a common enterprise, the Amended Complaint should be dismissed as to those entities.

"To determine whether a group of defendants operated as a common enterprise, courts 'look to a variety of factors, including: common control, the sharing of office space and officers, whether business is transacted through a maze of interrelated companies, the commingling of corporate funds and failure to maintain separation of companies, unified advertising, and evidence which reveals that no real distinction existed between the Corporate Defendants." *In re Sanctuary Belize Litig.*, 409 F. Supp. 3d at 397 (quoting *CFTC v. Noble Wealth Data Info. Servs. Inc.*, 90 F. Supp. 2d 676, 691 (D. Md. 2000)). *See also F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014) (factors for common enterprise include whether defendants: maintain common officers and employees; operate under common control; share offices, commingle funds; and share advertising and marketing). "Thus, to state a claim for common enterprise liability, a plaintiff must

allege facts plausibly supporting the existence of these factors." *Tax Club, Inc.*, 994 F. Supp. 2d at 469.

**Common Control.** The FTC does not allege that the corporate entities making up the purported "common enterprise" operate under common control. Indeed, the FTC's own pleading makes clear that these are separate and distinct entities. According to the FTC, Sherwood is owned and controlled by Bishop (Am. Compl. ¶ 12) and Bond, LLC is owned and controlled by Bond (*id.* ¶ 13). Two other alleged common enterprise entities, Defendants Winston Research Inc. and Winston Corp. (collectively, "Winston"), are allegedly owned by Defendant Kyle W. Dennis. (*Id.* ¶ 14.) None of these entities are alleged to be under common control with each other.

Further, Raging Bull – the only corporate entity alleged to have engaged in direct wrongful conduct – is owned in part by Sherwood (65%), Bond, LLC (25%) (*id.* ¶ 22), and an entity already dismissed from this action, MFA (10%). Thus, none of Raging Bull, Sherwood, Bond, LLC, or Winston are alleged to be under common control. And the fact that Sherwood and Bond, LLC "shar[e] some common ownership interests" of Raging Bull is insufficient to find common enterprise liability. *See F.T.C. v. Kuykendall*, 371 F.3d 745, 758-59 (10th Cir. 2004) (reversing finding that a corporate defendant was part of a common enterprise due to the FTC's failure "to provide [the court] with any reason to believe other corporate defendants could control [the primary defendant], or that the corporate structure was nothing more than an effort to conceal the assets of [the primary defendant] and not a legitimate liability-limiting arrangement.").

**Sharing of Office Space and Officers.** The FTC does not adequately allege that the purported common enterprise entities share office space and officers. The FTC makes the conclusory allegation that the "Corporate Defendants … share … officers, managers, employees, and office locations." (Am. Compl. ¶ 19.) But nowhere does the FTC allege which officers,

managers, employees, and office locations are shared among the purported common enterprise entities. Indeed, the FTC does not allege that either Sherwood or Bond, LLC even have an office space or officers. Again, the Amended Complaint belies the FTC's alleged common enterprise legal conclusion. (*See* Am. Compl. ¶ 15 (Sherwood's alleged principal place of business is 62 Calef Hwy., Ste. 223, Lee, NH); ¶ 16 (Bond, LLC's alleged principal place of business is 22 Foss Farm Rd., Durham, NH); ¶ 17 (Winston's alleged principal place of business is 857 Indian Trail Dr., Kingsport, TN).)

There is simply nothing in the Amended Complaint to suggest that these entities "share a principal place of business" or "share a common control and ownership structure," which puts the FTC's flimsy allegations here decidedly outside of a sufficiently alleged common enterprise. *See Fed. Trade Comm'n v. Nudge, LLC*, 430 F. Supp. 3d 1230, 1240 (D. Utah 2019) (holding that FTC adequately alleged common enterprise where it alleged that three LLCs all shared a principal place of business, common control and ownership structure, and transferred millions of dollars between the three entities).

***Commingling of Corporate Funds.*** The FTC does not allege that Sherwood or Bond, LLC commingled corporate funds, either with each other or with Raging Bull (or anyone else). To the contrary, the FTC alleges that Raging Bull collects revenue and distributes it to Sherwood and Bond, LLC as "profit distributions, commissions, or wages." (Am. Compl. ¶ 19.) There is no allegation that these entities share corporate bank accounts with each other or Raging Bull or otherwise commingle corporate funds. Moreover, the single conclusory allegation that Sherwood and Bond, LLC received "profit distributions" from Raging Bull is insufficient. *See FTC v. Vacation Prop. Servs.*, No. 8:11-cv-00595, 2012 WL 1854251, at *5 (M.D. Fla. May 21, 2012) (evidence insufficient to find a common enterprise where "each company [] dealt independently

with its own customers," and "the record does not establish that the entities commingled corporate funds," even though one of the corporate defendants "made periodic payments to [the other corporate defendant]."). Sherwood and Bond, LLC no more "commingle funds" with Raging Bull than any other entity that receives payments from Raging Bull in the ordinary course of business.

***Shared Advertising and Marketing.*** Though the FTC alleges numerous examples of Raging Bull advertisements throughout the Amended Complaint, the FTC does not make any allegations that Sherwood or Bond, LLC do any advertising, much less share advertising or customers with each other or Raging Bull. Again, there is no fact allegation that either Sherwood or Bond, LLC actually do anything – much less advertise (for what?) – except hold an ownership interest and receive payments. This is insufficient as a matter of law. *See Cunningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at *4 (W.D.N.Y. Sept. 26, 2018) (plaintiff failed to allege a common enterprise between two LLCs where it "offer[ed] no well-pleaded facts to support these assertions").

***Transacting Business Through Maze of Interrelated Companies.*** "The law on common enterprise instructs the court to focus on whether the same individuals transact business through a maze of interrelated companies." *Fed. Trade Comm'n v. Zurixx, LLC*, No. 2:19CV713-DAK-DAO, 2020 WL 6898341, at *3 (D. Utah Nov. 24, 2020) (quotations omitted). Utterly missing from the Amended Complaint are any allegations that the purported common enterprise entities transact business with or for each other or that Sherwood or Bond, LLC perform operations for Raging Bull. *See, e.g.*, *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-CV-00720-CL, 2019 WL 1746581, at *71 (D. Or. Apr. 18, 2019) (finding that entities operated as common enterprise, *i.e.*, as "a maze of interrelated companies" by working together to "sell subscriptions, fulfill orders, and provide customer service."); *F.T.C. v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D.

Cal. 2000) (three entities conducted business through a maze of interrelated companies by "purportedly operating the same web sites"); *Fed. Trade Comm'n v. Lanier L., LLC*, 194 F. Supp. 3d 1238, 1272–73 (M.D. Fla. 2016) ("these entities operated together, as a maze of interrelated companies, to solicit consumers through a mail campaign … , answer calls and enroll consumers using similar sales tactics and client agreements … , and provide consumers with some level of foreclosure defense services … ."). As alleged, Sherwood and Bond, LLC are owned by Bishop and Bond, respectively (Am. Compl. ¶¶ 12-13) and those entities receive distributions from Raging Bull (*id.* ¶ 19). But that's it. The FTC does not allege that Sherwood or Bond, LLC do anything with respect to Raging Bull's business other than being part owners.

## CONCLUSION

For the foregoing reasons, and as the FTC has not plausibly alleged any of the common factors courts use to determine whether there is a common enterprise, the FTC's allegations of actions of Raging Bull and others cannot be imputed to Sherwood and Bond, LLC. Accordingly, the Amended Complaint should be dismissed as to Sherwood and Bond, LLC.

Dated: April 16, 2021

Respectfully submitted,

Sherwood Ventures, LLC and Jason Bond, LLC

By: /s/ *Brett M. Doran*
David G. Barger (DCB# 469095)
Greenberg Traurig LLP
1750 Tysons Blvd, Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Email: bargerd@gtlaw.com

Andrew G. Berg (*admitted pro hac vice*)
2101 L Street, N.W.
Suite 1000
Washington DC 20037

Tel: (202) 331- 3100
Email: berga@gtlaw.com

Miriam G. Bahcall (*admitted pro hac vice*)
Brett M. Doran (admitted *pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 476-5135
Email: bahcallm@gtlaw.com
Email: doranb@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of April 2021 a true and accurate copy of the foregoing Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) of Defendants Sherwood Ventures, LLC and Jason Bond, LLC, was properly served on all parties through the ECF system.

/s/ *Brett M. Doran*