UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>    Plaintiff,<br><br>v.<br><br>**RAGINGBULL.COM, LLC**, et al.,<br><br>    Defendants. | Case No. 1:20-cv-3538-GLR |

**DEFENDANTS KYLE W. DENNIS, WINSTON RESEARCH, INC., AND WINSTON CORP.'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO STAY**

Defendants Kyle W. Dennis, Winston Research Inc., and Winston Corp. (the "Dennis Defendants") respectfully submit this response to Plaintiff Federal Trade Commission's Emergency Motion to Stay. [ECF No. 229.] The Dennis Defendants object to a stay of this action, and particularly of briefing on their Motion to Dismiss and Motion to Strike the Federal Trade Commission's Request for Monetary Relief Under Section 13(b) of the FTC Act. [ECF No. 225.] The FTC's motion proposes to hold this case in abeyance for at least six weeks, after which the FTC will file a motion for leave to file a second amended complaint – an amendment that would be both pointless and futile.

The FTC seeks to amend its complaint for a second time in light of the Supreme Court's unanimous, unequivocal ruling that the FTC cannot obtain monetary relief pursuant to Section 13(b) of the FTC Act. *AMG Capital Management, LLC v. FTC*, No. 19-508, 2021 WL 1566607 (U.S. Apr. 22, 2021). But there is no good cause to delay this case just so the FTC can strip out its legally baseless monetary demand. The Dennis Defendants have already moved to strike the same request for relief under Federal Rule of Civil Procedure 12(f), and have expended substantial

resources in doing so.  The Dennis Defendants' motion, moreover, was based on the precise logic adopted by the Supreme Court in *AMG*.  Granting the Dennis Defendants' motion to strike will therefore result in the same end result as the FTC's contemplated amendment, and will do so far more efficiently than the mechanism proposed by the FTC, which will conservatively take four months or more.[1]  In conferring on this motion, counsel for the Dennis Defendants suggested this approach, to which the FTC has not provided a response.

 Any proposed amendment along the lines contemplated by the FTC's motion would also be futile as against the Dennis Defendants, for all of the reasons given in their motion to dismiss and presented to the Court in the course of the preliminary injunction litigation.  Simply put, the Dennis Defendants should not be part of this case.  Kyle Dennis was one of many employees of Raging Bull, whose responsibilities included providing educational content to paid subscribers, not creating, reviewing, or approving marketing materials let alone being involved in corporate policy about how subscribers could unsubscribe from the company's products.  Mr. Dennis has already spent substantial resources defending against the FTC's attempts to freeze his assets and impose an injunction, and in moving to dismiss the FTC's Amended Complaint.  He should not have to wait several more months with these claims hanging over him, and be forced to unnecessarily expend additional resources in litigating against a proposed Second Amended Complaint that would inevitably fail against him and the Winston Entities.

---

[1]  The FTC has asked for at least six weeks to get internal authority to seek leave to file an amended complaint.  Assuming it receives permission, it will need to file a motion for leave to amend, which will certainly be opposed if it tries to do anything other than drop the claim for monetary relief – a briefing cycle that will take at least an additional four weeks.  The parties will then file renewed motions to dismiss (whether aimed at the current First Amended Complaint or a new Second Amended Complaint), which will take at least another four weeks – for a total of at least 14 weeks, or nearly four months, without factoring in any time for the Court to review and decide the FTC's motion for leave to amend.

The Dennis Defendants appreciate that the FTC styled its motion as only pertaining to the so-called GT Defendants. But the reality is that if the FTC is given at least six weeks to amend its complaint, that will affect the Dennis Defendants, whose motion to dismiss – unless the Court decides it before the FTC files an amended complaint – will be mooted, and who will then have to refile their motion and suffer the attendant delay. *See Venable v. Pritzker*, No. GLR-13-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014), *aff'd*, 610 F. App'x 341 (4th Cir. 2015). Given that the FTC has already used its amendment as of right, the Dennis Defendants respectfully submit that the appropriate and fair way to proceed would be for the Court to decide the pending motions to dismiss, including the motion to strike, which will address the *AMG* issue. If the FTC believes that it is appropriate that it be granted leave to amend to address the many pleading deficiencies in its complaint, it may make that argument in opposing the motions, and the Court can decide the issue in that context. *See, e.g.*, *Frazier v. Experian Information Solutions, Inc.*, No. GLR-18-68, 2018 WL 6726311 (D. Md. Dec. 21, 2018). In parallel, the FTC can go through its internal approval process.

This case should be resolved expeditiously as to the Dennis Defendants, not delayed for months so that the FTC can effectively re-start this case – all because of a Supreme Court ruling that was entirely foreseeable.[2] The FTC's motion to stay should be denied.

---

[2] To say that the FTC saw *AMG* coming is an understatement. For example, just days before the decision was issued, the full Commission testified to the U.S. Senate Committee on Commerce, Science, and Transportation about the need to pass a legislative fix in light of the "recent judicial trends" that foreshadowed the Court's decision in *AMG*. *See* Prepared Statement of the Federal Trade Commission: Strengthening the Federal Trade Commission's Authority to Protect Consumers (Apr. 20, 2021), *available at* tinyurl.com/usftc. A cynic might say that the FTC is seeking additional delay in order to attempt to keep all the parties in this case until Congress passes a new law reviving its monetary claims – a possibility that further underscores the prejudice to the Dennis Defendants from delay.

Dated: April 28, 2021

Respectfully submitted,

 /s/ Matthew L. Schwartz
Matthew L. Schwartz (*pro hac vice*)
John T. Zach (*pro hac vice*)
Sabina Mariella (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York
Tel.: (212) 446-2300
E-mail:   mlschwartz@bsfllp.com
              jzach@bsfllp.com
              smariella@bsfllp.com

Jonathan Shaw (Bar No. 11328)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel: 202 274 1123
E-mail: jshaw@bsfllp.com

Brian Levin (*pro hac vice*)
LEVIN LAW, P.A.
2665 South Bayshore Drive Penthouse 2B
Miami, Florida 33133
Tel: (305) 539-0593
E-mail: brian@levinlawpa.com

*Counsel for Defendants Kyle W. Dennis, Winston Corp., and Winston Research Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2021 a true and accurate copy foregoing was properly served on all parties through the ECF system.

/s/ Matthew L. Schwartz
Matthew L. Schwartz
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York
Tel.: (212) 446-2300
E-mail: mlschwartz@bsfllp.com
