UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>    Plaintiff,<br>v.<br><br>**RAGINGBULL.COM, LLC**, et al.,<br><br>    Defendants. | Case No. 1:20-cv-3538 |

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY STAY OF BRIEFING AND DISCOVERY

Plaintiff the Federal Trade Commission ("FTC") submits this reply in further support of its emergency motion for a temporary stay of briefing and discovery as to Defendants RagingBull.com, LLC, Sherwood Ventures, LLC, Jason Bond, LLC, Jeffrey M. Bishop, and Jason Bond (collectively, "GT Defendants"), ECF No. 229.

On April 22, 2021, the Supreme Court decided *AMG Capital Management, LLC v. FTC*, No. 19–508, 593 U.S. ____, 2021 U.S. LEXIS 2108 (2021) (slip op.), overturning more than forty years of precedent upon which the FTC relied in pleading its complaint here. In light of that decision, FTC counsel promptly reached out to the GT Defendants and counsel for Kyle W. Dennis, Winston Research Inc., and Winston Corp. (collectively, "Dennis Defendants"), to request a temporary stay of the briefing on the pending motions to dismiss, so that the FTC could seek approval from the Commission and leave of the Court to amend its complaint in light of this ruling. GT Defendants consented to the relief requested and also proposed a stay as to the commencement of discovery, which the FTC agreed to seek from the Court.[1]

---

[1] When asked by FTC counsel, the Dennis Defendants refused to consent to a stay on the briefing deadline applicable to their pending motion (ECF No. 225). Thus, the FTC has sought only a temporary stay as to the briefing deadlines and commencement of discovery applicable to the GT Defendants. The FTC intends to respond to the Dennis Defendants' motion, and this response is presently due on May 18.

Despite the limited stay sought by the FTC and consented to by the GT Defendants, Dennis Defendants now opposes the motion for stay, even though this would stay no deadline as to the Dennis Defendants' pending motion to dismiss. In further support of its motion for a stay, the FTC states the following.

## ARGUMENT

First, the limited stay the FTC seeks here would not prejudice the Dennis Defendants.[2] The Dennis Defendants are not under any preliminary order and discovery has not begun against them. A temporary stay of six weeks is not unreasonable or improper in light of the circumstances here, especially where the Dennis Defendants have already obtained an extension (that the FTC consented to) for their response to the FTC's original complaint. ECF No. 168.[3] The FTC is not seeking a stay of briefing on the Dennis Defendants' motion.

To the extent that parts of the Dennis Defendants' motion are affected by any amendments, they can renew their motion to challenge the amended complaint when it is filed or file a modified motion to dismiss that addresses the new pleading. In fact, it would be an inefficient use of the parties' and the Court's resources to require extensive briefing on issues pertaining to any pleading deficiencies on the existing complaint, when the FTC will be taking steps to amend that complaint. As Dennis Defendants note, some of the matters pending on their motion to dismiss and strike could well be mooted. Dennis Oppo. at 3. Any arguments that are not mooted can be easily refiled and addressed after the complaint is amended.[4] Nevertheless,

---

[2] The FTC is an independent federal agency and complaints (and amendments to a complaint) recommended by FTC staff must be considered, voted on and approved by FTC Commissioners through a formal process. As noted in plaintiff's motion, FTC counsel is informed that that review and approval process could take up to six weeks. If the Commission approves the amended complaint before then, FTC counsel will seek to file the amended complaint earlier.

[3] *Cf. Davis v. Piper Aircraft*, 615 F.2d 606 (4th Cir. 1980) (delay of four months, related to amending a complaint, was not unduly prejudicial where there was no "specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent.").

[4] Further, much of the delay Dennis Defendants cite in support of their four month projection is based on their admission that they intend to oppose *any* amendment by the FTC, despite the fact

because the Dennis Defendants did not consent to a stay with regard to their motion, the FTC is not seeking a stay of briefing on their Motion to Dismiss.[5]

Second, the Dennis Defendants' argument that the FTC should have just consented to their motion is specious because the relief they request in their motion to strike goes beyond what *AMG* could provide them. Their motion seeks to strike *all* monetary relief against Dennis from the FTC's First Amended Complaint, despite the availability of monetary relief of Section 19 of the FTC Act. As the Supreme Court made clear in its opinion, "[n]othing … prohibits the Commission from using its authority under §5 and §19 to obtain restitution on behalf of consumers." *AMG*, slip op. at 14, 2021 U.S. LEXIS 2108, at *24.

Third, Dennis Defendants' argument that *AMG* was expected misses the point. No matter what one expected the Supreme Court to do, the law of this Circuit—prior to April 22, 2021—was that FTC possessed authority to obtain monetary redress under § 13(b). *FTC v. Ross*, 743 F.3d 886, 890 (4th Cir. 2014). That authority had existed for decades. *AMG*, slip op. at 4-5, 2021 U.S. LEXIS 2108, at *10 (Apr. 22, 2021); *see also* Order of Dec. 15, 2020, ECF No. 56 at 3-4. No one can predict the contours of an anticipated Supreme Court decision, and the FTC

---

that leave to amend is "freely granted," particularly where discovery has not even begun. Fed. R. Civ. P. 15 ("The court should freely give leave when justice so requires."); *see also United States ex rel. Radcliffe v. Purdue Pharma Ltd. P'ship*, 737 F.3d 908, 920 (4th Cir. 2013) ("[l]eave to amend a complaint should generally be freely granted."); *Laber v. Harvey*, 438 F.3d 404 (4th Cir 2006) (noting, for example, that "[a]n amendment is not prejudicial … if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.").

[5] Should the Court find it more efficient to stay all motions, the FTC notes that delay of the Dennis Defendants' motion would not prejudice them in any case, because that motion would not achieve the result Dennis Defendants hope for. The fact remains that Kyle Dennis made numerous unsubstantiated and deceptive earnings claims to consumers, including on numerous promotional videos captured by the FTC. Dennis's direct participation is clear and the FTC's authority to obtain an injunction to prevent future such conduct by him remains unequivocal. As the FTC is prepared to brief in response to the Dennis Defendants' pending motion, Dennis' contention that he cannot be held liable under the FTC Act because he was merely an "employee" of Raging Bull and not its owner is simply not tenable. *See, e.g.*, *In re Sanctuary Belize*, 482 F. Supp. 3d 373, 449 (D. Md. 2020) (finding an individual liable under Section 5 where he was "deeply enmeshed in … marketing and sales efforts" and "in his own words, the 'reputable' public face of [the enterprise], appearing in infomercials, starring in sales webinar, and giving spirited presentations to tour groups …."); *In re Sanctuary Belize*, No. 18-3309, 2019 WL 1934673, *2 (D. Md. Apr. 30, 2019) (denying 12(b)(6) motion by an individual defendant who allegedly promoted deceptive claims of the corporate enterprise directly to consumers "through various marketing videos").

3

could not have possibly known how it would need to amend its complaint without seeing the Court's final decision.

Fourth, the Dennis Defendants' arguments regarding the futility of amending the FTC's complaint are premature and do not justify denying the present request for a limited, temporary stay as to discovery, which has not begun, and as to the GT Defendants' motion to dismiss, which the GT Defendants do not oppose. The Dennis Defendants' assertion that "a proposed Second Amended Complaint … would inevitably fail against [Dennis] and the Winston Entities" is pure speculation when the FTC has not even proposed its amendments yet.

## CONCLUSION

For the reasons stated herein, this Court should grant the FTC's requested relief.

Respectfully submitted,

Alden F. Abbott
General Counsel

Dated: April 29, 2021

　/s/  Gordon E. Sommers
Colleen Robbins (D. Md. Temp Bar No. 92567)
Sung W. Kim (D. Md. Temp Bar No. 814609)
Gordon E. Sommers (D. Md. Temp. Bar No. 814431)
Laura C. Basford (D. Md. Temp. Bar No. 814888)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2211; skim6@ftc.gov
(202) 326-2504; gsommers@ftc.gov
(202) 326-2343; lbasford@ftc.gov
(202) 326-3395 (Facsimile)

*Attorneys for Plaintiff*
*Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to counsel of record for Defendants and the Temporary Receiver.

                                              */s/ Gordon E. Sommers*
                                              Gordon E. Sommers