**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br>        Plaintiff, <br> v. <br><br> **RAGINGBULL.COM, LLC**, et al., <br><br>        Defendants. | Case No. 1:20-cv-3538 |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The Federal Trade Commission ("FTC") respectfully moves this Court for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a).  The FTC seeks to amend its first amended complaint to: 1) remove the FTC's request for equitable monetary relief under Section 13(b) of the FTC Act, in light of the Supreme Court's recent decision in *AMG Capital Management, LLC v. FTC*, 141 S. Ct. 1341 (2021), and make related changes, 2) remove Winston Corp. and Winston Research Inc. from the complaint,[1] 3) modify Count III to remove Defendant Kyle Dennis ("Dennis") from the count; and 4) allege additional facts supporting the FTC's claims against all Defendants.

In support of this motion, the FTC is submitting a copy of the proposed Second Amended Complaint and a redline showing the proposed changes from the first amended complaint, which are attached hereto as **Exhibits A** and **B** respectively.

---

[1] This Court has already dismissed Winston Corp. and Winston Research Inc. from this matter. ECF No. 235.

**BACKGROUND**

On December 7, 2020, the FTC commenced this action and filed its initial complaint. ECF No. 1.  On February 4, 2021, the FTC filed an amended complaint (the "FAC") solely to dismiss MFA Holdings Corp. from this action.[2]  ECF No. 164, 164-1.  On or around April 26, 2021, the FTC informed counsel for Defendants that it would be seeking leave to amend the FAC, in light of the Supreme Court's recent decision in *AMG*.  The FTC also requested the Defendants' consent to a temporary stay until the FTC moved to amend the FAC.  Defendants RagingBull.com, LLC, Jeffrey M. Bishop, Jason Bond, Sherwood Ventures, LLC, and Jason Bond, LLC (collectively "the GT Defendants") all agreed to a stay until June 7, 2021.  ECF No. 229.  Defendant Dennis did not agree.  ECF No. 230.  This Court granted the temporary stay as to the GT Defendants.  ECF No. 232.  Pursuant to Local Rule 103(6)(d), on June 4, 2021, FTC counsel provided Defendants' counsel with a copy of the proposed amended complaint and asked if they would consent to the FTC's motion for leave to file an amended complaint.  The GT Defendants have not taken a position as to whether they consent to or oppose the motion. Defendant Dennis has not responded to indicate whether he will consent to or oppose the motion.

The FTC's proposed amended complaint would remove the FTC's request for equitable monetary relief under Section 13(b) of the FTC Act, in light of the Supreme Court's recent decision in *AMG*, and make related changes throughout the complaint regarding the FTC's authority to obtain monetary relief under that section.[3]  The proposed amended pleading would also allege additional facts supporting the FTC's claims against the Defendants, including that

---

[2] Since none of the Defendants had answered the initial complaint at that time, the FTC amended as of right under Fed. R. Civ. P. 15(a).

[3] The amended complaint also corrects a scrivener's error in the FAC, and refers to RagingBull.com, LLC, Sherwood Ventures, LLC, and Jason Bond, LLC as limited liability companies rather than "corporations."

Defendant Jeff Bishop has stated that Defendants do not possess substantiation for the earnings claims they make to consumers, that Defendants Sherwood Ventures, LLC and Jason Bond, LLC share employees with Raging Bull, and that those Defendants received large distributions of funds from the Raging Bull enterprise.  Finally, the proposed amended complaint would contain additional factual allegations concerning Defendant Kyle Dennis's role and involvement in the Raging Bull scheme, including additional examples of earnings claims and statements that Dennis made in connection with the sale and marketing of Raging Bull services, and Defendants' lack of substantiation for these earnings claims.

## DISCUSSION

### I.    Leave To Amend Pleadings Is Freely Given Under Fed. R. Civ. P. 15(a)

Federal Rule of Civil Procedure 15(a) directs that a court "should freely give leave" to a party to amend its pleading when justice so requires.  The Supreme Court has held that, in the absence of compelling circumstances, leave to amend should be granted.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[I]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'").  The Fourth Circuit typically grants plaintiffs wide latitude to file amended complaints: "it is our policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."  *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (citations omitted).

The policy of liberally permitting amendments is so strong that it circumscribes the judge's discretion.  The Fourth Circuit has held that, "while the trial court is given discretion to deny amendment, that discretion is limited by the interpretation given Rule 15(a) in *Foman*, and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits."

*Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (internal quotation marks omitted).

## II.      The FTC's Request To Amend The FAC Meets The Rule 15(a) Standard

Leave to amend a complaint should be denied "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242-43 (4th Cir. 1999) (emphasis in original; internal quotation marks omitted) (finding abuse of discretion on the part of lower court for denying plaintiff's motion for leave to amend). Furthermore, "delay alone is not sufficient reason to deny leave to amend. The delay must be accompanied by prejudice, bad faith, or futility." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986); citing *Davis v. Piper Aicraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("[d]elay alone however, without any specifically resulting prejudice, or an obvious design by dilatoriness to harass the opponent, should not suffice as a reason for denial"); *see also MercExchange, L.L.C. v. eBay, Inc.*, 271 F. Supp. 2d 784, 786-87 (E.D. Va. 2002).

The FTC's motion to file an amended complaint should be granted because there is no prejudice to defendants, the FTC has not been dilatory in its request, and none of the other listed factors are present. Indeed, within days of the *AMG* decision, FTC counsel contacted Defendants' counsel and informed them that they would be seeking Commission approval to amend the complaint to remove the monetary claim under Section 13(b) and make any other amendments before the commencement of discovery. FTC counsel provided the proposed amended complaint to Defendants' counsel shortly after it was approved by the Commission.

### A.      Defendants Will Not Be Unfairly Prejudiced By The Amended Complaint

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. "A common example of a prejudicial amendment is one that 'raises

a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006), quoting *Johnson*, 785 F.2d at 509.  Defendants will not be unfairly prejudiced by the FTC's request to amend the complaint.  Here, the proposed amendments do not expand the scope of the litigation or introduce any new theory of liability.  Instead, they remove the FTC's claims for equitable monetary relief under Section 13(b), remove one of the defendants (Dennis) from one of the existing counts (Count III), and add additional facts supporting the existing counts.  The Fourth Circuit has allowed amendments to a pleading where a party seeks to amend in order to bolster factual allegations supporting existing theories of liability.  *See Scott*, 733 F.3d at 118-19 (4th Cir. 2013) (reversing district court's denial of leave to amend and noting that the amended pleading "included numerous additional facts" and the "proposed amended complaint merely elaborates on the allegation in the original complaint").

Moreover, the Court has not entered a scheduling order and full merits discovery in this case has not commenced.  Only one set of defendants (namely, Raging Bull.com, LLC, Jason Bond and Jeff Bishop) has answered the FAC, and those defendants have requested and obtained a stay of discovery pending this Court's ruling on the FTC's motion to amend the complaint.  Defendant Dennis has not answered the FAC.  While Dennis's motion to dismiss and to strike the FAC is pending (ECF No. 225), the relief he requests therein would be largely mooted by allowing the proposed amended complaint.[4]

---

[4] Because Dennis refused to stay the briefing on his motion to dismiss, the FTC filed an opposition to Dennis' motion to dismiss the FAC on May 18, 2021.  ECF No. 236.  While the FTC contends that the FAC sufficiently pleads Dennis' liability under Section 5 of the FTC Act (Counts I and II), the proposed amended pleading here – which provides additional examples of Dennis' deceptive earnings claims – should address and moot any argument raised by Dennis regarding the sufficiency of the complaint's allegations as to his liability.  For prudential reasons, and as discussed in the FTC's opposition to Dennis's motion to dismiss, the FTC's proposed

Courts in this Circuit have freely granted leave to amend even where discovery has commenced and the case is nearing trial, which is far from the case here.  *See, e.g., Eigles v. Jong K. Kim*, No. CIV. WDQ-07-2223, 2009 WL 5108581, at *2 (D. Md. Dec. 16, 2009) ("Amendments that require little additional discovery, arise well before trial, and are not entirely unexpected do not unduly prejudice the non-moving party.") (citations removed); *Harvey*, 438 F.3d at 428 (finding no prejudice in allowing amendment where defendant had not conducted significant discovery, even though district court had already entered judgment against plaintiff).  The amended complaint will not enlarge the scope of merits discovery in this case, and the FTC is moving well before trial to amend.  In contrast, the Fourth Circuit has upheld a district court's decision allowing the amendment of a complaint a mere five weeks from trial.  *Smith v. Town of Clarkton, N. C.*, 682 F.2d 1055, 1059 (4th Cir. 1982) ("if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits") (citing *Foman*).

Nor can Defendants claim that the additional allegations are "entirely unexpected." The vast majority of the additional facts arise from Defendants' disclosures to the temporary receiver or Defendants' own court filings in this matter.  And the additional examples of earnings claims made by Defendant Dennis come from the sales videos and marketing materials that Dennis appeared in and are offered in the amended complaint to put to bed Dennis' contention that the facts pled in the FAC as to his personal involvement and participation in the deception were not sufficiently specific, or that he lacks sufficient notice of the charges against him.

---

amended pleading would also remove Dennis from the ROSCA count (Count III).  ECF No. 236 at 30.

Furthermore, Defendants bear the burden of showing that the proposed amendments to the complaint are prejudicial.  *See Mulvey Const., Inc. v. Bituminous Cas. Corp.*, No. CIV.A. 1:07-0634, 2011 WL 1231603, at *2 (S.D.W. Va. Mar. 30, 2011); *Atlantic Bulk Carrier Corp. v. Milan Express Co, Inc.*, No. 3:10CV103, 2010 WL 2929612, *4 (E.D. Va. July 23, 2010); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (burden of showing prejudice rests with party opposing amendment).  Defendants cannot meet their burden here, when discovery has not even begun and the amendments merely provide further detail and corroborate the factual allegations already set forth in the FAC.

### B.       The Proposed Amendments Are Not Futile

Second, the changes to the FAC are not futile.  The proposed amended complaint removes the claim for monetary relief under Section 13(b) in light of the *AMG* decision and pleads additional facts supporting the FTC's claims, including examples of Defendants' deceptive earnings claims.  A court must determine whether an amendment to a complaint is futile based on a motion to dismiss standard under Fed. R. Civ. P. 12(b)(6).  *MercExchange*, 271 F. Supp. at 788.  In this instance, the proposed amended complaint merely augments the FTC's already extensive factual allegations detailing the Defendants' liability under the FTC Act and, as to the GT Defendants, under ROSCA.  Defendants cannot show that such amendments are futile.

### C.       There Is No Bad Faith

Finally, the FTC has acted in good faith by seeking to amend the FAC in this matter to remove its request for equitable monetary relief under Section 13(b), in light of the recently-issued *AMG* decision.  The FTC has also acted in good faith by alleging additional facts bolstering the FTC's already-extensive claims against the Defendants.  There is no bad faith or dilatory motive on the part of the FTC in adding these factual allegations now; they are being

introduced before the commencement of discovery and the entry of any scheduling order in this case.  In fact, the FTC is proposing these amendments even before the Court has ruled on Defendants' pending motions to dismiss.

## III.    Conclusion

For the foregoing reasons, the FTC respectfully requests that this Court allow it to file the attached proposed amended complaint.

Respectfully submitted,

J. Reilly Dolan
Acting General Counsel

Dated: June 11, 2021

/s/ Laura C. Basford
Colleen Robbins (D. Md. Temp. Bar No. 92567)
Sung W. Kim (D. Md. Temp. Bar No. 814609)
Gordon E. Sommers (D. Md. Temp. Bar No. 814431)
Laura C. Basford (D. Md. Temp. Bar No. 814888)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2211; skim6@ftc.gov
(202) 326-2504; gsommers@ftc.gov
(202) 326-2343; lbasford@ftc.gov
(202) 326-3395 (Facsimile)

*Attorneys for Plaintiff*
*Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to counsel of record for all parties.  I also caused a paper copy of the foregoing to be sent to the Court via Federal Express.

/s/ Laura C. Basford
Laura C. Basford