# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | * | |
| Plaintiff, | * | |
| v. | * | Case No. GLR-20-3538 |
| RAGINGBULL.COM, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STATUS REPORT OF TEMPORARY RECEIVER
## REGARDING IMPLEMENTATION OF
## MARCH 26, 2021 ORDER

Temporary Receiver Peter E. Keith respectfully submits this status report to inform the Court of the measures he has taken to implement the Court's March 26, 2021 Order [ECF 214].  The Temporary Receiver has presented this Status Report to the parties and incorporated all requested revisions.  Each party has informed the Temporary Receiver that it has no objection to the contents of this Status Report.

The Order terminates the appointment of the Temporary Receiver and provides that within seven days, the Temporary Receiver "shall take all necessary steps" to terminate the receivership and "relinquish, return and/or transfer all power, access, authority, responsibility and obligation that were granted to the Temporary Receiver by the TRO to Raging Bull Defendants."  March 26, 2021 Order [ECF 214] § XIV.  As set forth in this Status Report, the Temporary Receiver has taken all steps necessary and advisable to carry out the requirements of the Order as expeditiously as possible.  Except as set forth in this Status Report, the

Temporary Receiver is aware of no measures remaining to effectuate the terms of the March 26, 2021 Order [ECF 214].

Immediately upon the Court's issuance of the Order on March 26, 2021 at 11:41 a.m., the Temporary Receiver initiated steps to implement its terms. Within one hour, the Temporary Receiver had initiated the return to Raging Bull of the company premises in Utah and Maryland, and had requested wire instructions to transfer to Raging Bull funds held by the Temporary Receiver. The Temporary Receiver subsequently provided to all parties a comprehensive memorandum that detailed the measures he would take to implement the Order [ECF 214]. The Temporary Receiver has worked cooperatively with Raging Bull and has effectively carried out the terms of the Order as set forth in this Status Report, in the time provided by the Court.

Among the primary measures the Temporary Receiver has taken to effectuate the terms of the March 26, 2021 Order [ECF 214] are the following:

**Real property**

### Hunt Valley, MD

The Temporary Receiver immediately turned over all premises to Raging Bull and conducted a walk-through of the Hunt Valley office. Raging Bull confirmed that the Hunt Valley, Maryland office had been cleaned and organized but that otherwise it was in identical condition to that in which the Temporary Receiver found it. All electronic and other equipment and all tangible property was present

and in good working condition at the time of turnover.  This was completed on March 26, 2021.

**Utah**

The Temporary Receiver provided Raging Bull immediate access to the Utah premises through the property manager.  This was completed on March 26, 2021. The Temporary Receiver hand-delivered to Raging Bull the key to the Utah premises on March 31, 2021.  The Temporary Receiver never physically accessed the Utah premises, so the parties deemed no walk-through or other inspection necessary.  The Utah property should be in exactly the condition in which Raging Bull turned it over to the Temporary Receiver.

**Transfer of funds**

On April 2, 2021, Raging Bull provided the Temporary Receiver instructions to initiate a wire transfer of funds from the receivership account.  Immediately upon receipt of the wire instructions from Raging Bull, the Temporary Receiver initiated a transfer of funds, as directed by Raging Bull, in the amount of $2,644,004.72.  The Temporary Receiver initiated the wire transfer on Friday, April 2, 2021, and it cleared on Monday, April 5, 2021.  The Temporary Receiver worked with Raging Bull prior to that to ensure that all relevant banks and other financial services entities were informed that the receivership had been terminated and the asset freeze lifted.

All financial institutions and merchant processors to which the Temporary Receiver sent a copy of the TRO have been notified of the termination of the receivership and sent a copy of the March 26, 2021 Order.

The Temporary Receiver retained $5,755 in the M&T Bank account opened by the Temporary Receiver, to cover one check (in the amount of $4,905.00, issued to a Raging Bull employee) that has not yet been deposited or cleared, and to cover estimated fees for the remaining wire transfers and bank fees for maintenance and closing of the account ($850).

At the request of Raging Bull, the Temporary Receiver initiated wire transfers to the following entities, to return funds turned over to the Temporary Receiver by each, in the amounts set forth in this table:

| Date | Assets Returned | Holder of Account |
|---|---|---|
| 12/31/2020 | $392,354.21 | Maverick BankCard, Inc. |
| 01/04/2021 | $723,022.40 | Complete Merchant Solutions, LLC *2347 |
| 01/04/2021 | $271,921.30 | Cardflex dba Cliq |
| **Total** | **$1,387,297.91** | |

Fiserv, an entity that turned funds over to the Temporary Receiver at the outset of the Temporary Receivership, informed the Temporary Receiver on April 6, 2021 that all funds it turned over may be distributed directly to Raging Bull.  On December 31, 2020, Fiserv turned over to the Temporary Receiver the amount of $47,847.12.  Accordingly, the Temporary Receiver initiated a wire transfer to

Raging Bull in the amount of $47,847.12, in recognition of the funds received from Fiserv. This was completed on April 9. 2021

At the request of Raging Bull, the Temporary Receiver also retained in escrow in the M&T Bank account the following funds, which were transferred to the Temporary Receiver not by Raging Bull but by merchant accounts holders, payment processors, and independent sales organizations. Raging Bull has requested that these funds not be returned to these entities, pending Raging Bull's discussions with the entities regarding amounts to be returned:

| Date | Assets Turned Over | Holder of Account |
|---|---|---|
| 01/12/2021 | $762,887.69 | Electronic Commerce, LLC |
| 01/19/2021 | $861,698.50 | Stripe, Inc. |
| 01/08/2021 | $1,602,280.51 | Esquire Bank Merchant Services * 5750 |
| **Total** | **$3,226,866.70** | |

Three provisions of the March 26, 2021 Order [ECF 214] most directly require the Temporary Receiver to "return" funds:

**XIV. TERMINATION OF TEMPORARY RECEIVER.** IT IS FURTHER ORDERED that the appointment of the Temporary Receiver is hereby terminated. Within seven (7) days of the date of this Order, the Temporary Receiver shall take all necessary steps:

. . .

XIV(5). to relinquish and return all property, Assets and Documents, and records relating to all such property, Assets and Documents, which the Temporary Receiver obtained, took or otherwise maintained possession, custody or control of pursuant to Section XV of the TRO;

. . .

XIV(7).  to cause the return of all funds of the Receivership Entities and closure of all bank accounts opened pursuant to Section XIV(O) of the TRO and/or the renaming of such bank accounts to Raging Bull Defendants;

. . .

XIV(9).  to accomplish the purpose of this Order in terminating all power, access, authority, responsibility, or obligation of the Temporary Receiver that was ordered or authorized in the TRO, and, to the extent possible, to return all Assets, Documents, and any other property to Defendants or to any entity(ies) or person(s) which held such Assets, Documents, or any other property as of the entry of the TRO.

The Order defines "Asset" to mean "any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held."  March 26, 2021 Order [ECF 214] at 4.  Subsection XIV(9) specifically requires the Temporary Receiver to "return all Assets" to "Defendants or to any entity(ies) or person(s) which held such Assets . . . as of the entry of the TRO."  Subsections XIV(5) and XIV(7) require more broadly the "return" of all Assets and "funds," respectively.

Based on the Temporary Receiver's reading of the Order, these provisions appear to require the Temporary Receiver to return the funds he received to the entities "which held such Assets . . . as of the entry of the TRO," XIV(9), that is, the entities from which the Temporary Receiver received them.

Several of the merchant accounts holders, payment processors, and independent sales organizations reviewed the Order and demanded that the funds they delivered to the Temporary Receiver be turned over directly to them, rather than to Raging Bull.

Raging Bull's view is that the Order, as provided in Subsection XIV(3), requires the Temporary Receiver to return all Assets to the Raging Bull Defendants unless the Raging Bull Defendants were not the owner of the Assets, and only in such event are the Assets to be returned to the previous owner.  The Temporary Receiver agrees that all Assets must be returned to their owners.  The parties agree that the present disputes regarding the ownership of certain Assets require the Temporary Receiver to maintain the funds in escrow until the disputes are resolved.

The Temporary Receiver has requested that Raging Bull inform the Temporary Receiver whether it consents to the return of funds to the entities from which the Temporary Receiver received them.  On April 2, 2021, Raging Bull requested all communications the Temporary Receiver had with the entities that turned over funds.  While the Temporary Receiver had provided many of these communications to Raging Bull previously, the Temporary Receiver collected and produced the full set of those communications to Raging Bull. The Temporary Receiver completed this on April 7, 2021.

In light of the potentially contested claims to these funds and the lack of consent to their distribution by Raging Bull, Raging Bull has asked that the Temporary Receiver not return the remaining $3,226,866.70 to the merchant processors but instead maintain these funds in escrow until further direction of the Court or Raging Bull's resolution of any disputes it may have with the remaining merchant account holders, payment processors, and independent sales organizations regarding the disposition of the funds.  The Temporary Receiver has

7

agreed to hold these funds in escrow to preserve the status quo and avoid prejudice to either Raging Bull or the merchant processors.  If Raging Bull is unable to reach agreement with the remaining merchant processors, then Raging Bull and the merchant processors can present their views to the Court.  The Temporary Receiver will (i) return funds directly to the remaining transferors if Raging Bull consents; (ii) turn over funds to Raging Bull if any of the remaining merchant processors consent; or (iii) maintain the funds in escrow pending a further Court order on their transfer.

The Temporary Receiver will close the M&T Bank account as soon as the fees have cleared and the issues of the transfer of the escrowed funds have been resolved.

The Temporary Receiver returned to Raging Bull all undeposited checks in his possession that were payable to entities related to Raging Bull, which at Raging Bull's request the Temporary Receiver held during the pendency of the temporary Receivership.  This was completed on March 31, 2021.

The Temporary Receiver has retained no funds to cover future costs or to satisfy any pending or final petition for an award of fees and costs to the Temporary Receiver.

**Vendors**

All vendors approved by the Court and Raging Bull have been paid through March 2021, with the exception of the Temporary Receiver's web site engineers and the host of the Temporary Receiver's document review platform database.  (The

Temporary Receiver expects to submit those additional costs for Court approval as part of his forthcoming final application for payment of fees and expenses.)  The Temporary Receiver has informed Raging Bull of all vendors and the dates of payment.  This was completed by April 2, 2021.

The Temporary Receiver has prepared and transmitted to Raging Bull a complete list of vendors, creditors, invoice data, and amounts and dates of payments by the Temporary Receiver.  This was completed on April 2, 2021.

**Tax Forms**

The Temporary Receiver has provided to Raging Bull all information that the Temporary Receiver believes Raging Bull will need to have accurate and complete tax and accounting records.  This was completed on April 1, 2021.

**Mail**

The Temporary Receiver has cancelled all mail forwarding and has directed the U.S. Postal Service to immediately cease all forwarding of mail to the Temporary Receiver.  This was completed on March 31, 2021.

All incoming mail received by the Temporary Receiver after issuance of the Order was hand delivered to Raging Bull, unopened.  This was completed on March 31, 2021.

**Legal actions**

The Temporary Receiver has filed motions to withdraw his counsel's appearance and to withdraw his motion to intervene in *Broyles v. RagingBull.com, LLC*, Case No. 2:20-cv-00245, pending in the United States District Court for the

Eastern District of Tennessee.  These motions, which were filed on March 29, 2021, remain pending.

The Temporary Receiver has informed the New Hampshire Bureau of Securities Regulation of the March 26, 2021 Order [ECF 214] and the termination of the temporary receivership and the Temporary Receiver's involvement.  This was completed on April 1, 2021.

The Temporary Receiver has sent letters to all applicable State Attorneys General offices and State unemployment compensation commissions, enclosing copies of the March 26, 2021 Order [ECF 214] and informing the agencies of the termination of the temporary receivership and the Temporary Receiver's involvement.  The Temporary Receiver has directed that the State Attorneys General and other regulatory offices direct all further communications directly to Raging Bull.  This was completed on April 1, 2021.

The Temporary Receiver has not entered his appearance in any other case or regulatory matter.

**Return of documents**

The Temporary Receiver returned by hand delivery all hard copy documents of Raging Bull in his possession, custody and control.  This was completed on March 31, 2021.

The Temporary Receiver returned to Raging Bull by hand delivery the two boxes of blank checks in his possession, custody, or control.  This was accomplished on March 31, 2021.

The Temporary Receiver informed Raging Bull that Raging Bull may change all passwords to Raging Bull databases previously accessible by the Temporary Receiver.  The Temporary Receiver understands Raging Bull has done so.  This was completed on March 26, 2021.

At Raging Bull's request, the Temporary Receiver has made available all emails and other materials received and reviewed by the Temporary Receiver in evaluating consumer responses and requests for refund or service cancellation, pending a review for privilege by Raging Bull.  The production consists of 423,939 documents, including 4,668 documents marked by the Temporary Receiver as related to requests for refund or cancellation, or within the same email "family" as a related document.  The Temporary Receiver believes that additional documents beyond the 4,668 already marked may support refund requests.  In the interest of preserving any privileges Raging Bull may assert, the Temporary Receiver has made these documents available solely to Raging Bull, so that Raging Bull may conduct a privilege review before making the materials available to other parties. This was completed on April 7, 2021.

Also at the parties' request, the Temporary Receiver has made available to the parties all emails received by the receiver@gejlaw.com email account.  This was completed on April 7, 2021.

The Temporary Receiver has terminated his temporary receivership email address, so that it no longer is active to send or receive emails.  The Temporary

Receiver will not monitor this email account going forward, as it will not be capable of sending or receiving emails. This was completed on April 2, 2021.

The Temporary Receiver has taken steps to preserve and retain the present Temporary Receiver document and email database, while strictly limiting all further costs. This was completed on April 1, 2021.

The Temporary Receiver has taken steps to preserve and retain all consumer emails sent to Temporary Receiver, while strictly limiting all further costs. This was completed on April 2, 2021.

Raging Bull has requested that the Temporary Receiver preserve all communications he sent or received in his capacity as Temporary Receiver or involving counsel for or on behalf of the Temporary Receiver, including all communications with the Federal Trade Commission, the Securities and Exchange Commission, or the New Hampshire Bureau of Securities Regulation. The Temporary Receiver accordingly is preserving all communications he or his counsel had with the Federal Trade Commission, the Securities and Exchange Commission, or the New Hampshire Bureau of Securities Regulation.

**Consumers seeking refunds**

The Temporary Receiver has finalized and provided to the parties the list he compiled of consumers seeking refunds. The Temporary Receiver has ensured the parties will have access to all emails reviewed by the Temporary Receiver in compiling this list. This was completed on April 2, 2021. The materials the Temporary Receiver reviewed in compiling this list are contained in the document

database to which the Temporary Receiver provided access to Raging Bull. The materials the Temporary Receiver believes support the refund requests on the Temporary Receiver's list are specifically marked within the database.

### Interactive Offers draft purchase and sale agreement

The Temporary Receiver has delivered to Raging Bull a draft purchase and sale document regarding an interest in Interactive Offers. The Temporary Receiver has informed Raging Bull he will take no further action with respect to this prospective transaction, which had been approved by Raging Bull. This was completed on April 1, 2021.

### FlexJet

The Temporary Receiver has delivered to Raging Bull materials gathered to date regarding FlexJet and communications regarding a repurchase of Raging Bull's interest. The Temporary Receiver has informed Raging Bull he will take no further action with respect to this prospective transaction. This was completed on April 1, 2021.

### Temporary Receiver Website

The Temporary Receiver posted a copy of the March 26, 2021 Order on the temporary receivership web site. This was completed on March 26, 2021.

The Temporary Receiver ordered that the temporary receivership website be deactivated on April 2, 2021. This was completed on April 2, 2021.

**Final communication to subscribers**

The Temporary Receiver has provided to the parties a proposed final communication to Raging Bull subscribers from the Temporary Receiver. The parties have engaged in but, to the knowledge of the Temporary Receiver, not completed discussions regarding the distribution of this communication to Raging Bull subscribers.

**Bond**

The Temporary Receiver will maintain the bond presently filed with the United States District Court for the District of Maryland. The Temporary Receiver will seek a release of this bond only upon his final discharge from this case.

**Discharge order**

The Temporary Receiver will file a final application for payment of fees and expenses upon the termination of services in this case. The Temporary Receiver also will file a proposed discharge order, consistent with the order recently entered by the Court in *FTC v. Midway Industries LLC, et al.*, Case No. JKB-14-2312.

## Conclusion

The Temporary Receiver believes that the steps he has taken to date fully satisfy his obligations under the Court's March 26, 2021 Order. The Temporary Receiver is aware of no further actions of the Temporary Receiver that are necessary or appropriate to effect the terms of the Order. The Temporary Receiver has incorporated in this Status Report the proposed revisions of Raging Bull, and, following review, no party objects to the contents of this Status Report.

The Temporary Receiver appreciates the opportunity to serve the Court and remains available to Your Honor to address any issues relating to the receivership or to provide any services the Court may find appropriate.

Respectfully submitted,

**GALLAGHER EVELIUS & JONES LLP**

*/s/ Mark S. Saudek*
Mark S. Saudek (Fed. Bar #23963)
Meghan K. Casey (Fed. Bar #28958)
218 North Charles Street, Suite 400
Baltimore MD 21201
phone (410) 727-7702
fax (410) 468-2786
msaudek@gejlaw.com
mcasey@gejlaw.com

*Counsel to Court-appointed Temporary
Receiver Peter E. Keith*

Date: April 9, 2021