IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:20-cv-03538 - GLR |
| RAGINGBULL.COM, LLC f/k/a LIGHTHOUSE MEDIA LLC, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

**RAGING BULL DEFENDANTS' RESPONSE TO TEMPORARY RECEIVER'S
LETTER TO THE COURT REGARDING FEE APPLICATIONS**

Defendants RagingBull.com, LLC ("Raging Bull"), Jeffrey M. Bishop and Jason Bond (the "Defendants") respectfully submit this response to the Temporary Receiver's letter ("Letter") to the Court concerning the Temporary Receiver's fee applications and the status of Defendants' Escrow Account. (Dkt. 274)

In his Letter, the Temporary Receiver states that the Monitor has reported that Raging Bull has "already spent" all of the cash from its Escrow Account. The apparent purpose of the Temporary Receiver's Letter is to prompt the Court to "consider the pending receivership fee applications" due to a concern about Raging Bull's ability to pay the Temporary Receiver.

Defendants submit this short response to address the Escrow Account and allay any concern about the ability to pay whatever amount, if any, the Court ultimately orders to be paid to the Temporary Receiver.

The Court's March 26 Order ("Order") ordered the owners of Raging Bull to set up an Escrow Account from their personal assets in the amount of $10 million. This Escrow Account was to be accessed by Raging Bull on an as-needed basis "for the purpose of covering any shortfalls during the first 180 days after commencement of Phase 1 operations." *See* Order, XI.

The Escrow Account was included in the Order in response to the following proposal in Raging Bull's February 19, 2021 Business Plan: "The Company's partners have committed to make up to 10 million of their personal assets available to the Company as needed in the first 180 days after re-start to ensure it maintains adequate liquidity." Business Plan (Dkt. 177), at 2.

Following the entry of the Order and re-start of Raging Bull's operations, Raging Bull has used $10 million of the owners' personal funds for the purposes set out in the Order. Specifically, Raging Bull has used these funds to pay refunds to subscribers, as the Court directed, and to fund operating costs as the company re-started operations including the costs of enhanced compliance, successfully completed all steps required under Phase 1, obtained the Monitor's certification to enter Phase 2 operations, and was able to re-start certain marketing and sales.

Raging Bull utilized the Escrow Account as ordered by the Court – to "cover[] any shortfalls during the first 180 days after commencement of Phase 1 operations." Raging Bull has been funding its operations and paying bills and other amounts due in the ordinary course.

The Temporary Receiver has requested payment of fees and expenses totaling approximately $1,080,000 in connection with the receivership, which lasted fewer than four months. As detailed in Defendants' responses to the Temporary Receiver's fee applications, Defendants have objected to the Temporary Receiver's fee applications and dispute the Temporary Receiver is entitled to all of his requested fees and expenses. However, Defendants wish to mollify any concern about its ability to pay whatever amount the Court ultimately orders, up to the requested amount. As such, the Defendants will re-fund the Escrow Account, or another account, by no later than **November 18, 2021** in the amount of **$1,080,000** to be held until the Court issues an order on the Temporary Receiver's fee applications, at which time Defendants will timely use

whatever amount of those funds are ordered by the Court to be paid on the Temporary Receiver's applications.

    We appreciate this opportunity to address this matter.

Dated: November 4, 2021                                   Respectfully submitted,

                                           RagingBull.com, LLC, Jeffrey M. Bishop and Jason Bond

By: /s/ *Brett M. Doran*
David G. Barger (DCB# 469095)
Greenberg Traurig LLP
1750 Tysons Blvd, Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Email: bargerd@gtlaw.com

Andrew G. Berg (*admitted pro hac vice*)
2101 L Street, N.W.
Suite 1000
Washington DC 20037
Tel: (202) 331- 3100
Email: berga@gtlaw.com

Miriam G. Bahcall (*admitted pro hac vice*)
Brett M. Doran (admitted *pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 476-5135
Email: bahcallm@gtlaw.com
Email: doranb@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November 2021 a true and accurate copy of the foregoing Raging Bull Defendants' Response Temporary Receiver's Letter to the Court Regarding Fee Applications, was properly served on all parties through the ECF system.

/s/ *Brett M. Doran*