IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-03538 - GLR |
| ) | |
| RAGINGBULL.COM, LLC f/k/a ) | |
| LIGHTHOUSE MEDIA LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUPPLEMENT TO NOTICES OF SETTLEMENT AND
WITHDRAWAL OF REQUEST FOR STATUS CONFERENCE**

Defendants RagingBull.com, LLC ("Raging Bull"), Jeffrey M. Bishop, and Jason Bond (collectively, the "Raging Bull Defendants") respectfully submit this supplement to (a) inform the Court that the March 9, 2022 filing by Defendant Kyle Dennis titled "Response to Plaintiff's Motion for Permanent Injunction Against Raging Bull Defendants" (ECF No. 295) has no impact on and need not delay the Court's entering of the Proposed Stipulated Order which was lodged with the Court by the Federal Trade Commission on March 8, 2022 and resolves all claims in this matter as to the Raging Bull Defendants (ECF No. 294), and (b) withdraw the request for a status conference, as the reason the Raging Bull Defendants requested such status conference is now mooted by the Commissioners' approval of the Proposed Stipulated Order; and in support state as follows:

1. After months of negotiation, on January 3, 2022, the Raging Bull Defendants signed a proposed Stipulated Order ("Proposed Stipulated Order") to settle the FTC's claims and submitted it to the FTC Staff.

2. As the FTC notified the Court in its January 21, 2022 Notice of Settlement (ECF No. 286), the Raging Bull Defendants reached a settlement in principle with the FTC Staff. The

FTC Staff noted that it had recommended that the Commission approve the settlement, which when entered by this Court would resolve all of the FTC's claims against the Raging Bull Defendants in this matter.

3. On January 24, 2022, the Raging Bull Defendants filed their Unopposed Motion for Extension of Time for Compliance Monitor to File Sixth Report. (ECF No. 287.) The Raging Bull Defendants requested that extension to give the FTC Commissioners more time to approve the settlement so as to eliminate the significant costs which would be incurred by the Monitor (and paid by the Raging Bull Defendants) in connection with the Sixth Report.

4. On January 28, 2022, the Court "Approved" the FTC's Notice of Proposed Settlement in Principle as to the Raging Bull Defendants and stated "Should the Commission approve, the parties shall SUBMIT a Notice of Settlement as to the necessary Defendants." (ECF No. 289.)

5. On February 25, 2022, the Raging Bull Defendants filed their Unopposed Motion for a Second Extension of Time for Compliance Monitor to File Sixth Report and Request for Status Conference. (ECF No. 290.) The Raging Bull Defendants again stated as their reason for their request that the extension would give the FTC more time to approve the settlement and would avoid unnecessary litigation and monitorship costs. The Raging Bull Defendants also requested a status conference to discuss settlement in the event the FTC had not approved the Proposed Stipulated Order by the beginning of the week of March 7, 2022.

6. The Court granted the Raging Bull Defendants' request for a second extension of time and set a status conference on settlement for March 15, 2022. (ECF No. 292.)

7. On March 7, the FTC staff notified the Raging Bull Defendants that the Commission had approved the proposed Stipulated Order that Raging Bull stipulated to and signed on January 3, 2022.

8. On March 8, consistent with the Court's January 28 order (ECF 289), the Federal Trade Commission ("FTC") filed a Notice of Lodging Proposed Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to the Raging Bull Defendants ("Notice of Lodging"). (ECF No. 294.) Attached as Exhibit A to the Notice of Lodging is the Proposed Order which when entered by the Court will resolve all matters in dispute in this action between the stipulating parties.

9. Given that the Proposed Stipulated Order is now before the Court and the Commission has approved the settlement, the stated reason for the requested status conference is moot. The Raging Bull Defendants, therefore, withdraw their request for a status conference. The FTC agrees that the status conference is unnecessary at this time.

10. Also, on March 8, 2022, Defendant Kyle W. Dennis, who is not a party to the Proposed Stipulated Order, filed a motion entitled "Response to Plaintiff's Motion for Permanent Injunction Against Raging Bull Defendants. (ECF No. 295.)" In his filing, Mr. Dennis requests that "the Court should condition approval of the proposed order upon dismissal of the FTC's claims against Mr. Dennis or, alternatively, the Court should enter an order dismissing those claims and denying the FTC's pending motion to amend." (*Id.* at 8.)

11. The Raging Bull Defendants submit that the Proposed Stipulated Order should be entered by the Court without regard to any pending motions or other filings by Mr. Dennis. The Proposed Stipulated Order is not contingent on anything and Mr. Dennis' request should not hold up its entry, which the Raging Bull Defendants agreed to for the expressed purpose of avoiding

continued litigation and monitor costs which would continue to mount. Moreover, approving the Proposed Stipulated Order in advance of any pending motions would not prejudice either of the remaining parties; namely, the FTC or Mr. Dennis.

Dated: March 9, 2022

Respectfully submitted,

RagingBull.com, LLC, Jeffrey M. Bishop, and Jason Bond

By: /s/ *Brett M. Doran*
David G. Barger (DCB# 469095)
Greenberg Traurig LLP
1750 Tysons Blvd, Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Email: bargerd@gtlaw.com

Andrew G. Berg (*admitted pro hac vice*)
2101 L Street, N.W.
Suite 1000
Washington DC 20037
Tel: (202) 331- 3100
Email: berga@gtlaw.com

Miriam G. Bahcall (*admitted pro hac vice*)
Brett M. Doran (admitted *pro hac vice*)
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 476-5135
Email: bahcallm@gtlaw.com
Email: doranb@gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March 2022 a true and accurate copy of the foregoing Supplement to Notices of Settlement and Withdrawal of Request for Status Conference, was properly served on all parties through the ECF system.

/s/ *Brett M. Doran*