IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FEDERAL TRADE COMMISSION,        *

    Plaintiff,        *

v.        *        Civil Action No. GLR-20-3538

KYLE W. DENNIS, et al.,        *

    Defendants.        *

\*\*\*

## ORDER

THIS MATTER is before the Court on Defendant Kyle W. Dennis's Motion to Dismiss Plaintiff Federal Trade Commission's ("FTC") Amended Complaint and to Strike the Amended Complaint's Request for Monetary Relief (ECF No. 225) and the FTC's Motion for Leave to File an Amended Complaint (ECF No. 241). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will deny Dennis's Motion to Dismiss and grant the FTC's Motion for Leave to file a second amended complaint.

This case has a lengthy procedural history, which the Court will condense. On December 7, 2020, the FTC filed suit against Defendants RagingBull.com ("Raging Bull"), LLC, Jeffrey M. Bishop, Kyle W. Dennis, Jason Bond, MFA Holdings Corp., Jason Bond, LLC, Winston Corp., Winston Research, Inc., and Sherwood Ventures, LLC. (ECF No. 1). In its initial Complaint for Permanent Injunction, the FTC alleged claims for false or unsubstantiated earnings (Count I); other misrepresentations regarding Raging Bull's services in violation of the Restore Online Shoppers' Confidence Act, 15 U.S.C. § 8401 et

seq. (Count II); and failure to provide a simple cancellation method in violation of 15 U.S.C. §§ 8403(3) and 57a (Count III). (Compl. ¶¶ 105–17, ECF No. 1). The FTC simultaneously filed an Emergency Motion for a Temporary Restraining Order with Asset Freeze (ECF No. 2). On December 8, 2020, the Court issued a Temporary Restraining Order ("TRO"). (ECF No. 21). The resulting TRO imposed an asset freeze on the personal bank accounts of Bond, Bishop, and Dennis, appointed a Temporary Receiver to take control of Raging Bull's operations, and enjoined all Defendants from engaging in certain advertising practices. On December 10, 2020, Defendants Raging Bull, Bishop, Bond, Sherwood Ventures, LLC, Winston Corp., and Winston Research, Inc. filed a Motion to Stay Enforcement or Modify the TRO, which Dennis later joined. (ECF Nos. 28, 35). On December 15, 2020, the Court denied the Motion to Stay. (ECF No. 56).

On December 13, 2020, Dennis, Winston Research, Inc., and Winston Corp. filed an Opposition to the Entry of a Preliminary Injunction. (ECF No. 47). On December 17, 2020, the Court modified the TRO to release MFA Holdings Corporation from the TRO's asset freeze and receivership provisions. (ECF No. 64).

On January 5, 2021, Raging Bull, Bishop, and Bond filed an Emergency Motion for Clarification of the Temporary Restraining Order, which Dennis later joined. (ECF Nos. 107, 112). On January 13, 2021, Defendants filed a joint response to the Court's TRO. (ECF No. 123). On January 25, 2021, the Court issued an Order granting in part and denying in part the Emergency Motion for Clarification of the TRO and released some funds to Defendants to pay litigation costs. (ECF No. 138). On February 1, 2021, the Temporary Receiver filed his Initial Status Report. (ECF No. 156).

On February 4, 2021, the FTC filed an Amended Complaint. (ECF No. 164). The Amended Complaint removed MFA Holdings Corp. as a Defendant. (Redline Am. Compl. at 2, ECF No. 164-2). On February 17, 2021, Dennis filed an Emergency Motion for a Protective Order "to halt the FTC's improper attempt to conduct a deposition" of him, which the Court denied on February 25, 2021. (Emergency Mot. Protective Order at 1, ECF No. 171; ECF No. 184).

On March 26, 2021, the Court held the preliminary injunction hearing. (ECF No. 218). The Court issued an Order the same day finding that the FTC had not satisfied its burden of showing that the equities weighed in favor of its requested preliminary injunctive relief. (Order at 3–4, ECF No. 214). Nonetheless, the Court noted that Raging Bull had consented to be enjoined from certain prohibited business activities, to submit to compliance monitoring, to follow a business plan, and to appoint a monitor. (Id. at 7–11).

On April 16, 2021, Dennis, Winston Corp., and Winston Research, Inc. filed a Motion to Dismiss the Amended Complaint. (ECF No. 225). On April 23, 2021, they also filed a Notice of Supplemental Authority in Support of the Motion to Strike the Amended Complaint's Request for Monetary Relief. (ECF No. 227). On May 18, 2021, the FTC voluntarily dismissed Winston Corp. and Winston Research, Inc. (ECF No. 235). The same day, the FTC filed an Opposition to Dennis's Motion to Dismiss. (ECF No. 236).[1] On June 1, 2021, Dennis filed a Reply. (ECF No. 237).

---

[1] According to the FTC, on April 23, 2021, it informed defense counsel that it was seeking to amend the Complaint in light of a significant Supreme Court decision. The FTC sought Defendants' consent to a temporary stay of all deadlines until such time that a Second Amended Complaint could be filed. (FTC Opp'n Resp. Dennis Defs.' Mot. Dismiss

On June 11, 2021, the FTC filed a Motion for Leave to File an Amended Complaint. (ECF No. 241). On June 25, 2021, Dennis Opposed the Motion for Leave. (ECF No. 249). On July 9, 2021, the FTC filed its Reply. (ECF No. 258).

On January 21, 2022, all parties, except for Dennis, filed a Notice of Proposed Settlement in Principle. (ECF No. 286). The Notice indicated that the FTC was seeking approval by the Commission of a stipulated final order for permanent injunction to settle the FTC's claims against Raging Bull, Sherwood Ventures, LLC, Jason Bond, LLC, Bishop, and Bond. (Notice Proposed Settlement at 1, ECF No. 286). The FTC noted that Dennis is not a party to the proposed stipulated final order. (Id. at 1 n.1). On March 8, 2022, Bishop, Bond, and Raging Bull filed another Notice indicating that the FTC had approved the proposed stipulated order for permanent injunction. (ECF Nos. 293, 294). The parties to the settlement seek the Court's approval of the stipulated order and note that the proposed order "will resolve all matters in dispute in this action between the stipulating parties." (Notice Proposed Stipulated Order at 1, ECF No. 294). Again, the stipulating parties note that Dennis is not a party to the proposed settlement and therefore the FTC would continue to pursue its claims against him. (Id. at 1 n.1). They further note that Dennis's Motion to Dismiss and the FTC's Motion for Leave are pending before the Court. (Id.).

There is a "federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing,

_____

Strike ["Opp'n"] at 3, ECF No. 236). Although all other Defendants consented to the temporary stay, Dennis, Winston Research Inc., and Winston Corp. did not. (Id.).

Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). Consistent with this policy, the Court gives a plaintiff "every opportunity to cure a formal defect in his pleading. This is true even though the court doubts that plaintiff will be able to overcome the defects in his initial pleading." Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999) (citation omitted). The Court only denies leave to amend a complaint when "it appears to a certainty that plaintiff cannot state a claim." Id. (citation omitted).

Consonant with the federal policy in favor of resolving cases on their merits, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Justice does not require permitting leave to amend when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile. See Edell & Assocs., P.C. v. Law Offs. of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001).

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted); see TFFI Corp. v. Williams, No. DKC-13-1809, 2015 WL 5008708, at *2 (D.Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.").

Here, the FTC adds additional allegations regarding Dennis's involvement in promoting Raging Bull's services. (Redline Second Am. Compl. at 6, ECF No. 241-2). The FTC alleges that "Dennis is also the lone 'guru' or purported trading expert featured on the Biotech Breakouts brand of services at Raging Bull, which has bilked over $40 million from consumers in the past three years." (Id.). The FTC further alleges that "Dennis appears on all of the sales and marketing materials" regarding the "Biotech Breakouts" brand, that he has held himself out as the "Director and Co-Founder" of that brand, and that he described himself as the "Biotech Breakouts Guru." (Id.). The FTC alleges that Dennis has reaped $13,600,000 in profits from Defendants' services. (Id. at 6–7). The FTC also provides many more specifics regarding Dennis's involvement in marketing Defendants' services. (See id. at 20–26). As the FTC offers several additional details regarding Dennis's involvement in allegedly improper marketing practices, it does not appear that the proposed amendment is clearly insufficient or frivolous on its face.

In determining whether an amendment is prejudicial, the Court considers the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The further a case has progressed, the more likely it is that amendment will be prejudicial. Mayfield, 674 F.3d at 379 (citation omitted). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Laber, 438 F.3d at 427 (alteration in original) (quoting Johnson, 785 F.2d at 510).

By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Id.; see Kalos v. Law Offs. of Eugene A. Seidel, P.A., No. JCC-09-833, 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants."). Additionally, an amendment is not prejudicial if the plaintiff does not add new claims or parties. See Heavener v. Quicken Loans, Inc., No. GMG-12-0068, 2013 WL 1314563, at *3 (N.D.W.Va. Mar. 26, 2013) ("Defendants will not be prejudiced by the amendments as Plaintiff has only added more facts to support his claim—he has not alleged new claims or added new parties."). Here, discovery has not yet begun and the FTC has added no new parties. Accordingly, the Court finds that granting the FTC leave to amend will not prejudice Dennis.

Further, it does not appear that the FTC's delay in amending its Complaint was due to bad faith. Rather, the FTC notes that it informed Defendants, including Dennis, of its intention to further amend the Complaint and requested a stay of all deadlines until it was able to file. All Defendants, save Dennis, consented to the stay to allow the FTC the time needed to further amend the Complaint. Accordingly, although the FTC failed to timely amend the Complaint as of right, its delay appears reasonable. As the FTC has not acted in bad faith and otherwise meets the requirements for leave to amend, the Court will grant the FTC's Motion.

With the Court's decision to grant the FTC's Motion, Dennis's Motion to Dismiss is rendered moot. See Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5

(D.Md. May 30, 2014) ("When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded."), aff'd, 610 F.App'x 341 (4th Cir. 2015). Accordingly, the Court will deny Dennis's Motion to Dismiss the First Amended Complaint (ECF No. 225) without prejudice as moot.

For the foregoing reasons, it is this 15th day of March, 2022, by the United States District Court for the District of Maryland, hereby:

ORDERED that the FTC's Motion for Leave to File an Amended Complaint (ECF No. 241) is GRANTED;

IT IS FURTHER ORDERED that Dennis's Motion to Dismiss and to Strike the Amended Complaint's Request for Monetary Relief (ECF No. 225) is DENIED AS MOOT; and

IT IS FURTHER ORDERED that Dennis shall FILE an Answer or other pleading in response to the FTC's Second Amended Complaint within twenty-one (21) days of this Order.

                                /s/
                            George L. Russell, III
                            United States District Judge