**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 1:20-cv-03538-GLR |
| Plaintiff, | |
| v. | |
| **RAGINGBULL.COM, LLC**, et al., | |
| Defendants. | |

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO RAGINGBULL.COM, LLC, SHERWOOD VENTURES, LLC, JASON BOND, LLC, JEFFREY M. BISHOP AND JASON BOND**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction, and Other Equitable Relief, subsequently amended as Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404. ECF Nos. 1, 164-1. The FTC and Defendants RagingBull.com, LLC f/k/a Lighthouse Media, LLC, Sherwood Ventures, LLC, Jason Bond, LLC, Jeffrey M. Bishop, and Jason Bond f/k/a Jason P. Kowalik (collectively, the "Settling Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 4 of ROSCA, 15 U.S.C. § 8403, in the marketing and sale of trading and investment training services, and related goods and services.

3.    The Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Settling Defendants admit the facts necessary to establish jurisdiction.

4.    The Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.    The Settling Defendants and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    **"Billing Information"** means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.    **"Charge," "Charged,"** or **"Charging"** means any attempt to collect money or other consideration from a consumer, including causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

2

C.     **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.     A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.     An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.     In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.     The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.     The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.     The disclosure must not be contradicted or mitigated by, or inconsistent with,

anything else in the communication.

8.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

D.     **"Corporate Defendant(s)"** means RagingBull.com, LLC f/k/a Lighthouse Media, LLC, Sherwood Ventures, LLC, Jason Bond, LLC, and each of their subsidiaries, affiliates, successors, and assigns.

E.     **"Defendant(s)"** means Corporate Defendants and Individual Defendants (as defined below), individually, collectively, or in any combination.

F.     **"Earnings Claim"** means any representation to consumers, specific or general, about income, financial gains, percentage gains, profit, net profit, gross profit, or return on investment. Earnings Claims include, but are not limited to: (a) the details of specific profitable trades, whether actual or hypothetical; (b) references to quitting one's job, not having to work, or living off of income from trading; (c) references to increased purchases or savings, including a home, vacations, or travel; (d) claims that consumers will not lose money if they use a particular trading strategy; (e) claims that profits are likely, probable, or the "mathematical" result of applying a particular trading strategy; and (f) any representation, even hypothetical, of how much money a consumer could or would earn.

G.     **"Individual Defendant(s)"** means Jeffrey M. Bishop, Jason Bond f/k/a Jason P. Kowalik, and Kyle W. Dennis, individually, collectively, or in any combination.

H.     **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or

provider as acceptance or continuing acceptance of the offer.

        I.      **"Settling Corporate Defendants"** means RagingBull.com, LLC f/k/a Lighthouse Media, LLC, Sherwood Ventures, LLC, Jason Bond, LLC, and each of their subsidiaries, affiliates, successors, and assigns.

        J.      **"Settling Defendants"** means the Settling Corporate Defendants and the Settling Individual Defendants.

        K.      **"Settling Individual Defendants"** means Jeffrey M. Bishop and Jason Bond f/k/a Jason P. Kowalik.

        L.      **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

## I.    PROHIBITION CONCERNING EARNINGS CLAIMS

        IT IS ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from making any Earnings Claims or assisting others in making any Earnings Claim, expressly or by implication, unless:

    A.  The Earnings Claim is non-misleading;

    B.  At the time the Earnings Claim is made, Settling Defendants:

          1.      have a reasonable basis for the claim;

2.      have in their possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the claim is made; and

3.      make the written substantiation available upon request to the consumer, potential purchaser, and the FTC; and

C. Any earnings of the Settling Defendants that form the basis for the Earnings Claim were achieved in compliance with the law.

## II.      PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.      The level of experience required for consumers to effectively use Settling Defendants' goods or services;

B.      The time or effort required for consumers to effectively use Settling Defendants' goods or services;

C.      The amount of capital required for consumers to effectively use Settling Defendants' goods or services;

D.      Any material aspect of the nature or terms of a refund, cancellation, or exchange policy for the good or service; or

E.      Any other fact material to consumers concerning any good or service, such as: the

6

total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.    REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURE

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.    Representing directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, or discounted basis, without disclosing Clearly and Conspicuously, and immediately adjacent to, any such representation:

1.    The extent to which the consumer must take any affirmative action to avoid any Charges:  a) for the offered good or service, b) of an increased amount after the trial or promotional period ends, and c) on a recurring basis;

2.    The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3.    The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.    Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and immediately adjacent to where a consumer provides Billing Information:

1.    The extent to which the consumer must take affirmative action to avoid

7

any Charges:  a) for the offered good or service, b) of an increased amount after the trial or

promotional period ends, and c) on a recurring basis;

      2.      The total cost (or range of costs) the consumer will be Charged, the date

the initial Charge will be submitted for payment, and, if applicable, the frequency of such

Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges;

      3.      The deadline(s) (by date or frequency) by which the consumer must

affirmatively act in order to stop all recurring Charges;

      4.      The name of the seller or provider of the good or service and, if the name

of the seller or provider will not appear on billing statements, the billing descriptor that will

appear on such statements;

      5.      A description of the good or service;

      6.      Any Charge or cost for which the consumer is responsible in connection

with the cancellation of an order, any service or the return of any good;

      7.      The simple cancellation mechanism to stop any recurring Charges, as

required by this Order.

     C.     Failing to send the consumer:

      1.      Immediately after the consumer's submission of an online order, written

confirmation of the transaction by email.  The email must Clearly and Conspicuously disclose all

the information required by Subsection B, and contain a subject line reading "Order

Confirmation" along with the name of the good or service, and no additional information; or

      2.      Within 2 days after receipt of the consumer's order by mail or telephone, a

written confirmation of the transaction, either by email or first class mail.  The email or letter

must Clearly and Conspicuously disclose all the information required by Subsection B.  The

8

subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with

the name of the good or service, and nothing else. The outside of the envelope must Clearly and

Conspicuously state "Order Confirmation" along with the name of the product or service, and

no

additional information other than the consumer's address, the Defendant's return address, and

postage.

## OBTAINING EXPRESS INFORMED CONSENT FOR A NEGATIVE OPTION

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers,

agents, employees, and attorneys, and all other persons in active concert or participation with any

of them, who receive actual notice of this Order, whether acting directly or indirectly, in

connection with promoting or offering for sale  any good or service with a Negative Option

Feature, are permanently restrained and enjoined from using, or assisting others in using, Billing

Information to obtain payment from a consumer, unless Settling Defendants first obtain the

express informed consent of the consumer to do so.  To obtain express informed consent,

Settling Defendants must:

A.      For all written offers (including over the Internet, such as through a web-based

application), obtain consent through a check box, signature, or other substantially similar

method, which the consumer must affirmatively select or sign to accept the Negative Option

Feature, and no other portion of the offer.  Settling Defendants shall disclose Clearly and

Conspicuously, and immediately adjacent to such check box, signature, or substantially similar

method of affirmative consent, only the following, with no additional information:

1.      The extent to which the consumer must take affirmative action to avoid

any Charges:  a) for the offered good or service, b) of an increased amount after the trial or

promotional period ends, and c) on a recurring basis;

9

2.      The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

3.      The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.      For all oral offers, prior to obtaining any Billing Information from the consumer:

1.      Clearly and Conspicuously disclose the information contained in Subsection B of the Section titled Required Disclosures Relating To Negative Option Feature; and

2.      Obtain affirmative unambiguous express oral confirmation that the consumer:  a) consents to being Charged for any good or service, including providing, at a minimum, the last 4 digits of the consumer's account number to be Charged, b) understands that the transaction includes a Negative Option Feature, and c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

C.      For transactions conducted through Telemarketing, Settling Defendants shall maintain for 3 years from the date of each transaction an unedited voice recording of the entire transaction, including the prescribed statements set out in Subsection B of this Section.  Each recording must be retrievable by date and by the consumer's name, telephone number, or Billing Information, and must be provided upon request to the consumer, the consumer's bank, or any law enforcement entity.

**V.      SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE**

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection

with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.     Failing to provide a simple mechanism for the consumer to: (1) avoid being Charged, or Charged an increased amount, for the good or service and (2) immediately stop any recurring Charges. Such mechanism must not be difficult, costly, confusing, or time consuming, and must be at least as simple as the mechanism the consumer used to initiate the Charge(s).

B.     For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet, such as through a web-based application, Settling Defendants must provide a mechanism, accessible on the same Internet website or through the same web-based application, that consumers can easily use to cancel the product or service and to immediately stop all further Charges.

C.     For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer and acceptance, Settling Defendants must:

1.     Maintain a telephone number that consumers can easily use to cancel the product or service and to immediately stop all further Charges. Settling Defendants must assure that all calls to this telephone number are answered during normal business hours and that consumers are not placed on hold longer than consumers who call to initiate the Charges or at the longest, 10 minutes. Settling Defendants must also assure that any voicemails from consumers are returned within no more than 1 business day;

2.     Maintain a postal address that consumers can easily use to cancel the product or service and to immediately stop all further Charges and that mail to the postal address is read and addressed regularly; and

11

3.      Provide a mechanism, accessible on the Internet, that consumers can easily use to cancel the product or service and to immediately stop all further Charges.

## VI.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Two Million Four Hundred and Twenty-five Thousand Dollars ($2,425,000) is entered in favor of the Commission against the Settling Defendants, jointly and severally, for monetary relief.

B.      Settling Defendants are ordered to pay Two Million Four Hundred and Twenty-five Thousand Dollars ($2,425,000) to the Commission, which, as Settling Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## VII.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

12

D.    Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.    All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury.  Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.   CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Settling Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.    failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days; and

B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any activity involving or related to the sale of any trading or investment training service.

Provided, however, that customer information need not be disposed of, and may be disclosed: (1) to the extent requested by a government agency or required by law, regulation, or court order; and (2) to companies that provide services to Corporate Defendants related to trading or investment training programs, to the extent that such persons have provided written consent for their identifying information to be provided to such companies. Such written consent will not be valid for purposes of this Order unless Corporate Defendants have identified to the person the name of the company that will receive the identifying information and the reason the information is being shared, prior to the person's execution of the written consent.

## IX.    NOTICE TO CUSTOMERS

IT IS FURTHER ORDERED that, within 7 days of entry of this Order, Settling Defendants shall email notice in the form shown in Attachment A to all persons who purchased Settling Defendants' services of any type at any time between December 7, 2017, and the date of the entry of this Order with the subject line "What the FTC Settlement Means for Raging Bull Customers." Within 15 days of entry of this Order, Settling Defendants shall mail the form shown in Attachment A via first-class mail, postage prepaid with address forwarding requested, to the last known mailing address of any intended email recipient whose emailed message delivery fails. No information other than that contained in Attachment A shall be included in or added to the notice required by this Section, nor shall any other materials be transmitted with the notice.

14

## X.   COOPERATION

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendants must provide truthful and complete information, evidence, and testimony.  Settling Individual Defendants must appear, and Corporate Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XI.   MONITOR TERMINATION

IT IS FURTHER ORDERED that the monitorship of Affiliated Monitors, Inc. shall terminate immediately upon entry of this Order.  Affiliated Monitors, Inc. shall serve on Raging Bull a final application for fees and expenses within 14 days after entry of this Order.

## XII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A.      Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 10 years after entry of this Order, each Settling Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Settling Corporate Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject

15

matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Settling Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which each Settling Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the

16

Commission.

2. ·   Additionally, each Settling Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which each Settling Individual Defendant performs services whether as an employee or otherwise and any entity in which each Settling Individual Defendant has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.   For 10 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Settling Corporate Defendant or any entity that a Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, each Settling Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.   Each Settling Defendant must submit to the Commission notice of the filing of

17

any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling

Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under

penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by

concluding: "I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's

full name, title (if applicable), and signature.

E.       Unless otherwise directed by a Commission representative in writing, all

submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement,

Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

Washington, DC 20580. The subject line must begin: FTC v. RagingBull.com, LLC, et al.,

X210014 (Bishop and Bond Defendants).

## XIV.  RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 10

years after entry of the Order and retain each such record for 5 years. Specifically, Settling

Corporate Defendants and each Settling Individual Defendant for any business that he,

individually or collectively with any other Defendants, is a majority owner or controls directly or

indirectly, must create and retain the following records:

A.       accounting records showing the revenues from all goods or services sold;

B.       personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

18

C.      records of all consumer complaints and refund requests, whether received directly

or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to the Commission; and

E.      a copy of each unique advertisement or other marketing material.

## XV.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants'

compliance with this Order, and any failure to transfer any assets as required by this Order

A.      Within 14 days of receipt of a written request from a representative of the

Commission, each Settling Defendant must:  submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions;

and produce documents for inspection and copying.  The Commission is also authorized to

obtain discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate

directly with each Settling Defendant.  Settling Defendants must permit representatives of the

Commission to interview any employee or other person affiliated with any Defendant who has

agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its

representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or

any individual or entity affiliated with Settling Defendants, without the necessity of

identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission any consumer reporting agency must furnish consumer reports concerning Jeffrey M. Bishop or Jason Bond, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XVI.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this _16th_ day of _March_____, 2022.


_____
George L. Russell, III
United States District Judge

**SO STIPULATED AND AGREED:**

**FOR FEDERAL TRADE COMMISSION:**

Date: __March 7, 2022_____

FEDERAL TRADE COMMISSION
J. Reilly Dolan
Acting General Counsel

*Colleen Robbins*
_____
Colleen Robbins
Sung W. Kim
Gordon E. Sommers
Laura C. Basford
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2211; skim6@ftc.gov
(202) 326-2504; gsommers@ftc.gov
(202) 326-2343; lbasford@ftc.gov
(202) 326-3395 (Facsimile)

Attorneys for Plaintiff
Federal Trade Commission

**FOR SETTLING INDIVIDUAL
DEFENDANTS:**

Date: _____

JEFFREY M. BISHOP

_____
Jeffrey M. Bishop, individually

Date: _____

JASON BOND

_____
Jason Bond, individually

21

**SO STIPULATED AND AGREED:**

**FOR FEDERAL TRADE COMMISSION**:

Date: _____

FEDERAL TRADE COMMISSION
J. Reilly Dolan
Acting General Counsel

_____

Colleen Robbins
Sung W. Kim
Gordon E. Sommers
Laura C. Basford
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-2211; skim6@ftc.gov
(202) 326-2504; gsommers@ftc.gov
(202) 326-2343; lbasford@ftc.gov
(202) 326-3395 (Facsimile)

Attorneys for Plaintiff
Federal Trade Commission

**FOR SETTLING INDIVIDUAL DEFENDANTS**:

Date: 1/3/2022

JEFFREY M. BISHOP

*Jeff Bishop*

Jeffrey M. Bishop, individually

Date: 1/3/2022

JASON BOND

*Jason Bond*

Jason Bond, individually

DocuSign Envelope ID: 9E7C954C-945A-4945-B3B7-4C3FFD2582D5

**FOR SETTLING CORPORATE
DEFENDANTS:**


Date:  _Jan, 2, 2022___ _____          ____/s/David G. Barger_____

David G. Barger (DCB# 469095) Greenberg
Traurig LLP
1750 Tysons Blvd.
Suite 1200
McLean, VA 22102
Tel: (703) 749-1300
Email: bargerd@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Greenberg Traurig LLP
Suite 1000
Washington DC 20037
Tel: (202) 331- 3100
Email: berga@gtlaw.com

Miriam G. Bahcall
Brett M. Doran
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Tel: (312) 476-5135
Email: bahcallm@gtlaw.com
Email: doranb@gtlaw.com


Attorneys for RagingBull.com, LLC, Jeffrey
M. Bishop, Jason Bond, Sherwood Ventures,
LLC, Jason Bond, LLC


Date:  1/3/2022

_____ Jeffrey
M. Bishop
CEO/Owner of RagingBull.com, LLC and
Sherwood Ventures, LLC

_____ Jason
Bond
Owner/Officer of RagingBull.com, LLC and
Jason Bond LLC

## ATTACHMENT A

Subject: Raging Bull Settlement of FTC Deception Case

Dear <Customer>:

Because our records show you've been a customer, we're writing to tell you that the Federal Trade Commission (FTC), the nation's consumer protection agency, has sued and reached a settlement with Raging Bull. The FTC says our claims were deceptive because we didn't have evidence that people were likely to earn what we said they could.

To settle the case, Raging Bull and its co-founders Jeff Bishop and Jason Bond have agreed to a court order that changes how we'll do business:

- **We will not make claims about earnings without written proof.** If we make claims about how much people can earn or say things like "double your money," we must have written proof that a typical customer would get that kind of result. It also means we can't use testimonials or example trades that would lead you to believe those experiences are typical unless we have written proof that they are.

- **We will also not make other claims about the typical experience using our services without written proof.** That includes what you'd need to use our services successfully, including the amount of time, starting money, or experience.

- **We will offer an easy way for people to cancel online subscriptions.** If you pay for a subscription online, you'll have a clear and simple way to cancel your subscription and prevent recurring charges.

**What you should know about investment-related offers**

Before you purchase any investment-related service or any offer that includes claims about

earnings, the FTC encourages you to

- Take your time.
- Avoid high-pressure sales pitches that require you to act now or risk losing out.
- Be skeptical about success stories and testimonials.
- Do your research. Search online for the company's name plus words like "review," "scam," or "complaint."

Sincerely,

[signature for Raging Bull, Jason Bond, and Jeff Bishop]


[RagingBull.com, LLC, Jeffrey M. Bishop, Jason Bond]

23