UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 15, 2022

MEMORANDUM TO COUNSEL RE:    Federal Trade Commission v.
RagingBull.com, LLC et al
Civil Action No. GLR-20-3538

Dear Counsel:

Pending before the Court is non-party Stripe Inc.'s ("Stripe") Motion to Intervene for the Limited Purpose of Clarification of the Court's March 26, 2021 Order and for Such Clarification. (ECF No. 280).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021).

In its Motion, Stripe argues that the Court should allow it to intervene as of right or intervene permissively and asks the Court to "clarify" its March 26, 2021 Order. (Mem. Law Supp. Mot. Intervene ["Mot."] at 1, ECF No. 280-1). Specifically, Stripe "asks that the Court clarify that funds Stripe transferred to the Temporary Receiver under the Court's temporary restraining order should now be returned to Stripe" under the Court's Order. (Id.).

The Court will deny the Motion as untimely. "Both intervention of right and permissive intervention require 'timely application.'" Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989); see Scott v. Bond, 734 F.App'x 188, 191 (4th Cir. 2018). Intervention as of right requires the filing of a timely motion in which the non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a); Scott, 734 F.App'x at 191. Permissive intervention requires a party to show:

> (1) that its motion is 'timely'; (2) that its 'claim or defense and the main action have a question of law or fact in common,' as required by Rule 24(b); (3) that there exists an independent ground of subject matter jurisdiction; and, (4) that 'intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties,' as directed in the rule."

---

[1] On January 3, 2022, the Federal Trade Commission filed a Response indicating that it does not oppose the Motion. (ECF No. 281). That same day, Defendants RagingBull.com, LLC, Jeffrey M. Bishop, and Jason Bond ("Raging Bull Defendants") filed an Opposition. (ECF No. 282). On January 19, 2022, Stripe filed its Reply. (ECF No. 285).

Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co., 223 F.R.D. 386, 387 (D.Md. 2004) (citations omitted).

"Timeliness is a central consideration when deciding a motion to intervene, and a movant's failure to seek intervention in a timely manner is sufficient to justify denial of such motion." Scott, 734 F.App'x at 191. District courts have "wide" discretion in deciding the timeliness of a motion to intervene. See id.; Alt v. U.S. E.P.A., 758 F.3d 588 (4th Cir. 2014). A prospective intervenor "should move to intervene as soon as it becomes clear that his interests 'would no longer be protected by the named class representatives.'" Scott, 734 F.App'x at 191 (quoting Hill v. W. Elec. Co., 672 F.2d 381, 386 (4th Cir. 1982)). "When assessing the timeliness of a motion to intervene, we consider (1) how far the case has progressed, (2) the prejudice to other parties caused by any tardiness in filing the motion, and (3) the reason for any tardiness." Id.

Here, the Court filed its Order dissolving the receivership on March 26, 2021 and Stripe did not file its Motion until December 20, 2021, nearly nine months later. (See ECF Nos. 214, 280). At the time of filing, the case was at an advanced stage. Indeed, earlier today the Court approved a Stipulated Order resolving claims between nearly all parties after several months of settlement negotiations. (See ECF No. 303). As to the second factor, Stripe's intervention would cause delay. Raging Bull Defendants have been dismissed from the case, but, were the Court to grant Stripe's Motion, would need to remain before this Court pending a decision on the relief Stripe seeks. Finally, Stripe has failed to adequately explain its nine-month delay in filing its Motion. Stripe suggests generally that it "has attempted to negotiate with Raging Bull over to whom the Receiver should return [the] funds." (Mot. at 3). But Stripe does not explain when those negotiations failed or why it did not seek intervention earlier, leaving the Court with insufficient justification for its rather tardy filing. As a result, the Court will DENY Stripe's Motion as untimely.[2]

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

/s/
George L. Russell, III
United States District Judge

---

[2] The Court notes that the Temporary Receiver indicated in its April 10, 2021 Status Report that it "agrees that all Assets must be returned to their owners" and that "[t]he parties agree that the present disputes regarding the ownership of certain Assets require the Temporary Receiver to maintain the funds in escrow until the disputes are resolved." (Status Report at 7, ECF No. 221). To the extent Stripe and Raging Bull dispute who is the proper owner of these funds under their contract, the Court encourages them to resolve that dispute before an appropriate tribunal. This Court, as Stripe and Raging Bull agree, does not have jurisdiction to weigh in on that matter. (See Mot. at 6 n.4 ("To the extent Raging Bull believes it is entitled to these funds under its contract with Stripe, that is a separate issue, and one over which this Court lacks jurisdiction."); Defs.' Resp. Stripe Inc.'s Mot Intervene ["Opp'n"] at 6, ECF No. 382 ("Indeed, the interest in the Funds . . . is a question under the parties' contract.")). Thus, Stripe has an avenue for redress—it is just not in this Court.